**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EPAM SYSTEMS, INC., Plaintiff, v. GOWTHAM RAO, Defendant. | ) | Civil Action No. __________ |

**ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINTS**

**THIS MATTER** having been opened to the Court by Seyfarth Shaw, LLP, attorneys for plaintiff EPAM Systems, Inc. ("EPAM" or "Plaintiff"); and upon notice of this motion for a temporary restraining order, preliminary injunction, and expedited discovery (the "Motion") being given to defendant Gowtham Rao ("Rao" or "Defendant"); and it appearing to the Court from the facts alleged in the Complaint, the supporting Declarations of Greg Klebanov, Miroslav Sklansky, Lucy McDermott, June Dinitz, and Larry McKlaine, and the accompanying Memorandum of Law, that immediate and irreparable harm will be caused to EPAM before a hearing may be held on this Motion; and for other good cause appearing for the entry of this Order,

**IT IS ON THIS ________ day of _______________________, 2025,**

**ORDERED**, that Defendant show cause before this Court on the _______ day of _______________________, 2025 at the United States District Court for the Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, Pennsylvania

19106, Room _____, or by telephonic or video conference, at _____ a.m./p.m., or as soon thereafter as counsel may be heard why an Order should not be issued against Defendant pursuant to Rule 65 of the Federal Rules of Civil Procedure:

A. Directing Rao, and all persons and/or entities acting on his behalf, for his benefit, or in active concert or participation with him, to return all originals and copies of all documents, data, files and/or devices that contain or relate to EPAM's confidential information and intellectual property or the property of EPAM's clients that have been entrusted to EPAM, including, but not limited to, all documents containing information regarding EPAM's clients, client account information, client contact information, RFP information, bid proposals, pricing information, client-facing project information, including designs and data models, client contract documents, business pipelines, P&L and related financial information, and software source code (collectively "EPAM Confidential Information and IP")

B. Preliminarily enjoining Rao, and all persons and/or entities acting on his behalf, for his benefit, or in active concert or participation with him, from directly or indirectly accessing, disclosing, reproducing, transmitting or using any confidential, proprietary, or trade secret information of any kind, nature or description belonging to EPAM, including EPAM Confidential Information and IP;

C. Preliminarily enjoining Rao, and all persons and/or entities acting on his behalf, for his benefit, or in active concert or participation with him, from directly or indirectly accessing disclosing, reproducing, transmitting or using any intellectual property of any kind belonging to EPAM or any EPAM client, including software code;

D. Preliminarily enjoining Rao from directly or indirectly soliciting, contacting, or attempting to solicit or contact, or meet with any EPAM client, former, or prospective client, for purposes of offering services similar to or competitive with those offered by EPAM;

E. Preliminarily enjoining Rao from becoming (whether directly or indirectly) an employee, contractor or fiduciary, of any EPAM client who Rao was actively engaged with in the last 6 months prior to the termination of his employment, to perform work of a similar nature as compared to work he performed for the client in the last 6 months of his EPAM employment;

F. Preliminarily enjoining Rao from engaging in activity in which he contributes directly or indirectly in a senior management role as an employee, employer, owner, contractor, fiduciary, or in any other capacity, to a direct competitor of EPAM for purposes of performing similar duties as compared to his EPAM position during the last 12 months preceding his termination, in any country in

which he had any contact with clients or potential clients of EPAM or performed any services for EPAM within the last 12 months preceding his termination; and

G. Preliminarily enjoining Rao from breaching his contractual obligations to EPAM, including the non-disclosure obligations contained therein;

And based upon the present record before the Court until the Court can hear opposition to the Motion, the Court makes the following findings:

1. Rao was formerly employed by EPAM until he was terminated for cause on October 15, 2025. (Klebanov Decl. ¶ 27).

2. In consideration for his employment with EPAM, Rao executed an Employee Covenants Agreement on November 12, 2024 (the "Agreement"), which contains express provisions governing the use and non-disclosure of EPAM confidential information, restrictions prohibiting the soliciting of EPAM's clients and employees, a provision not to compete against EPAM in the event of a voluntary termination, and an intellectual property assignment clause requiring that all work product created during the course of employment be assigned to EPAM as its sole and exclusive property. (Dinitz Decl., Ex. A).

3. During his employment with EPAM, Rao was also subject to certain employment policies containing provisions regarding the use and treatment of EPAM's computer systems, the protection of and non-disclosure of EPAM confidential information, and the return of EPAM confidential information upon cessation of employment. (Dinitz Decl., Ex. B).

4. Plaintiff engages in various measures to protect its confidential information, including storing information on password protected servers or other secure digital storage environments, accessible only by employees on a need-to-know basis. (Slansky Decl. ¶ 6; Klebanov Decl. ¶ 26)

5. Between September 11, 2025 through October 14, 2025, Rao surreptitiously downloaded without authorization from EPAM's networks over 44,000 files, which Plaintiff alleges is comprised of EPAM Confidential Information and IP. (Slansky Decl. ¶ 9.)

6. On or about October 13, 2025, Rao attempted to delete files in over 60 EPAM client and project folders from EPAM's SharePoint network. (Slansky Decl. ¶ 13.)

7. On or about October 14, 2025, Rao attempted to assert ownership over certain of EPAM's software code by embedding the term "Copyright 2025 Gowtham Rao." (McDermott Decl. ¶ 13.)

