UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EPAM SYSTEMS, INC.,<br>Plaintiff,<br>v.<br>GOWTHAM RAO,<br>Defendant. | Civil Action No. __________<br><br>**FED. R. CIV. P. 65 CERTIFICATION REGARDING NOTICE OF ORDER TO SHOW CAUSE APPLICATION** |

James S. Yu, pursuant to Rule 65(a)(1) of the Federal Rules of Civil Procedure, hereby certify as follows:

1. I am an attorney with the law firm of Seyfarth Shaw LLP, counsel for Plaintiff EPAM Systems, Inc. ("EPAM" or "Plaintiff"). I submit this Certification pursuant to Rule 65 of the Federal Rules of Civil Procedure in support of Plaintiff's motion by order to show cause for a temporary restraining order, preliminary injunction, and expedited discovery against defendant Gowtham Rao, ("Rao" or "Defendant"). As set forth below, Defendant is on notice of this motion.

2. As set forth in the motion, the reason Plaintiff is requesting emergency relief is because Plaintiff just discovered that Defendant, a recently terminated employee of EPAM, has downloaded and/or transmitted to one more personal devices and without EPAM's consent or authorization, EPAM's proprietary software code to several software tools, along with thousands of EPAM documents and data files containing highly confidential and trade-secret information relating to EPAM's business from its networks (collectively, "EPAM Confidential Information and IP"). EPAM has also obtained evidence that Defendant is now competing with EPAM and

soliciting its customers while in possession of the misappropriated EPAM Confidential Information and IP.

3. By letter dated October 31, 2025, a copy of which is attached hereto as Exhibit A, I advised Defendant that his transmission, retention, and destruction of Company confidential information violated his obligations to EPAM, including the obligations contained in his Employment Covenants Agreement, and demanded that he, among other things, cease and desist from accessing, using, copying, transmitting, or disclosing any EPAM Confidential Information and IP.

4. The October 31, 2025 letter further provided notice to Defendant of EPAM's intent to commence a lawsuit against him on November 3, 2025 in this Court and contemporaneously move for injunctive relief, seeking, among other relief, a temporary restraining order enjoining Defendant from, accessing, using, copying, transmitting or disclosing EPAM Confidential Information and IP, violating Defendant's non-disclosure and non-solicitation obligations, and directing the production of all electronic devices and data storage accounts for imaging and inspection.

5. On November 2, 2025 at 10:49 AM, Defendant's counsel, Andrew T. Avorn, responded to the letter via email, advising of his representation of Defendant and requesting an opportunity to discuss EPAM's claim prior to EPAM's commencement of legal proceedings.

6. On Monday, November 3, 2025, at 10:00 AM, I held a virtual meeting with Mr. Avorn to discuss proposed terms for resolution. Counsel thereafter continued to correspond by email. At approximately 6:12 PM, I advised Mr. Avorn that unless the parties could make substantial progress on a resolution by 11:00 AM the following day, November 4, 2025, EPAM has authorized me to commence legal proceedings and file the instant motion.

7. Having been unable to make satisfactory progress on a resolution, today, at approximately 12:53 PM, I sent an email to Mr. Avorn indicating that we would shortly be filing a Complaint, Order to Show Cause for a temporary restraining order, preliminary injunction, and expedited discovery, and supporting motion papers, and that I would send copies of same upon completion of filing.

8. EPAM respectfully requests a hearing on the TRO application at the earliest opportunity. To the extent an in-person hearing is required, please note that I will be traveling for business and therefore unavailable to appear in person on November 6 or November 7. I can, however, make myself available by video-conference during the late afternoon of November 6 and throughout the day on November 7.

9. No prior application has been made for the relief sought in Plaintiffs' proposed order to show cause.

I certify that the foregoing is true and correct

Dated: November 4, 2025

*/s/ James Yu*
James S. Yu (*pro hac vice* pending)
**SEYFARTH SHAW LLP**
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500
jyu@seyfarth.com

*Attorneys for Plaintiff*
EPAM Systems, Inc.