**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EPAM SYSTEMS, INC.,<br>Plaintiff,<br>v.<br>GOWTHAM RAO,<br>Defendant. | Civil Action No. 2:25-cv-06260 |

**STIPULATED CONSENT ORDER RESOLVING PRELIMINARY INJUNCTION**

**WHEREAS,** on November 4, 2025, Plaintiff EPAM Systems, Inc. ("Plaintiff" or "EPAM") filed a motion by Order to Show Cause for a temporary restraining order, preliminary injunction, and expedited discovery (the "Motion") against defendant Gowtham Rao ("Rao" or Defendant");

**WHEREAS**, the Court heard argument on the Motion on November 5, 2025 at 3:00 PM , denied EPAM's Motion for a TRO and expedited discovery without prejudice, and, based upon the argument and parties' representations made to the Court, directed the parties to meet and confer regarding a proposed stipulated order on consent to resolve the Motion;

**WHEREAS**, the parties agree that, because Defendant's employment was involuntarily terminated, Section 5(c) of the Employee Covenants Agreement, executed by Rao on November 12, 2024 (attached hereto as Exhibit A) (the "Agreement") regarding Noncompetition is not at issue in the Motion; however, the parties agree that the provisions of Sections 5(a) and (b) are still in effect and Defendant has represented to the Court that he will abide by them;

**WHEREAS**, to further avoid the time, expense, and uncertainty of a hearing on the preliminary injunction, and without waiver of any Party's position as to the matters set forth in the

Complaint and the Motion (all of which are expressly reserved), or any admission of liability by Defendant, the parties have conferred and agreed to submit this Stipulation and proposed Consent Order;

**THEREFORE**, it is **STIPULATED** by the Consenting Parties and **ORDERED** by the Court as follows:

A. The hearing scheduled for December 15, 2025 at 2 pm is hereby cancelled as MOOT;

B. Rao, and all persons and/or entities in active concert or participation with him, is directed to cooperate in the destruction (through engagement of iDiscovery Solutions, Inc., as set forth in further detail below) of any and all originals and copies of data files, software code, and other EPAM confidential information identified in paragraph 1 of the Complaint as transferred from EPAM's computer systems on or after September 1, 2025 ("EPAM Data Files"), as well as any EPAM Confidential Information and/or Work, as defined in the Agreement, that derive from the Data Files, if any, currently in the possession, custody, or control of Rao and all persons and/or entities in active concert or participation with him (collectively "EPAM Protected Material"); and

B. Rao voluntarily reaffirms that he will comply with and thus is preliminarily enjoined and restrained until further Order of the Court from directly or indirectly violating Sections 1, 2, 5(a), 5(b) and 6 of Agreement.

**IT IS FURTHER AGREED TO AND ORDERED** as follows:

1. Defendant, and all persons and/or entities in active concert or participation with him, shall preserve, and not destroy, damage, or alter in any way, all e-mails, text messages, software code, chats and communications in any and all of his email accounts, associated telephone numbers, messaging accounts, and social media accounts, including, for example, Facebook, LinkedIn, WhatsApp, and Signal, and any cloud accounts, including but not limited to GitHub and GitLab, in the possession, custody, or control of Defendant and all persons and/or entities in active concert or participation with him ("ESI Accounts") until further Order of the Court, unless otherwise agreed to by the parties, or until such time as this case is resolved and closed.

2. Defendant, and all persons and/or entities in active concert or participation with him, shall also preserve, and not destroy, or damage in any way, all information contained on any and all electronic devices, including computers, hard drives, flash drives, smart phones, tablets and iPads, or any device capable of storing electronic data (collectively "ESI Devices"), in the possession, custody or control of Defendant and all persons and/or entities in active concert or participation with him. Defendant furthermore shall preserve and not intentionally, recklessly, or negligently destroy, damage, or alter in any way, any EPAM Protected Material, EPAM Confidential Information and/or Work that might be contained on the ESI Devices, until further Order of the Court, unless otherwise agreed to by the parties, or until such time as this case is resolved and closed..

3. The parties have agreed to engage the services of iDiscovery Solutions, Inc. (the "Forensic Neutral") as well as upon a forensic protocol to be followed by the parties and the Forensic Neutral ("Forensic Protocol") and are working on agreed-upon lists of search terms, file names, and hash values to be used by the Forensic Neutral under the Forensic Protocol. The parties agree that the Protocol, including its Exhibits, contains confidential information of both parties and that, should it become necessary to file it with the Court, the filing party will submit a consented to motion requesting leave from the Court to file under seal. In accordance with the Forensic Protocol, the Forensic Neutral shall be permitted to inspect and analyze the ESI Devices and the ESI Accounts in Defendant's possession, custody or control in order to recover and remediate any and all EPAM Protected Material. The parties agree that no material that is protected by the attorney-client, work product, or other form of privilege shall lose such privilege or protection by virtue of being provided to or accessed by the Forensic Neutral, who shall be required to maintain the strict confidentiality of any such material received or accessed. The parties have

further agreed that, for the purposes of this preliminary relief, the search and remediation time period shall be September 1, 2025 to the present. Nothing in this Order shall prevent EPAM from seeking further forensic examination in the ordinary course of discovery. Leave of court must be obtained prior to seeking any expedited discovery. Further, unless otherwise ordered or agreed to by the parties, Rao is required to preserve the ESI Devices and ESI Accounts throughout the duration of this litigation.

4. The costs of such forensic examination shall be borne by EPAM.

5. Nothing in this Stipulated Consent Order is intended to void or modify Rao's obligation to "immediately return any and all Confidential Information and other EPAM Group equipment or information in [Rao's] possession," as set forth in Section 1(d) of the Agreement.

6. Within two (2) business days of entry of this Order, Defendant shall submit a sworn Declaration in the form set forth in Exhibit A.

7. The Parties' agreement to the terms of this Stipulation shall not be construed as an admission or waiver of their respective rights and positions, all of which are expressly reserved.

SEYFARTH SHAW LLP

By: *_/s/ James S. Yu_*
Jacob Oslick
josolick@seyfarth.com
James S. Yu (pro hac vice pending)
jyu@seyfarth.com
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500

Attorneys for Plaintiff EPAM Systems, Inc.

Dated: December 9, 2025

ND GALLI LAW LLC

By: /s Nicole D. Galli
Nicole D. Galli
ndgalli@ndgallilaw.com
Andrew J. Costa
ajcosta@ndgallilaw.com
1650 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 525-9580

Attorneys for Defendant Gowtham Rao

Dated: December 9, 2025

IT IS SO ORDERED:

DATED this 10th day of December, 2025.

By: S/WENDY BEETLESTONE
WENDY BEETLESTONE C.J.

# **EXHIBIT A**

**CERTIFICATION OF GOWTHAM RAO**

I, Gowtham Rao, hereby certify under the pains and penalties of perjury, as follows:

1. To the best of my knowledge, information, and belief, I have not accessed or used (other than in furtherance of my employment with EPAM or in connection with seeking legal advice) any EPAM Protected Material, EPAM Confidential Information, and/or Work, or copied, or otherwise transmitted any EPAM Protected Material, EPAM Confidential Information, and/or Work, as those terms are defined in the Stipulated Consent Order Resolving Preliminary Injunction ("Order") to any other individual or entity or device or account, other than those that will be produced for imaging and inspection in accordance with the Order and the Stipulated Forensic Inspection Protocol Agreement, dated December __, 2025.

____________________________________
Gowtham Rao

Dated: