Seyfarth

**Seyfarth Shaw LLP**
620 Eighth Avenue
New York, New York 10018
**T** (212) 218-5500
**F** (212) 218-5526

jyu@seyfarth.com
T (212) 218-5524

www.seyfarth.com

May 6, 2026

**VIA ECF**

The Honorable Wendy Beetlestone, U.S.D.J.
United States District Court for the Eastern District of Pennsylvania
601 Market Street
Philadelphia, Pennsylvania 19106-1797

**Re: EPAM Systems, Inc. v. Rao, Case No. 2:25-cv-06260-WB**

Dear Judge Beetlestone:

We write on behalf of Plaintiff EPAM Systems, Inc. ("EPAM") to respectfully seek the Court's intervention relating to the spoliation of evidence on Defendant's computer that was revealed during forensic discovery. While the matter is not strictly a discovery dispute, we are, in the abundance of caution, submitting this letter pursuant to Your Honor's individual Policies and Procedures relating to discovery disputes. (*See* Civil Cases § III(c)(2).) Specifically, Defendant Gowtham Rao ("Rao") has knowingly destroyed critical evidence in this matter, causing undue prejudice to EPAM, and related to that spoliation, made materially false or misleading factual assertions in his pleadings. Accordingly, we request leave to file a formal motion seeking sanctions and other related relief pursuant to Federal Rule of Civil Procedure 37(e) and the Court's inherent authority. *See* Fed. R. Civ. P. 37(e); *Malone v. Weiss*, 2018 WL 3656482, at *3–4 (E.D. Pa. 2018) (Beetlestone, J.); *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 78–79 (3d Cir. 1994).[1]

As set forth below, Rao's spoliation is particularly egregious because it occurred just days after Your Honor expressly instructed him of his obligations to not spoliate evidence during the November 5, 2025 hearing on EPAM's application for a Temporary Restraining Order. In addition, Rao is now relying on the absence of evidence, that would have been obtainable had the spoliation not occurred, as a basis to allege that EPAM commenced this litigation in bad faith.

## I. Background and Neutral Forensic Findings

This action centers on Rao's unauthorized download and, retention of EPAM's confidential information and intellectual property, including the source code to software programs that EPAM

[1] EPAM met and conferred with Rao in good faith with respect to the relief it seeks, including through a videoconference with him on April 30, 2026. Those efforts did not resolve this dispute.

sells to customers (collectively "EPAM Information"). EPAM's logs revealed that Rao downloaded EPAM Information in electronic format to a personal computer device, during the days leading up to his termination for cause. As set forth in EPAM's pleadings, such actions were undertaken without EPAM's authorization, against EPAM policy, and with no legitimate purpose related to Rao's EPAM employment.

After commencing this action, EPAM negotiated a forensic protocol with Rao's then counsel, pursuant to which the parties engaged a neutral forensic examiner, iDiscovery Solutions ("iDS"), to assist with the forensic identification and remediation of EPAM Information housed on Rao's personal sources. Following its examination of Rao's primary desktop computer (identified by iDS as A0001), on January 12, 2026, iDS issued an expanded report entitled "EPAMR-06448 – Operating System Analysis," addressing, among other things, whether there was evidence of the use of software designed to delete information or render it unrecoverable.

In its correspondence and that report, iDS concluded that a system "reset" or "refresh" occurred on November 14, 2025, which materially impacted the availability and recoverability of critical forensic artifacts including:[2]

- No record of external USB activity before November 14, 2025;
- No record of the Windows Event logs prior to November 14, 2025;
- No record of LNK files created in the relevant user profile that would show file activity by the user before November 15, 2025;
- Severely limited file and folder activity data prior to the reset; and
- Severely limited browser-activity artifacts prior to the reset.

The timing of Rao's actions are significant. It occurred 14 days after Rao was sent a notice of EPAM's intent to file the underlying case and to preserve evidence, 10 days after Rao was sent a copy of the underlying Complaint, and 9 days after the TRO hearing, during which the Court expressly instructed Rao regarding his obligation to preserve evidence, and after EPAM had made clear to Rao that forensic remediation was critical to the relief sought by EPAM in this case.

Because Rao willfully disobeyed his preservation obligations, essential evidence has now been irreparably and irreversibly destroyed. By way of example, it is now *impossible* to tell if, before the reset, Rao connected another device (such as a flash drive) to his personal computer in order to transfer EPAM Information to, or whether Rao accessed or transferred information to unknown cloud storage accounts. Likewise, it is now *impossible* to tell if Rao, after transferring EPAM files to a different device or account, then covered his tracks by deleting those files from his computer.

---

[2] According to Microsoft support, a "refresh" is a system reset option that allows the user to keep personal files intact while removing all applications and settings on the device. *See* Microsoft Support, Reset Options https://support.microsoft.com/en-us/windows/reset-your-pc-0ef73740-b927-549b-b7c9-e6f2b48d275e.

Rao's potential continued retention of EPAM Information is particularly critical given that Rao is publicly engaging in direct competition with EPAM through a company he purportedly founded immediately after his separation from EPAM. *See* https://www.coreason.ai. Indeed, as Rao displayed in Exhibit I to his Answer, Affirmative Defenses, and Counterclaims (the "Answer") to Plaintiff's Complaint, Rao represents that he was pitching work to an EPAM client under his new competitive company, using his new company email, purportedly all set up within three days after he left EPAM. *See* ECF No. 33-9.

## II. Rao's Misrepresentations In His Pleadings

Rao's destruction of evidence is bad enough. But his wrongdoing does not end there. Rao has since filed the Answer relying on assertions mischaracterizing the forensic record as "exculpatory" and accusing *EPAM* of litigating in "bad faith" by continuing to press this matter, despite the supposedly "exculpatory" forensics. (*See* Answer at ¶¶ 254-257, 386, 388-389, 415.) In other words, after purposefully resetting his computer in a manner that would destroy material evidence of his theft and misuse, Rao cites the absence of the very evidence caused by the reset as purported proof of his innocence and EPAM's supposed bad faith. Perhaps even worse, Rao *misrepresented to the Court* that the "evidentiary baseline is completely preserved" (*id.* ¶ 231), and that the "independent" forensic analysis not only "yielded no evidence" of his wrongdoing but provided "definitive forensic clearance" of his conduct, and/or was "exculpatory." (*id.* ¶¶ 386, 389, 453, 454; *see also* ¶ 255.) None of these assertions are supported by the findings of iDS, whose report clearly stated that critical information regarding events occurring before November 14, 2025 could not be obtained because of the reset.

## III. Request for Relief

Rao's combination of intentional spoliation and pleading-stage reliance on the absence of evidence destroyed by the reset raises serious concerns regarding the integrity of Rao's factual representations to the Court, and warrants severe sanctions up to the striking of his Answer, the dismissal of his Counterclaims, and an award of EPAM's attorneys' fees and costs. *See, e.g. Malone*, 2018 WL 365482, at *8 ("The only available remedy proportional to the deleterious conduct involved in this matter is outright dismissal of Plaintiff's claims.") Accordingly, EPAM respectfully requests leave to file a formal motion seeking sanctions and appropriate remedial relief addressing Rao's spoliation of evidence and misleading factual averments in his pleadings.

EPAM expressly reserves the right to seek appropriate relief should additional evidence be lost or additional non-compliance with preservation obligations be identified.

Thank you for Your Honor's courtesies and consideration.

Respectfully submitted,

*/s/ James S. Yu*

James S. Yu

cc: Gowtham Rao, *pro se* (via email and Federal Express)