**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

EPAM SYSTEMS, INC.,

Plaintiff,

- against -

GOWTHAM RAO,

Defendant.

Civil Action No. 2:25-cv-06260-WB

**PLAINTIFF/COUNTERCLAIM-DEFENDANT**
**EPAM SYSTEMS, INC.'S MOTION TO DISMISS**

Plaintiff/Counterclaim-Defendant EPAM Systems, Inc. ("EPAM"), by its attorneys, submits this Motion, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), seeking to dismiss with prejudice the Counterclaims filed by Defendant/Counterclaim-Plaintiff Gowtham Rao ("Rao"), *pro se*, and Local Civil Rule 7.1.[1] Together with this Motion, EPAM refers the Court to its accompanying Memorandum of Law, the Declaration of James Yu with Exhibits, and a Proposed Order.

In sum, the central grounds for this Motion, which are set forth in more detail and with legal support in the accompanying Memorandum of Law, are as follows:

1. Count I (CEPA): Rao fails to plead a plausible claim of whistleblowing retaliation under the New Jersey Conscientious Employee Protection Act ("CEPA"). If anything, the factual allegations he does plead reflect that EPAM made the alleged adverse employment decisions for lawful, non-retaliatory reasons (*e.g.*, cost-cutting). Further, as to one of Rao's whistleblowing

[1] The motion is primarily filed under Fed. R. Civ. P. 12(b)(6). However, among other grounds, EPAM seeks to dismiss Rao's tortious interference claim due to lack of standing. Because the issue of standing goes to the Court's subject matter jurisdiction, that limited portion of EPAM's motion is asserted under Fed. R. Civ. P. 12(b)(1).

theories, his alleged conduct occurred *after* he alleges he was notified of his impending termination. Also, Rao fails to allege facts to support his alleged "reasonable belief" that EPAM "violated a law, rule, regulation, or public policy" or engaged in "fraudulent or criminal" conduct, and further fails to allege that he engaged in protected conduct based on such a reasonable belief.

2. Count II (Defamation/Defamation Per Se): Rao fails to plead a plausible claim of defamation. He fails to identify the defamer, circumstances of publication, or recipient as to the alleged defamatory statements. Further, he fails to allege facts showing that the alleged statements were false. To the contrary, the documents he incorporates by reference into his Counterclaims, including EPAM's Microsoft 365 audit logs, and the reports of the parties' neutral forensic examiner, reflect that EPAM's alleged statements were true. Those documents establish that Rao downloaded tens of thousands of EPAM's files, and that he then attempted to cover his tracks by spoliating evidence after this litigation commenced, and after the Court warned him about spoliation. That said, even if Rao could show that EPAM's statements were false (and he cannot), he cannot show the alleged statements were made negligently or, given that the statements would be protected by a qualified privilege, made with actual malice.

3. Count III (Tortious Interference With Prospective Economic Advantage): Rao lacks standing to assert this claim, so the Court lacks subject-matter jurisdiction to adjudicate it. That is because this claim derives from harms suffered, not by Rao, but rather by two commercial entities that Rao either owns or is otherwise associated with. Even if Rao could establish standing, he fails to plausibly plead this claim. This claim is based upon EPAM litigating this action. As such, it is barred by both the *Noerr-Pennington* doctrine, predicated on the First Amendment's right to petition, and by Pennsylvania's absolute litigation privilege. Further, the substance of the claim is duplicative of Rao's defamation claim, providing another reason for dismissal.

4. Counts IV and V (Declaratory Judgment): Rao asserts two declaratory judgment counts. The first (Count IV) is moot, because it seeks to negate Section 5(c) of Rao's Employment Covenants Agreement, which EPAM no longer seeks to enforce. The second (Count V) is an improper "mirror image" counterclaim which seeks a declaration that Rao is not liable for misappropriation, based on Rao's assertion that EPAM does not own the intellectual property.

5. Count VI (Abuse of Process). Much like Rao's tortious inference claim, his abuse of process claim is predicated on EPAM litigating this matter. As such, the *Noerr-Pennington* bars this claim. In any event, Rao fails to plausibly plead this claim. Rao largely complains about ordinary litigation "process," such as EPAM seeking a TRO (Rao ultimately consented to a preliminary injunction) and seeking discovery (which Rao also consented to, via the parties' forensic protocol). Further, while Rao alleges that EPAM engaged in "bad faith" litigation conduct, his assertions are flatly contradicted by the documents he incorporates by reference. Contrary to Rao's claims, the forensic reports are not "exculpatory" for him; they establish that Rao spoliated evidence.

6. Count VII (Breach of the Implied Covenant of Good Faith and Fair Dealing): Rao fails to plead a plausible claim for breach of the implied covenant of good faith and fair dealing. Boiled down, this claim is based upon EPAM's management of Rao's employment, such as by "stripping" certain authority from him. As an at-will employee, Rao cannot assert such allegations under the implied covenant. Further, Rao fails to allege any damages from the purported breaches.

7. Count VIII (Fraudulent Inducement): Rao's final count alleges fraudulent inducement of his Employment Covenants Agreement. Rao, however, fails to allege any false statements, and further fails to plead fraud with particularity under Fed. R. Civ. P. 9(b).

Dated: May 6, 2026

EPAM SYSTEMS, INC.,

By its attorneys,

By: */s/ James Yu*

Jacob Oslick (Pa. Bar No. 311028)
joslick@seyfarth.com
James S. Yu (*pro hac vice* admitted)
jyu@seyfarth.com
Brooke Gary (admitted *pro hac vice*)
brgary@seyfarth.com
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500