**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EPAM SYSTEMS, INC.,<br>Plaintiff,<br>- against -<br>GOWTHAM RAO,<br>Defendant. | Civil Action No. 2:25-cv-06260-WB |

**DECLARATION OF JAMES YU IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS**

James Yu, of full age, being sworn according to law, deposes and says:

1. I am a member in good standing of the bars of the State of New Jersey and the State of New York. I am also duly licensed to practice in the U.S. Court of Appeals for the Third, Second, and First Circuits, and the U.S. District Courts for the District of New Jersey, the Southern, Eastern, and Northern Districts of New York, and the District of Connecticut. I am a Senior Counsel at the law firm of Seyfarth Shaw LLP, attorneys for Plaintiff EPAM Systems, Inc. ("Plaintiff"). I have been granted permission to appear in this case pro hac vice. As Plaintiff's counsel, I am familiar with and have personal knowledge of the facts stated herein.

2. I submit this Declaration in Support of Plaintiff's Motion to Dismiss the Counterclaims filed by defendant Gowtham Rao ("Rao" or Defendant") on April 1, 2026.

3. Attached as Exhibit 1 is a true and correct copy of the transcript from the Court's November 5, 2025 hearing on Plaintiff's application for entry of a temporary restraining order (the "TRO Hearing"). During the TRO Hearing, the Court confirmed Rao's understanding of his obligation to not spoliate evidence. The Court also advised Rao that spoliation could result in sanctions. (Tr. 49:2-22.)

4. Pursuant to the Court's Order following the November 5, 2025 TRO Hearing, on December 12, 2025, the Parties entered into a Stipulated Consent Order resolving the preliminary injunction (ECF No. 20.) The parties also executed a Forensic Inspection Protocol Agreement ("Forensic Protocol") after a lengthy negotiation with Rao's then counsel by which forensic neutral iDiscovery Solutions ("iDS") would forensically collect devices and accounts in the possession, custody, or control of Gowtham Rao ("Rao") upon which he may have transferred, accessed, and/or stored EPAM Confidential Information[1] and/or Work[2] and remediate any such EPAM data identified therein.

5. The Forensic Protocol included separate exhibits to be referenced by iDS containing information found within four files provided to iDS on December 22, 2025: (a) "EPAM Search Terms - Content(322319662.1).xlsx" corresponded to Exhibit A and contained search terms to be run across the collections of electronically stored information ("ESI") and forensic artifacts; (b) "EPAM Search Terms - Rao SP Download(322329263.1).xlsx" corresponded to Exhibit B and contained information from Microsoft 365 audit logs exported by EPAM summarizing download activity by the gowtham_rao@epam.com account from EPAM's Microsoft 365 environment between September 30, 2025 through October 13, 2025; (c) "EPAM Search Terms - Git UniqueFiles_With_Hashes_And_FolderNames (322329294.1).xlsx" corresponded to Exhibits B and C and contained unique filenames, folder names, and hash values for the files from EPAM's source code repositories that Rao downloaded from EPAM's Git environment; and (d) "Files with Hash Values.csv" corresponded to Exhibit C and contained hash values for the files that Rao downloaded from EPAM's Microsoft 365 environment.

---

[1] "Confidential Information" was defined as "All information defined as "Confidential Information" in the November 12, 2024 Employee Covenants Agreement signed by Rao."
[2] "Work" was defined as "all information defined as "Work" in the November 12, 2024 Employee Covenants Agreement signed by Rao."

6. Microsoft 365 audit logs exported by EPAM summarizing download activity by the gowtham_rao@epam.com account from EPAM's Microsoft 365 environment between September 30, 2025 through October 13, 2025 contain over 10,000 "File downloaded" events and approximately 45,000 "FileSyncDownloadedFull" events.[3] These audit logs are nearly 850 pages when printed and contains references to confidential information of EPAM and of its clients. The document can readily be made available to the Court for *in camera* review.

7. On January 6, 2026, pursuant to Paragraph III(a)(i)(13) of the Forensic Protocol identifying whether there was any evidence of the use of software whose primary purpose is to forensically delete or render unrecoverable electronically stored information, iDS informed Rao's former counsel that "**[t]he operating system on this computer appears to have been reset on or about November 14, 2025"** and that "[i]t is unlikely that the content is easily recoverable." (emphasis added). Attached as Exhibit 2 is a true and correct copy of the email exchange between iDS and Rao's former counsel between January 6, 2026 and January 12, 2026. This reset accordingly occurred after the November 5, 2025 TRO hearing but had not been previously disclosed to EPAM until nearly two months after it occurred, despite the parties' lengthy negotiation of the Forensic Protocol.

8. On January 12, 2026, iDS prepared a supplemental "Operating System Analysis" report providing further detail regarding the lack of forensic artifacts related to system and user activity before November 14, 2025. Further, the existence of specific artifacts were typically

[3] *Audit Log Activities*, Microsoft Learn https://learn.microsoft.com/en-us/purview/audit-log-activities (last visited 5/6/26) (defining "FileDownloaded" events as "User downloads a document from a site." and "FileSyncDownloadedFull" events as "User downloaded a file to their computer from a SharePoint document library or OneDrive using OneDrive sync app (OneDrive.exe)".

associated with system resets, such as an upgrade, update, refresh, or reset event.[4] Attached as Exhibit 3 is a true and correct copy of iDS' January 12, 2026 "Operating System Analysis" report.

9. On January 14, 2026, pursuant to Paragraph III(a)(i)(3) of the Forensic Protocol identifying a listing of all removable devices attached to the computer on or after September 1, 2025, iDS specifically found that the earliest date *the computer's own hard drive* was first connected to the computer was on the day of the reset. This indicates that all connection activity before the date of the reset on November 14, 2025 was rendered unrecoverable by the reset. Attached as Exhibit 4 is a true and correct copy of the report iDS generated pursuant to Paragraph III(a)(i)(3) of the Forensic Protocol.

10. As a result of the lack of the foregoing forensic artifacts caused by the reset, iDS cannot report when EPAM files were removed from his computer and whether Rao connected an undisclosed external USB device or electronic storage device to his computer prior to the reset where he could have transferred those files prior to removal.

11. In support of his counterclaims, Rao introduced Exhibit B containing a discussion occurring in "September 2025" between Rao and EPAM employee, Katie Barista. Attached as Exhibit 5 is true and correct copy of this correspondence establishing the date of the discussion occurred on September 23, 2025.

By: */s/ James Yu*
James Yu
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018-1405
Telephone: (212) 218-5524
jyu@seyfarth.com

[4] According to Microsoft support, a "refresh" is a system reset option that allows the user to keep personal files intact while removing all applications and settings on the device. See Microsoft Support, Reset Options https://support.microsoft.com/en-us/windows/reset-your-pc-0ef73740-b927-549b-b7c9-e6f2b48d275e.