**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EPAM SYSTEMS, INC.,<br>Plaintiff, Counter Claim Defendant<br><br>- against -<br><br>GOWTHAM RAO (pro-se),<br><br>Defendant, Counter Claim Plaintiff | Civ. A. No. 2:25-cv-06260 |

**DEFENDANT GOWTHAM RAO'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

**UNITED STATES DISTRICT COURT EASTERN DISTRICT OF PENNSYLVANIA**

Defendant Gowtham Rao ("Rao"), *pro se*, respectfully submits this Motion to Dismiss the First Amended Complaint filed by Plaintiff EPAM Systems, Inc. ("EPAM") pursuant to Federal Rule of Civil Procedure 12(b)(6). Together with this Motion, Defendant refers the Court to his accompanying Memorandum of Law and Proposed Order.

As detailed in the accompanying Memorandum, EPAM's First Amended Complaint is, at its core, a single misappropriation theory improperly packaged into seven distinct causes of action. Despite three successive pleading attempts and notice of these deficiencies, EPAM continues to rely on the exact same flawed factual narrative: that Rao downloaded files prior to his termination, retained them, and stated he is now a "competitor." EPAM recharacterizes this identical conduct seven times.

Because EPAM’s pleading suffers from structural, evidentiary, and doctrinal defects that no further amendment can cure, the First Amended Complaint should be dismissed in its entirety, with prejudice, on the following grounds:

**1. Counts I and II (DTSA and PUTSA) Fail on Three Independent Grounds:**

- **Failure to Identify Trade Secrets with Particularity:** In direct contravention of Third Circuit mandate (*Oakwood Labs*, *Mallet*) and this Court's precedent (*Iqvia*), EPAM fails to separate actual trade secrets from merely confidential information. Instead, EPAM utilizes an undifferentiated "kitchen sink" defined term—"EPAM Confidential Information and IP"—that aggregates an alleged 44,960 downloaded files, including source code, bid proposals, P&L analysis, and employee compensation data, into a single unidentifiable bucket.
- **Failure to Plead Actual or Threatened Misappropriation:** As this Court held in *Freedom Medical, Inc. v. Whitman*, the mere download of files by an employee leaving for a competitor does not establish misappropriation absent evidence of actual or threatened use. EPAM has had Rao's laptop since October 31, 2025, conducted full forensic examinations, and had seven months to investigate, yet fails to plead a single instance of actual use, actual disclosure, or the appearance of EPAM information on any competitor's systems. Its allegations rely entirely on future-tense, statutory recitations devoid of factual content.
- **Failure to Establish an Interest in Client-Owned Data:** EPAM affirmatively admits that much of the material at issue is owned by its clients, not EPAM, yet completely fails to plead the contractual or operational facts necessary to establish a cognizable legal interest to sue over this third-party material.

**2. Counts IV, V, VI, and VII (Common-Law Torts) are Preempted:** EPAM's claims for Breach of Fiduciary Duty, Replevin, Conversion, and Unjust Enrichment are explicitly preempted by the Pennsylvania Uniform Trade Secrets Act (PUTSA), 12 Pa. C.S. § 5308. Under the well-established "same operative facts" test (*Bro-Tech*), these counts are entirely duplicative. They rely on the exact same "EPAM Confidential Information and IP" defined term and the identical factual narrative as the trade secret claims. Section 5308 was designed by the legislature to prevent precisely this type of relabeled, duplicative pleading.

**3. Count III (Breach of Contract) Fails to Plead Actual Damages:** EPAM's breach of contract claim is parasitic on its failed misappropriation theory. Furthermore, it fails as a matter of law because EPAM relies entirely on formulaic recitations of harm and has failed to plead any actual, quantifiable damages resulting from the alleged breach.

**CONCLUSION**

EPAM's pleading defects are not technical drafting failures that further iteration could cure. The identification defect is structural, the misappropriation defect is evidentiary (no amendment can manufacture facts EPAM has failed to find over seven months), and the preemption defect is doctrinal.

WHEREFORE, Defendant respectfully requests that this Court grant this Motion and dismiss Counts I, II, III, IV, V, VI, and VII of the First Amended Complaint with prejudice.

**Dated:** May 18, 2026

**Respectfully submitted,**
/s/ Gowtham Rao
**Gowtham Rao** *Pro Se*
184 Mansgrove Rd,
Princeton, New Jersey 08540
803-386-7890
gowthamrao@gmail.com