**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

_____ X

    )

EPAM SYSTEMS, INC.,    )

    )    Civil Action No. 2:25-cv-06260

        Plaintiff/Counterclaim-    )

        Defendant    )

    )

    v.    )

    )

GOWTHAM RAO,    )

    )

        Defendant/Counterclaim-    X

        Plaintiff

**MOTION FOR AN EXTENSION OF TIME TO FILE SPOLIATION MOTION AND TO EXPAND OR CLARIFY THE PAGE LIMIT**

Plaintiff/Counterclaim-Defendant Epam Systems, Inc. ("EPAM") respectfully submits this Motion for an Extension of Time to file a motion seeking sanctions arising from the spoliation of evidence and other conduct by Defendant/Counterclaim-Plaintiff Gowtham Rao ("Rao"), and to expand or clarify the page limitations for this briefing.  As grounds for this motion, EPAM states as follows:

1.    EPAM's deadline to file the spoliation motion is currently June 19, 2026.  As noted in the parties' pre-motion letters, the spoliation motion arises in significant part from Rao's "reset" or "refresh" of his desktop computer, which destroyed significant forensic data relevant to whether Rao copied EPAM files to other devices, uploaded EPAM files to cloud storage accounts, fed EPAM files into AI programs to create derivative works, or otherwise took EPAM information and incorporated it into new files, as well as the circumstances and timing related to the deletion of relevant files previously locally downloaded to the computer.

2.    The parties are currently in the midst of a forensic review of Rao's devices and accounts, which consists of reviewing approximately 16,000 documents that EPAM marked as

326592149v.1

likely containing its information.  EPAM's review of the documents has been slowed by Rao's refusal to permit access to the files to EPAM—with Rao granting this permission only on June 8, 2026.  Prior to June 8, Rao would not grant permission for review beyond external counsel.

3.      At least one of the files that EPAM has recently reviewed, and may want to use in support of its spoliation motion in connection with issues relating to Rao's alleged bad faith, raises potential issues in connection with a third party that is also a client of EPAM's counsel's law firm.  EPAM's counsel is working diligently to sort through these issues, but cannot finalize the spoliation motion until those issues are resolved, because it believes the document at issue is potentially material to its motion.[1]  EPAM should not be prejudiced by its counsel's need to resolve issues concerning the intersection of this document and its potential duties to a different client before proceeding with its spoliation motion.

4.      Additionally, within the past week, EPAM has reviewed other files which it now believes are also materially relevant to the question of whether Rao spoliated evidence in bad faith.  EPAM needs additional time to review these files, and potentially similar files, before preparing its motion.

5.      For these reasons, EPAM requests an additional 13 days, through and including July 2, 2026, to file its motion, with the remaining deadlines for its spoliation motion adjourned by the same amount of time (*i.e.*, Rao's opposition to be due July 24, EPAM's reply to be due July 31, with a hearing set later at the Court's convenience).  If Rao needs additional time to file opposition papers, EPAM will not object.

---

[1] Due to privilege and attorney work product concerns, EPAM's counsel strongly prefers to not disclose more at the current time but, if necessary, will provide more detail *in camera* to the Court.

2

6.      EPAM requested Rao's consent to its proposed extension (though, to preserve confidences, it did not disclose all of its reasons), and sought to work with him on an adjusted briefing schedule (to accommodate a family trip that Rao had previously stated he wishes to take). Rao refused to "consider" consenting unless EPAM agreed to his proposal on an unrelated discovery matter. EPAM does not believe that it could agree to Rao's discovery proposal without materially damaging its litigation position. Thus, the Court should consider this motion opposed.

7.      EPAM respectfully submits that no party would be prejudiced by EPAM's requested extension. To the contrary, for the reasons discussed above, EPAM would be prejudiced if the requested extension is not approved.

8.      EPAM further requests that the Court expand and/or clarify the page limit for EPAM's brief in support of its spoliation motion. The Policies and Practices of the Hon. Wendy J. Beetlestone, at Rule III(C)(4), sets a default rule of ten pages for discovery motions. However, as the Court recognized during the pre-motion conference, EPAM's forthcoming spoliation motion is not an ordinary discovery motion. In terms of complexity, and the issues that need to be addressed, it is comparable to a dispositive motion—indeed, EPAM may request dispositive relief. Accordingly, EPAM respectfully requests that the page limits for briefing on its spoliation motion follow the rules set forth in this Court's Polices and Procedures, Rule IV(A), governing "General Motion Practice" (*i.e.*, 30 pages for opening and opposition briefs, 10 pages for reply briefs).

WHEREFORE, EPAM respectfully requests that the Court grant its motion and extend the deadline for it to file a spoliation motion by thirteen days, through and including July 2, 2026, and to expand/set the page limits for briefing on its spoliation motion consistent with Rule IV(A) of the Court's Policies and Procedures.

326592149v.1

Dated: June 15, 2026

Respectfully submitted,

Jacob Oslick (Pa. Bar No. 311028)
josolick@seyfarth.com
James S. Yu (*pro hac vice* admitted)
jyu@seyfarth.com
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500

*Attorneys for Plaintiff EPAM Systems, Inc.*


**SO ORDERED:**


_____
Hon. Wendy Beetlestone, U.S.D.J.

4

326592149v.1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

_____ X
 )
EPAM SYSTEMS, INC.,               )
 )    Civil Action No. 2:25-cv-06260
      Plaintiff/Counterclaim- )
      Defendant )
 )
   v. )
 )
GOWTHAM RAO, )
 )
      Defendant/Counterclaim- X
      Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Epam Systems, Inc.'s **MOTION FOR AN EXTENSION OF TIME TO FILE SPOLIATION MOTION AND TO EXPAND OR CLARIFY THE PAGE LIMIT** was sent, via email, upon Defendant/Counterclaim-Plaintiff Gowtham Rao, *pro se*, at gowthamrao@gmail.com and gowthamrao.litigation@gmail.com, which are email addresses that he has used for correspondence during this litigation. Further, the motion will be served via Federal Express, for overnight delivery, to Mr. Rao at 184 Mansgrove Rd, Princeton, NJ 08540.

Dated: June 15, 2026

By:/s/ *Jacob Oslick*
Jacob Oslick, Esq. (Pa. Bar No. #311028)
SEYFARTH SHAW LLP
620 Eighth Avenue Street,
New York, NY  10018-1405
(212) 218-5500
joslick@seyfarth.com

5

326592149v.1