**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EPAM SYSTEMS, INC., | : | |
| | : | Civil Action No. 2:25-cv-06260 |
| Plaintiff / Counterclaim-Defendant, | : | |
| | : | |
| v. | : | |
| | : | |
| GOWTHAM RAO (pro se), | : | |
| | : | |
| Defendant / Counterclaim-Plaintiff. | : | |

**DEFENDANT'S RESPONSE AND PARTIAL OPPOSITION TO PLAINTIFF'S
MOTION FOR EXTENSION OF TIME AND TO EXPAND PAGE LIMITS (ECF No. 50)**

Defendant/Counterclaim-Plaintiff Gowtham Rao ("Defendant"), appearing *pro se*, respectfully submits this response to Plaintiff EPAM Systems, Inc.'s ("EPAM") Motion for an Extension of Time and to Expand or Clarify the Page Limit (ECF No. 50). Defendant **does not oppose** a reasonable extension of EPAM's deadline. Defendant writes only to (i) keep the access record accurate; (ii) ask that any enlargement of the page limit apply equally to both parties and not serve as a vehicle for dispositive relief without proper procedure; and (iii) reserve his rights as to any materials EPAM has not disclosed.

**I.  Defendant Does Not Oppose a Reasonable Extension of Time.**

Defendant has no wish to burden the Court with a scheduling dispute. He consents to a reasonable extension and would himself benefit from adequate time to respond to a motion that EPAM represents may seek dispositive relief. Defendant therefore does not oppose the requested extension, and submits the limited points below only because the Motion's stated grounds and related requests warrant brief clarification.

**II.  The Access Record, Stated Precisely.**

The Motion states (¶ 2) that EPAM's review was "slowed by Rao's refusal to permit access to the files" until June 8, 2026. The record reflects a different picture.

The iDS Relativity review platform has been operational since February 2026. As EPAM's own counsel later summarized, the documents in the first review set were "loaded to Relativity and made available to [Rao's] former counsel on February 26, 2026 and to [Rao] on March 3, 2026," with additional review sets loaded on a rolling basis thereafter. (*See* Ex. B (email of M. Christoff, Apr. 20, 2026).) EPAM's counsel, Seyfarth Shaw LLP, has likewise had access to the released documents throughout—as EPAM's counsel confirmed on June 5, 2026, stating that the documents on the remediation list were "already available to Seyfarth." (*See* Ex. A.)

The access that came later, in June, was for an *EPAM employee*. The Protocol's review provisions run to "counsel for EPAM" (*see* Protocol § III.b), and the Protocol contains no provision granting EPAM employees direct access to the Relativity database. The parties accordingly addressed that request by agreement, consistent with the Protocol's provision that, where matters "beyond that which is specifically authorized by this protocol are requested, the parties agree to meet and confer." (Protocol § VI.b.) Defendant authorized the employee access on June 5, 2026 (Ex. A), and the vendor implemented it on or about June 8, 2026—the very date EPAM cites. Defendant authorized the agreed review sets for inspection and withheld only a limited number of documents pursuant to the Protocol's withholding procedure (Protocol § III.b). EPAM's counsel has thus been able to review the documents since the review platform went live in February; the later employee access was the product of an agreed process, not a refusal. Defendant notes this only so the requested relief is not granted on the premise that he obstructed EPAM's review.

## III.  Any Enlargement of the Page Limit Should Apply Equally and Should Not Authorize Dispositive Relief Without Proper Procedure.

EPAM asks the Court to enlarge the page limit for its spoliation brief from the ten pages set for discovery motions (Policies and Practices, Rule III(C)(4)) to the thirty pages reserved for general motion practice (Rule IV(A)), on the theory that its motion is "comparable to a dispositive motion" and that EPAM "may request dispositive relief." (Mot. ¶ 8.)

Defendant does not oppose a reasonable enlargement of pages, but respectfully raises two conditions. *First*, any enlargement should apply **equally** to Defendant's opposition; a *pro se* litigant responding to a motion briefed at dispositive length needs comparable room to respond. *Second*, to the extent EPAM intends to seek *dispositive* relief—such as default or an adverse-inference instruction—through this motion, the Court's allowance of additional pages should not

be treated as a substitute for the notice and procedural protections that attend dispositive practice, to which Defendant is entitled.

## IV.  Defendant Reserves His Rights as to Any Undisclosed Materials.

EPAM's request rests in part on materials it has not identified or disclosed to Defendant: "at least one" document it "may want to use in support of its spoliation motion" bearing on Defendant's "alleged bad faith" (Mot. ¶ 3), which it proposes to describe only *in camera*,[1] and "other files" it has not identified (Mot. ¶ 4).

Defendant does not ask the Court to resolve any evidentiary question now. He simply **reserves his rights**, and respectfully states that he does not consent to the Court's consideration of any *in camera* or *ex parte* submission offered in support of sanctions against him without notice and an opportunity to be heard. Defendant has himself proceeded with transparency, releasing the documents identified for review under the Protocol and withholding only a limited number, and respectfully submits that basic fairness counsels the same as this matter proceeds.

## V.  Conclusion.

Defendant does not oppose a reasonable extension of time. He respectfully requests that the Court (1) apply any enlargement of the page limit equally to Defendant's opposition and afford him adequate time to respond; (2) decline to treat any page enlargement as authorizing dispositive relief without the procedures attending such relief; and (3) note Defendant's reservation of rights as to any document or material EPAM has not disclosed, including any *in camera* or *ex parte* submission EPAM may seek to use against him.

Dated: June 16, 2026

Respectfully submitted,

/s/ Gowtham A Rao
Gowtham Rao
Defendant / Counterclaim-Plaintiff, pro se
184 Mansgrove Rd
Princeton, NJ 08540

---

[1] EPAM states that, "if necessary," it "will provide more detail in camera to the Court." (Mot. ¶ 3 n.1.) Defendant reserves the right to be heard regarding any such submission before it is considered in support of sanctions against him.