

**Seyfarth Shaw LLP**

620 Eighth Avenue

New York, New York 10018

**T** (212) 218-5500

**F** (212) 218-5526

joslick@seyfarth.com

T (212) 218-6480

www.seyfarth.com

July 17, 2026

**<u>VIA ECF</u>**

The Honorable Wendy Beetlestone, U.S.D.J.
United States District Court for the Eastern District of Pennsylvania
601 Market Street
Philadelphia, Pennsylvania 19106-1797

**Re:     EPAM Systems, Inc. v. Rao, Case No. 2:25-cv-06260-WB**

Dear Judge Beetlestone:

We write on behalf of Plaintiff/Counter-Defendant EPAM Systems, Inc. ("EPAM") to respectfully seek the Court's urgent intervention in a dispute concerning the parties' Stipulated Forensic Inspection Protocol Agreement ("Forensic Protocol"), pursuant to Your Honor's individual Policies and Procedures relating to discovery disputes. (*See* Civil Cases § III(c)(2).).  EPAM has attempted to resolve various disputes regarding the Forensic Protocol amicably with Defendant/Counter-Plaintiff Gowtham Rao, over a period of weeks, and has devoted many hours to meet-and-confer efforts.  Those efforts have included multiple lengthy conference calls with Mr. Rao, which sometimes lasted 90 minutes, as well as a significant number of email exchanges. And, while those efforts narrowed the number of disputes between the parties, a critical matter is unresolved and ripe for the Court's intervention.  Further, EPAM cannot delay seeking relief any longer: this dispute is simple, and EPAM needs a resolution now in light of the June 29, 2026 deadline for it to file a spoliation motion, as well its need to move this case forward.

In brief, EPAM requests that the Court confirm that it is permitted to use the documents obtained through the Forensic Protocol for any litigation purpose and, consistent with that use, may share those documents with EPAM's technical employees with a need-to-know for litigation purposes, including by having iDS, the parties' forensic neutral, provide them access to the Relativity database where the documents are stored.  Rao disagrees, and takes the position that, under Forensic Protocol, the documents he shared with EPAM were shared on an "attorney eyes' only" basis.  Thus, he insists that only EPAM's outside and in-house counsel may view the documents— no one else.

Rao's position is groundless, both under the Forensic Protocol's plain text, and as a matter of common sense.  Rao's position has significantly inhibited EPAM's ability to investigate its claims in this matter and defend its rights.



In brief, the Forensic Protocol, which the parties entered into while Rao was represented by counsel, states that documents identified by EPAM, and not objected to by Rao, will initially "be provided to counsel for EPAM for review." (Forensic Protocol at § III(b)(iv).) However, the Forensic Protocol imposes *no limitations* on whom EPAM's counsel may share those documents with. The sole limitation in the Forensic Protocol is that "copies of documents created and/or identified in this protocol shall be used for the purposes of this Litigation only and for no other purpose." (Forensic Protocol § VI(c).) The Forensic Protocol's plain text aside, Rao's proposed "attorney's eyes only" limitation makes no sense. A key purpose of the Forensic Protocol was to identify and remediate EPAM's "Confidential Information" and/or "Work" within Rao's possession. And, fundamentally, it is EPAM's technical people (such as Rao's coworkers and superiors), not EPAM's lawyers, who would have the best understanding of what materials constitute or incorporate, including in derivative form, EPAM's "Confidential Information" and/or "Work" (within the Forensic Protocol's meaning).

EPAM did not seek relief from the Court sooner because of a desire to ensure we exhausted all avenues before bringing this matter to the Court. Unfortunately, Rao has continued to insist that, based on his reading of the Forensic Protocol, only EPAM's attorneys can review the documents. And Rao has conditioned his willingness to permit EPAM's technical employees access on a series of shifting, grossly unacceptable conditions and restrictions. For example, last week, Rao indicated that he would grant consent, but only if EPAM agreed to either: (a) disclose its work product analysis about why it sought to review some documents from his devices/accounts but not other documents; or (b) agreed to make affirmative representations about the contents of approximately 79,000 documents that EPAM has not yet sought to individually review. This week, he dropped those demands, but instead insisted that access to EPAM's technical assistance be subject to numerous unreasonable restrictions – including his unilateral veto power over who EPAM can share documents with, an absolute prohibition on EPAM sharing documents with employees located outside the United States (many of his EPAM co-workers, including certain individuals with the most relevant knowledge, live in Europe), an absolute prohibition on EPAM sharing documents such as "communications, contracts, financial documents, and personal materials," even though those documents could easily contain EPAM Confidential Information and/or Work, and an insistence (raised for the first time on July 16, 2026) that no sharing could occur until the parties enter into a protective order the parties have not yet begun negotiating.[1]

---

[1] EPAM is, of course, willing to negotiate a confidentiality agreement, and to request that the Court enter this agreement as a protective order. It also advised Rao of its willingness to agree in writing, pending finalization of such an agreement, to keep documents confidential, subject to reasonable carveouts – such as the ability to show the documents to retained experts, or, if warranted, file certain of them in Court. But it can't afford further delays in getting its employees access to these documents. And that is particularly so given its experience to date with Rao. Indeed, given Rao's proposed conditions for a protective order, it anticipates that negotiating a confidentiality agreement may require multiple drafts and several meet-and-confer



Finally, just today, Rao finally agreed to permit *limited* access to one EPAM employee, but only pursuant to an undefined "search strategy," and while still refusing to grant access to another more central EPAM employee with specialized knowledge.

EPAM is simply out-of-time to meet-and-confer further. It is critically important that EPAM be able to share documents with technical employees of its choosing now, based on its litigation needs—not Rao's whims or shifting demands. EPAM's sanctions motion is due in Court on July 29, 2026. Certain documents that EPAM has located through the Forensic Protocol appear to be highly relevant to that motion, including as to whether Rao acted in bad faith. Yet EPAM has numerous questions about these documents. Its technical employees—not its lawyers—are the appropriate people to answer those questions, and to supply declarations regarding them.

The sanctions motion aside, EPAM's ability to move this case forward in other ways has been inhibited by Rao's position that EPAM cannot share the documents with non-lawyers. For example, EPAM believes that certain documents that it has located through the Forensic Protocol present a compelling case for EPAM to seek to amend its complaint to assert new claims, potentially against additional parties. But, again, it needs its technical people to weigh in on certain factual questions relating to those potential amendments. Further, EPAM needs to provide its technical employees access to the documents even to proceed further with the Forensic Protocol's remediation provisions. To date, EPAM has identified 6,693 documents through the Forensic Protocol as those it believes contain Confidential Information and/or Work, and Rao has stated a blanket challenge covering *every single one* of EPAM's 6,693 designations. It is impossible to meet-and-confer further with Rao about these challenges without showing the documents to EPAM's technical employees in order to obtain additional information.

Thank you for Your Honor's consideration of this matter. We respectfully request that a telephone conference be scheduled at the earliest opportunity so that, if the Court affords EPAM the relief it seeks, EPAM has sufficient time before the spoliation motion's due date to share certain critical documents with key technical employees.[2]

Respectfully submitted,

*/s/ Jacob Oslick*

Jacob Oslick

cc: Gowtham Rao, *pro se* (via email)

---

sessions over many days or more. In any event, EPAM provided Rao with a draft confidentiality agreement this morning – less than one business day after Rao raised this condition.

[2] The Forensic Protocol is not attached to this letter, because the Court ordered that, if filed, "the filing party will submit a consented to motion requesting leave" to "file under seal." (ECF #20 at § 3.) EPAM reached out to Rao regarding a consented to motion, but has not heard back.