8. After Rao's termination, on or about October 16, 2025, Rao announced himself to be a competitor of EPAM in connection with an attempt to conduct business on behalf of himself with an established EPAM client. (McDermott Decl. ¶ 16).

9. Based on the present record before the Court, EPAM has demonstrated that it is likely to succeed on the merits of its claims that Rao misappropriated EPAM Confidential Information and IP, breached the confidentiality obligations and client non-solicitation covenant in the Agreement, breached his fiduciary duties to EPAM, breached the covenant of good faith and fair dealing, and is liable for conversion and replevin.

10. Based on the present record before the Court, EPAM has demonstrated that it will suffer irreparable harm if an injunction does not issue, and that it has no adequate remedy at law. Plaintiff is threatened with the loss of its confidential information and trade secrets. The disclosure of trade secrets constitutes irreparable injury as a matter of law. *Oakwood Laboratories, LLC v. Thanoo*, 999 F.3d 892, 914 n.20 (3d Cir.

2020). The misuse of such information will cause injury to Plaintiff's competitive advantage, client relationships, reputation, and goodwill in amounts which may be impossible to determine unless Plaintiff is enjoined and restrained by order of this Court. It is in the public's interest to protect trade secrets from misappropriation and misuse. *Bimbo Bakeries, USA, Inc. v. Boticella*, 613 F.3d 102, 119 (3d Cir. 2010).

**ACCORDINGLY, SUFFICIENT CAUSE BEING ALLEGED**,

**IT IS FURTHER ORDERED** that pending the hearing and determination of the Court on the within Order to Show Cause, and until further order of the Court, Defendant, and all parties and/or entities acting on his behalf, for his benefit, or in active concert or participation with him, be and hereby are **TEMPORARILY ENJOINED AND RESTRAINED** from the conduct set forth in paragraphs B through G, above, and

**IT IS FURTHER ORDERED** that Defendant, and all parties and/or entities acting on his behalf, for his benefit, or in active concert or participation with him (including any agents, representatives, associates and/or employees) shall preserve, and not destroy, damage or alter in any way, all potentially relevant evidence in this action, including, but not limited to, any of EPAM's property, information or data of any kind, and any communications relating thereto, residing in any storage accounts and on any computer or electronic device, including, but not limited to, email accounts, cloud accounts, sharefile accounts, computers, servers, hard disk drives, removable storage devices (e.g., USB drives), CDs, iPads, tablets, smart phones, and/or all other similar electronic storage devices or accounts belonging to, under control of, accessible to, or operated by Defendant. Defendant shall preserve, and not destroy, damage, or alter in any way, all e-mails, text messages, chats and communications in any and all of his email accounts, associated telephone numbers, messaging accounts, and social media accounts, including, for

example, Facebook, LinkedIn, WhatsApp, and Signal, which refer to, relate to and/or contain EPAM's information of any kind; and

**IT IS FURTHER ORDERED** that EPAM's Motion for Expedited Discovery is granted. Accordingly, expedited discovery shall commence immediately as follows:

A. Defendant shall preserve and produce for inspection, within ___ calendar days, any and all documents and electronic communications, devices and accounts as described above that may contain, may have contained, or were used to transmit EPAM's information of any kind, including but not limited to, any home and/or work computers, e-mail accounts, hard drives, flash drives, smart phones, iPads, cloud accounts, sharefile accounts, messaging apps, and other external storage devices. EPAM shall be permitted to image and analyze said media devices and accounts to recover its confidential, proprietary or trade secret information, including any software source code;

B. EPAM may, immediately after service of this Order upon Defendant, notice the deposition of Defendant, including inspecting requested documents at the deposition, upon ____ court days' written notice;

C. EPAM may, immediately after service of this Order upon Defendant, notice the deposition of any non-party pursuant to Fed. R. Civ. P. 45, upon ____ court days' written notice;

D. EPAM may, immediately after service of this Order upon Defendant, propound written discovery upon Defendant requiring verified written responses and the production of documents and things within ____ court days after service of said request(s);

E. Defendant shall provide access for inspection, within ___ calendar days, to all e-mail accounts and cloud accounts to which he has access, and all text messages and messaging apps (e.g., WhatsApp) on any smart phone device; and

**IT IS FURTHER ORDERED** that service of this Order and EPAM's Complaint, accompanying Declarations, memorandum of law, and all other supporting papers, shall be effected by email and/or Federal Express to Defendant's counsel, Andrew T. Avorn, Esq., Avorn LLC, 850 Fulton Street, Floor 2, Brooklyn, New York, 11238, email: andrew@avornlaw.com, which shall constitute valid service of process upon Defendant;

**IT IS FURTHER ORDERED** that Defendant shall serve and file any papers in opposition to EPAM's motion for a preliminary injunction, so as to be received by EPAM's counsel by email on or before ___________________________, 2025, attention Jacob Oslick, email joslick@seyfarth.com and James S. Yu, jyu@seyfarth.com; and

**IT IS FURTHER ORDERED** that EPAM shall serve and file its reply papers in further support of its motion for a preliminary injunction, so as to be received by Defendant's counsel on or before ______________________________, 2025.

IT IS SO ORDERED:

DATED this _______ day of ________________, 2025.

By: __________________________________________
UNITED STATES DISTRICT COURT JUDGE