UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

*EPAM Systems, Inc. v. Gowtham Adamane Rao*
Case No. 2:25-cv-06260-WB (E.D. Pa.)

# EXHIBIT D

July 16-17, 2026 Reviewer Access Correspondence
Including Defendant's protective order proposal, EPAM's rejection and final offer, its identification of Mr. Ilin, and the immediate authorization of access for Ms. McDermott

*Excerpts (pp. 1-3, 6, 9) of thread: EPAM employee access to Relativity, and excerpts (pp. 45-46, 62-64, 81-82, 120-121, 141) of thread: EPAM vs Rao - 2026-07-08 - Meet and Confer*

Gmail Gowtham Rao <gowthamrao.litigation@gmail.com>

# EPAM employee access to Relativity

8 messages

**Gowtham Rao** <gowthamrao.litigation@gmail.com> Fri, Jul 17, 2026 at 1:44 PM
To: Rami Burbar <rburbar@idsinc.com>, iDS EPAMR-06448 <ids_EPAMR-06448@idsinc.com>, Jim Vaughn <JVaughn@idsinc.com>, Mike Perelman <mperelman@idsinc.com>, "Christoff, Matthew" <MChristoff@seyfarth.com>, James Yu <jyu@seyfarth.com>, Gowtham Rao <gowthamrao@gmail.com>, "Oslick, Jacob" <JOslick@seyfarth.com>, Sarah Lugar <Sarah_Lugar@epam.com>

Hi Rami

Per EPAM's request I recommend granting Lucy McDermott access to Relativity today.

We will grant her access via a rolling release. Rami do you have time to discuss the release plan? We will create the search strategy. Do not release files until we talk.

Rami - please wait for Matt, Jacob, or James to respond - before releasing access to Lucy.

Gowtham

---

**Rami Burbar** <rburbar@idsinc.com> Fri, Jul 17, 2026 at 3:59 PM
To: Gowtham Rao <gowthamrao.litigation@gmail.com>, iDS EPAMR-06448 <ids_EPAMR-06448@idsinc.com>, Jim Vaughn <JVaughn@idsinc.com>, Mike Perelman <mperelman@idsinc.com>, "Christoff, Matthew" <MChristoff@seyfarth.com>, James Yu <jyu@seyfarth.com>, Gowtham Rao <gowthamrao@gmail.com>, "Oslick, Jacob" <JOslick@seyfarth.com>, Sarah Lugar <Sarah_Lugar@epam.com>

Gowtham,

I am available for the rest of the day and wide-open next week as well.

Let me know when works for you and I can set aside time.

Thank you,

Rami Burbar
Consultant, Discovery Services
Direct: +1.480.229.6025 | rburbar@idsinc.com
US: +1.800.813.4832 | UK/EEA: +44 (0)20 8242 4130
iDSinc.com

---

**From:** Gowtham Rao <gowthamrao.litigation@gmail.com>
**Sent:** Friday, July 17, 2026 10:44 AM
**To:** Rami Burbar <rburbar@idsinc.com>; iDS EPAMR-06448 <ids_EPAMR-06448@idsinc.com>; Jim Vaughn <JVaughn@idsinc.com>; Mike Perelman <mperelman@idsinc.com>; Christoff, Matthew <MChristoff@seyfarth.com>; James Yu <jyu@seyfarth.com>; Gowtham Rao <gowthamrao@gmail.com>; Oslick, Jacob <JOslick@seyfarth.com>; Sarah Lugar <Sarah_Lugar@epam.com>
**Subject:** EPAM employee access to Relativity

[Quoted text hidden]
INFORMATION CLASSIFICATION NOTICE: This electronic communication (including any attachments) is intended to be viewed only by the individual(s) to whom it is addressed. It may contain information that is privileged, proprietary, confidential and/or protected from disclosure by applicable law. Any disclosure, dissemination, distribution, copying, exporting or other use of this communication or any attached document(s) other than for the purpose intended by the sender is strictly prohibited without prior written permission from the sender. If you have received this communication in error, please notify the sender immediately by reply e-mail and promptly destroy all electronic and printed copies of this communication and any attached documents.

---

**Oslick, Jacob** <JOslick@seyfarth.com> Fri, Jul 17, 2026 at 4:09 PM
To: Gowtham Rao <gowthamrao.litigation@gmail.com>, Gowtham Rao <gowthamrao@gmail.com>
Cc: "Christoff, Matthew" <MChristoff@seyfarth.com>, "Yu, James" <JYu@seyfarth.com>, Sarah Lugar <Sarah_Lugar@epam.com>

Gowtham,

Attached is a copy of the letter we filed with the Court today, seeking a discovery conference regarding this issue. Your proposal to grant limited access to Lucy (*i.e.*, a "rolling release" subject to an undefined "search strategy), while refusing to grant any access to Dmitrii Ilin, is unacceptable. That is particularly so because, while Lucy may be a resource for some documents, she does not have the knowledge that Dmitrii has.

EPAM cannot continue to work through the Forensic Protocol, much less otherwise litigate this case, with one-hand tied behind its back. Our offer to limit access to three non-lawyer employees until such time as you seek discovery stands. The requirement is full access that replicates our firm access, not just based on search results of your choosing. If you agree, we will advise the court we do not require its attention at this time. If you do not, we will explain our more than reasonable proposal to the Court. I remind you that any information EPAM receives in discovery from this case, which can be the same information received under the Forensics Protocol, may be reviewed by any EPAM resource it deems necessary for the prosecution and defense of its case.

Finally, as seen in our letter to the Court, and my request yesterday, please let us know if we can file a consented to motion to file the Forensic Protocol under seal (I might add that, other than the Court's order, I do not see a basis for sealing the Forensic Protocol itself – and we would not be attaching any exhibits – but please let us know if you disagree).

Jacob

**Jacob Oslick** | Counsel | Seyfarth Shaw LLP
620 Eighth Avenue | New York, New York 10018-1405
Direct: +1-212-218-6480 | Mobile: +1-917-613-2523
N.Y. Bar No. 4275699; Pa. Bar No. 311028
JOslick@seyfarth.com | www.seyfarth.com

Seyfarth

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** Gowtham Rao <gowthamrao.litigation@gmail.com>
**Sent:** Friday, July 17, 2026 1:45 PM
**To:** Rami Burbar <rburbar@idsinc.com>; iDS EPAMR-06448 <ids_EPAMR-06448@idsinc.com>; Jim Vaughn <JVaughn@idsinc.com>; Mike Perelman <mperelman@idsinc.com>; Christoff, Matthew <MChristoff@seyfarth.com>; Yu, James <JYu@seyfarth.com>; Gowtham Rao <gowthamrao@gmail.com>; Oslick, Jacob <JOslick@seyfarth.com>; Sarah Lugar <Sarah_Lugar@epam.com>
**Subject:** EPAM employee access to Relativity

[Quoted text hidden]

**EPAM_Rao - Ltr Forensic Protocol Discovery Dispute (July 17 2026) (as-filed).pdf**
201K

**Gowtham Rao** <gowthamrao.litigation@gmail.com> Fri, Jul 17, 2026 at 4:44 PM
To: Rami Burbar <rburbar@idsinc.com>
Cc: iDS EPAMR-06448 <ids_EPAMR-06448@idsinc.com>, Jim Vaughn <JVaughn@idsinc.com>, Mike Perelman <mperelman@idsinc.com>, "Christoff, Matthew" <MChristoff@seyfarth.com>, James Yu <jyu@seyfarth.com>, Gowtham Rao <gowthamrao@gmail.com>, "Oslick, Jacob" <JOslick@seyfarth.com>, Sarah Lugar <Sarah_Lugar@epam.com>

Are you available now?

Can you send me a meeting invite.

Gowtham

[Quoted text hidden]

---

**Rami Burbar** <rburbar@idsinc.com> Fri, Jul 17, 2026 at 4:46 PM
To: Gowtham Rao <gowthamrao.litigation@gmail.com>
Cc: iDS EPAMR-06448 <ids_EPAMR-06448@idsinc.com>, Jim Vaughn <JVaughn@idsinc.com>, Mike Perelman <mperelman@idsinc.com>, "Christoff, Matthew" <MChristoff@seyfarth.com>, James Yu <jyu@seyfarth.com>, Gowtham Rao <gowthamrao@gmail.com>, "Oslick, Jacob" <JOslick@seyfarth.com>, Sarah Lugar <Sarah_Lugar@epam.com>

https://idsinc.zoom.us/j/94598763046?pwd=0tng4acctAtO9jt18KZJWU0XK3wa3W.1

Here you go. I am on and ready when you are.

Thank you,

Rami Burbar
Consultant, Discovery Services
Direct: +1.480.229.6025 | rburbar@idsinc.com
US: +1.800.813.4832 | UK/EEA: +44 (0)20 8242 4130
iDSinc.com

---

**From:** Gowtham Rao <gowthamrao.litigation@gmail.com>
**Sent:** Friday, July 17, 2026 1:44 PM
**To:** Rami Burbar <rburbar@idsinc.com>
**Cc:** iDS EPAMR-06448 <ids_EPAMR-06448@idsinc.com>; Jim Vaughn <JVaughn@idsinc.com>; Mike Perelman <mperelman@idsinc.com>; Christoff, Matthew <MChristoff@seyfarth.com>; James Yu <jyu@seyfarth.com>; Gowtham Rao <gowthamrao@gmail.com>; Oslick, Jacob <JOslick@seyfarth.com>; Sarah Lugar <Sarah_Lugar@epam.com>
**Subject:** Re: EPAM employee access to Relativity

[Quoted text hidden]

---

**Oslick, Jacob** <JOslick@seyfarth.com> Fri, Jul 17, 2026 at 4:57 PM
To: Rami Burbar <rburbar@idsinc.com>, Gowtham Rao <gowthamrao.litigation@gmail.com>
Cc: iDS EPAMR-06448 <ids_EPAMR-06448@idsinc.com>, Jim Vaughn <JVaughn@idsinc.com>, Mike Perelman <mperelman@idsinc.com>, "Christoff, Matthew" <MChristoff@seyfarth.com>, "Yu, James" <JYu@seyfarth.com>, Gowtham Rao <gowthamrao@gmail.com>, Sarah Lugar <Sarah_Lugar@epam.com>

Hi –

We had agreed on no ex parte communications with iDS and no requests absent consent, and are not available to join now, so this should be rescheduled. Please provide your availability for early next week.

Rami - please wait for Matt, Jacob, or James to respond - before releasing access to Lucy.

Gowtham

INFORMATION CLASSIFICATION NOTICE: This electronic communication (including any attachments) is intended to be viewed only by the individual(s) to whom it is addressed. It may contain information that is privileged, proprietary, confidential and/or protected from disclosure by applicable law. Any disclosure, dissemination, distribution, copying, exporting or other use of this communication or any attached document(s) other than for the purpose intended by the sender is strictly prohibited without prior written permission from the sender. If you have received this communication in error, please notify the sender immediately by reply e-mail and promptly destroy all electronic and printed copies of this communication and any attached documents.

[Quoted text hidden]

---

**Jim Vaughn** <JVaughn@idsinc.com> Fri, Jul 17, 2026 at 5:06 PM
To: "Oslick, Jacob" <JOslick@seyfarth.com>, Rami Burbar <rburbar@idsinc.com>, Gowtham Rao <gowthamrao.litigation@gmail.com>
Cc: iDS EPAMR-06448 <ids_EPAMR-06448@idsinc.com>, Mike Perelman <mperelman@idsinc.com>, "Christoff, Matthew" <MChristoff@seyfarth.com>, "Yu, James" <jyu@seyfarth.com>, Gowtham Rao <gowthamrao@gmail.com>, Sarah Lugar <Sarah_Lugar@epam.com>

Dear All,

From now on, no requests should be made to iDS without both parties meeting offline first, and if such a request is made, the person making the request must represent that the request is being made with consent from the other party.  We cannot expect Rami to know all of the ins and outs and he is built to be responsive, and is not versed in all of the granular details.  For that reason, my request will avoid any breakdown in agreements between the parties, and avoid getting us caught up in something where we should not be caught up in.

Thank you

----

**Jim Vaughn, GCFE, EnCE**

***Senior Managing Director***

535 Anton Blvd., Suite 860 | Costa Mesa, CA. 92626

Direct: 714.261.0348 | jvaughn@idsinc.com

iDSinc.com

**ASK THE EXPERT**: Are you following the device or the data? Remember alternative sources for the evidence you want to preserve.  Ask me how.

---

**From:** "Oslick, Jacob" <JOslick@seyfarth.com>
**Date:** Friday, July 17, 2026 at 1:58 PM
**To:** Rami Burbar <rburbar@idsinc.com>, Gowtham Rao <gowthamrao.litigation@gmail.com>
**Cc:** iDS EPAMR-06448 <ids_EPAMR-06448@idsinc.com>, Jim Vaughn <JVaughn@idsinc.com>, Mike Perelman <mperelman@idsinc.com>, "Christoff, Matthew" <MChristoff@seyfarth.com>, "Yu, James" <jyu@seyfarth.com>, Gowtham Rao <gowthamrao@gmail.com>, Sarah Lugar <Sarah_Lugar@epam.com>
**Subject:** RE: EPAM employee access to Relativity

Hi –

We had agreed on no ex parte communications with iDS and no requests absent consent, and are not available to join now, so this should be rescheduled.  Please provide your availability for early next week.

**Jacob Oslick** | Counsel | Seyfarth Shaw LLP
620 Eighth Avenue | New York, New York 10018-1405
Direct: +1-212-218-6480 | Mobile: +1-917-613-2523
N.Y. Bar No. 4275699; Pa. Bar No. 311028
JOslick@seyfarth.com | www.seyfarth.com

INFORMATION CLASSIFICATION NOTICE: This electronic communication (including any attachments) is intended to be viewed only by the individual(s) to whom it is addressed. It may contain information that is privileged, proprietary, confidential and/or protected from disclosure by applicable law. Any disclosure, dissemination, distribution, copying, exporting or other use of this communication or any attached document(s) other than for the purpose intended by the sender is strictly prohibited without prior written permission from the sender. If you have received this communication in error, please notify the sender immediately by reply e-mail and promptly destroy all electronic and printed copies of this communication and any attached documents.

INFORMATION CLASSIFICATION NOTICE: This electronic communication (including any attachments) is intended to be viewed only by the individual(s) to whom it is addressed. It may contain information that is privileged, proprietary, confidential and/or protected from disclosure by applicable law. Any disclosure, dissemination, distribution, copying, exporting or other use of this communication or any attached document(s) other than for the purpose intended by the sender is strictly prohibited without prior written permission from the sender. If you have received this communication in error, please notify the sender immediately by reply e-mail and promptly destroy all electronic and printed copies of this communication and any attached documents.

[Quoted text hidden]

---

**Rami Burbar** <rburbar@idsinc.com> Fri, Jul 17, 2026 at 5:11 PM
To: "Oslick, Jacob" <JOslick@seyfarth.com>, Gowtham Rao <gowthamrao.litigation@gmail.com>
Cc: iDS EPAMR-06448 <ids_EPAMR-06448@idsinc.com>, Jim Vaughn <JVaughn@idsinc.com>, Mike Perelman <mperelman@idsinc.com>, "Christoff, Matthew" <MChristoff@seyfarth.com>, "Yu, James" <JYu@seyfarth.com>, Gowtham Rao <gowthamrao@gmail.com>, Sarah Lugar <Sarah_Lugar@epam.com>

Jacob and team,

To be clear, Gowtham and I were on a call together for a few minutes but immediately hung up once we saw your email and nothing about the case was discussed.

Thank you,

Rami Burbar
Consultant, Discovery Services
Direct: +1.480.229.6025 | rburbar@idsinc.com
US: +1.800.813.4832 | UK/EEA: +44 (0)20 8242 4130
iDSinc.com

---

**From:** Oslick, Jacob <JOslick@seyfarth.com>
**Sent:** Friday, July 17, 2026 1:57 PM
**To:** Rami Burbar <rburbar@idsinc.com>; Gowtham Rao <gowthamrao.litigation@gmail.com>
**Cc:** iDS EPAMR-06448 <ids_EPAMR-06448@idsinc.com>; Jim Vaughn <JVaughn@idsinc.com>; Mike Perelman <mperelman@idsinc.com>; Christoff, Matthew <MChristoff@seyfarth.com>; Yu, James <JYu@seyfarth.com>; Gowtham Rao <gowthamrao@gmail.com>; Sarah Lugar <Sarah_Lugar@epam.com>
**Subject:** RE: EPAM employee access to Relativity

[Quoted text hidden]

"owned" by EPAM's clients. Because you refused to even meet-and-confer regarding the documents you withheld, we will seek relief from the Court.

**8. Generative AI Platforms**: You refused to confirm whether you stored, transferred, analyzed, or exchanged any EPAM Confidential Information and/or Work in Generative AI models or platforms, but instead repeated that your former counsel had provided iDS with access to all of your devices and accounts, including any associated with Generative AI models or platforms that were in your possession, custody, or control at the time of the protocol. We informed you that unless you had identified those Generative AI models and/or platforms (such as ChatGPT or Claude), as well as the associated account names, there would have been no method by which iDS could have identified, accessed, or collected any such information. To avoid any doubt, if you retained access to any such platforms or models registered to your gowtham_rao@epam.com account at the time the forensic protocol was signed, those accounts should have certainly been subject to identification and collection of the forensic protocol. You agreed that a confirmation with iDS regarding their collection of information from Generative AI models or platforms was appropriate and we intend to send them the following, targeted questions, as this information is squarely within the protocol:

- Can iDS confirm whether it collected all Google service data from each of Dr. Rao's Google accounts, including data from Gemini (such as prompts, inputs, and/or outputs) pursuant to Section I(e)(iii) of the Forensic Protocol?
- Can iDS confirm whether its collection of Dr. Rao's Google service data contained information from Gemini, including prompts, inputs, and/or outputs?
- Can iDS confirm whether it collected any information from Dr. Rao's devices or accounts associated with Generative AI models or platforms other than Gemini, including prompts, inputs, and/or outputs?

We will proceed with our remedies in Court.

Regards,
Gowtham Rao

---

**Gowtham Rao** <gowthamrao.litigation@gmail.com> Thu, Jul 16, 2026 at 1:36 PM
To: "Oslick, Jacob" <JOslick@seyfarth.com>
Cc: Gowtham Rao <gowthamrao@gmail.com>, "Christoff, Matthew" <MChristoff@seyfarth.com>, Sarah Lugar <Sarah_Lugar@epam.com>, "Yu, James" <JYu@seyfarth.com>

Jacob,

Your email requests answers to three questions by 2 p.m. today. That deadline appears nowhere in the Forensic Protocol or in any order of the Court. I am responding promptly and substantively regardless, because this dispute is resolvable without motion practice.

On the Rule 502 order, I agree with your suggestion. A joint outreach to Judge Beetlestone's chambers asking whether she has a standard form order makes sense. I suggest the same outreach address the stipulated protective order contemplated by the parties' Rule 26(f) report (ECF No. 25 at 8), in which both parties agreed a protective order is necessary in this case, once the parties have exchanged a draft. As set out below, that order resolves the remaining dispute.

To answer your questions directly:

First, I do not object to iDS granting Relativity access to designated EPAM technical employees once the protective order described below is entered.

Second, the same is true of counsel sharing documents made available through the Forensic Protocol with those designated employees under that order.

Third, the proposal below is not conditioned on EPAM disclosing its methodology for promoting documents for review, nor on EPAM making any representation regarding the documents it has not promoted.

For the record, I do not agree that the Forensic Protocol grants EPAM's employees access to these materials. Its operative provisions direct documents to counsel for EPAM. Access for EPAM personnel has been, and remains, an accommodation. EPAM's in-house counsel already received access, at EPAM's request, beyond anything the Protocol requires, and EPAM has not identified any determination it was unable to make or explained why that access is insufficient. The further access below is likewise provided as an accommodation under a protective order, without prejudice to either party's reading of the Protocol, and not pursuant to any obligation the Protocol imposes.

The parties enter a stipulated protective order under which: (1) EPAM designates up to three named technically competent employees, each employed by EPAM's U.S. entity, based in the United States, and executing the standard acknowledgment, which includes consent to this Court's jurisdiction and designation of a U.S. agent for service of process; (2) those employees may review the technical materials in the review set (source code, repositories, packages, and development artifacts, which is where technical judgment is actually needed) through iDS's Relativity workspace, accessed from within the United States; (3) communications, contracts, financial documents, and personal materials remain at the attorneys' level, where technical expertise adds nothing; and (4) all material is used solely for this litigation, consistent with Protocol Section VI(c).

EPAM serves the names, titles, and roles of its proposed reviewers, I have five business days to raise any objection, and iDS implements the access.

Since the stated purpose of this access is to enable EPAM to complete its identification of Confidential Information and Work under Protocol Section III(b)(vi), please confirm that EPAM will serve its Documents to be Remediated Report within fifteen (15) business days of its designated employees receiving access. The parties advised the Court in February that this review and any required remediation would be complete by the end of March (ECF No. 25 at 7-8). The access above removes the last stated impediment to completing it.

I will send you a draft stipulated protective order reflecting these terms by Monday, July 20, and I am available to finalize it next week.

Regards,
Gowtham Rao

On Wed, Jul 15, 2026 at 5:40 PM Oslick, Jacob <JOslick@seyfarth.com> wrote:

> Gowtham,
>
> Thank you for the below. Based on the below, I believe we more or less have an agreement on next steps as to the withheld documents, and will not go to the Court regarding these issues at this time. Regarding the Rule 502 Order, it's our suggestion that we mutually reach out to Judge Beetlestone to see if she has a "standard order" that she can enter. If you are fine with that, let us know.
>
> There is one remaining dispute, which we discussed last week, and intend to seek prompt relief from the Court regarding – you have taken the position that the Forensic Protocol only permits EPAM's attorneys (in-house and outside counsel) to view the documents, and that EPAM's technical employees (*i.e.*, such as the people you worked with) are prohibited from doing so. EPAM vigorously disagrees: the Forensic Protocol contains no such limitation and, in fact, expressly permits EPAM to use the documents

These allegations are offensive and insulting, and make any further meet-and-confers difficult. We did not appreciate spending roughly 20-25 minutes yesterday during the supposed meet-and-confer being lectured by you about your imagined and baseless accusations of EPAM's and Seyfarth's supposed misconduct, and we don't appreciate comments such as the above. We have tried, repeatedly to work with you in good faith, only to receive bad faith, insults, and accusations in return. We don't see any further point in supposed "meet-and-confers," particularly meet-and-confers that you simply misuse as your soap box to give long speeches about EPAM's and Seyfarth's supposed wrongdoing. We have exhausted all efforts to reasonably move this protocol to conclusion and will not abide by further indefinite stalling.

**7. Withheld Inspection Documents Report**: While we had specifically informed you that we wished to discuss the Withheld Inspection Documents Report, you explicitly rejected any discussion on this topic. For purposes of making the written record clear, you have refused to permit even EPAM's attorneys to review 1,063 documents based solely on your representations – such as that the documents are personal, or protected by the spousal and/or attorney-client privileges. However, you have not established any of these claims. You refused, for example, to provide any metadata confirming that any of these documents were shared with your wife or your attorney, and similarly refused to provide any of the information that would ordinarily be found on a privilege log. Further even, if these documents were shared, the applicable privileges would not save the documents from remediation – you aren't allowed to keep copies of EPAM Confidential Information or Work simply by forwarding it to your wife or attorney. Further, we note that 62 of these documents were identified by you as being related to "Project Synapse," *i.e.*, work you did for EPAM's Synapse AI product. Your contention that even Project Synapse documents cannot be shared with EPAM – which owns Project Synapse – is baffling and unsupported. For another example, you refused to release, even for EPAM's review, numerous documents that are marked by your own coding, as being related to your "routine work responsibilities" for EPAM – based on your *ipxe dixit* that the documents are "not a matter of this case." Whether the documents are "a matter of this case" is not your decision to make, without enabling EPAM access to see for itself. For still another example, you have withheld (and refused EPAM access) on numerous other documents based on your opinion that the information is "EPAM client owned." Yet surely EPAM should be permitted to see documents, generated in connection with your EPAM work, even if you are taking the legal position that the information is somehow "owned" by EPAM's clients. Because you refused to even meet-and-confer regarding the documents you withheld, we will seek relief from the Court.

**8. Generative AI Platforms**: You refused to confirm whether you stored, transferred, analyzed, or exchanged any EPAM Confidential Information and/or Work in Generative AI models or platforms, but instead repeated that your former counsel had provided iDS with access to <u>all</u> of your devices and accounts, including any associated with Generative AI models or platforms that were in your possession, custody, or control at the time of the protocol. We informed you that unless you had identified those Generative AI models and/or platforms (such as ChatGPT or Claude), as well as the associated account names, there would have been no method by which iDS could have identified, accessed, or collected any such information. To avoid any doubt, if you retained access to any such platforms or models registered to your gowtham_rao@epam.com account at the time the forensic protocol was signed, those accounts should have certainly been subject to identification and collection of the forensic protocol. You agreed that a confirmation with iDS regarding their collection of information from Generative AI models or platforms was appropriate and we intend to send them the following, targeted questions, as this information is squarely within the protocol:

- Can iDS confirm whether it collected all Google service data from each of Dr. Rao's Google accounts, including data from Gemini (such as prompts, inputs, and/or outputs) pursuant to Section I(e)(iii) of the Forensic Protocol?
- Can iDS confirm whether its collection of Dr. Rao's Google service data contained information from Gemini, including prompts, inputs, and/or outputs?
- Can iDS confirm whether it collected any information from Dr. Rao's devices or accounts associated with Generative AI models or platforms <u>other</u> than Gemini, including prompts, inputs, and/or outputs?

We will proceed with our remedies in Court.

Regards,
Gowtham Rao

---

**Oslick, Jacob** <JOslick@seyfarth.com> Thu, Jul 16, 2026 at 4:35 PM
To: Gowtham Rao <gowthamrao.litigation@gmail.com>
Cc: Gowtham Rao <gowthamrao@gmail.com>, "Christoff, Matthew" <MChristoff@seyfarth.com>, Sarah Lugar <Sarah_Lugar@epam.com>, "Yu, James" <JYu@seyfarth.com>

Gowtham,

In answer to the 2 p.m. deadline, time is of the essence here. We have been going back-and-forth with you for months, and have reached the point where our technical employees need full access **now**– not at some indefinite point in the future. Indeed, they needed that access weeks ago. None of your new proposals below were raised in any of the parties' lengthy oral and written meet-and-confers and, we are concerned, have been asserted now essentially to delay matters further. Nevertheless, our response are below. Because time is of the essence, we need "yes" or "no" answers to the below no later than noon tomorrow.

1) We have no objection to requesting that the Court enter a protective order, but can't condition any agreement on the Court deciding to enter a protective order. Judges often refuse to enter protective orders (*see Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787-88 (3rd Circuit 1994), and Judge Beetlestone specifically sets forth that she only approves them for "good cause shown." (Judge Beetlestone Policies and Practices, Section III(D).) We would instead suggest entering into a confidentiality stipulation with you, and then request that the Court endorse the stipulation as a protective order under *Pansy*. The confidentiality stipulation would remain effective either way (courts can enforce stipulations between the parties), even if Judge Beetlesetone refuses to enter it as a protective order.

However, EPAM's technical employees need access **today** – we cannot waste any time going through numerous additional rounds of negotiations and "meet and confers" with you about the text of a condition you just suggested today. We have already agreed, under the Forensic Protocol, that the materials would be used solely for purpose of this litigation. To allay any additional concerns, we would also agree, **through this email correspondence**, to keep any materials viewed by the technical employees as "confidential," and to instruct the technical employees to do the same, subject to the standard carve-outs seen in virtually all confidentiality agreements. For a few examples, we may need to share certain documents with retained experts, and may need at some point to file them in Court.

This is our final offer. It is not subject to additional negotiation. Please let us know "yes" or "no" if this is acceptable to you.

2) EPAM's technical employees must have full access to all the documents. This is not up for negotiation, and represents our final offer. We cannot agree that technical employees not be given access to "communications, contracts, financial documents, and personal materials." Those documents can easily contain EPAM Confidential Information and/or Work. You may, for example, have downloaded "communications, contracts, financial documents, and personal materials" from EPAM, or copied or typed EPAM Confidential Information and/or Work into additional documents (including "communications" such as emails).

Please confirm, "yes" or "no," whether you agree that EPAM's technical employees can have access to all the documents that EPAM's counsel have access to.

3) While your demand is without basis, EPAM will agree that, unless you serve formal discovery requests, it will limit the number of technical employees it shares access with to three persons. However, you do not have any right to restrict access to employees based in the United States, or based on which EPAM entity is the individual's legal employer. You worked with people around the world, and the most knowledgeable people at EPAM may be persons who reside outside the United States, or may be employed by different EPAM legal entities. Further, you do not get veto power over EPAM's choices, nor do you get to delay this process an additional five days. Once again, EPAM's technical employees need access **now**, not five days from now or, worse, at some indefinite future point after we resolve yet more objections from you after more meet-and-confers. And EPAM's counsel needs to share the documents with the persons best suited to understand them – you have zero right to inhibit our ability to represent our client by vetoing whom we share documents with. Further, if you serve formal discovery, the three person limit goes away and EPAM can share documents with whomever it believes may assist it with responding to discovery – without giving you any prior notice of whom or what we are sharing (all such information would infringe on work product).

This is our final offer. It is not subject to further negotiation. Please confirm "yes" or "no" if you accept it.

4) We already identified the documents for which we requested remediation, specifically identifying 6693 documents. You objected to each and every one, without supplying a basis. That is part of the reason why we are here, and part of why EPAM's technical employees need access. We cannot agree on any artificial time limits.

5) If we cannot reach a final resolution, we will need to promptly seek relief from Judge Beetlestone. Pursuant to the Stipulated Consent Order (ECF #20, Paragraph 3), a party seeking to file the Forensic Protocol must "submit a consented to motion requesting leave from the Court to file it under seal." If we cannot reach agreement, please confirm in writing that we can file such a "consented to motion."

Again, this is our final offer. It is not subject to further negotiation. Please confirm "yes" or "no" if you accept it.

Jacob

**Jacob Oslick** | Counsel | Seyfarth Shaw LLP
620 Eighth Avenue | New York, New York 10018-1405
Direct: +1-212-218-6480 | Mobile: +1-917-613-2523
N.Y. Bar No. 4275699; Pa. Bar No. 311028
JOslick@seyfarth.com | www.seyfarth.com

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** Gowtham Rao <gowthamrao.litigation@gmail.com>
**Sent:** Thursday, July 16, 2026 1:36 PM
**To:** Oslick, Jacob <JOslick@seyfarth.com>
**Cc:** Gowtham Rao <gowthamrao@gmail.com>; Christoff, Matthew <MChristoff@seyfarth.com>; Sarah Lugar <Sarah_Lugar@epam.com>; Yu, James <JYu@seyfarth.com>
**Subject:** Re: EPAM vs Rao - 2026-07-08 - Meet and Confer

Jacob,

Your email requests answers to three questions by 2 p.m. today. That deadline appears nowhere in the Forensic Protocol or in any order of the Court. I am responding promptly and substantively regardless, because this dispute is resolvable without motion practice.

On the Rule 502 order, I agree with your suggestion. A joint outreach to Judge Beetlestone's chambers asking whether she has a standard form order makes sense. I suggest the same outreach address the stipulated protective order contemplated by the parties' Rule 26(f) report (ECF No. 25 at 8), in which both parties agreed a protective order is necessary in this case, once the parties have exchanged a draft. As set out below, that order resolves the remaining dispute.

To answer your questions directly:

First, I do not object to iDS granting Relativity access to designated EPAM technical employees once the protective order described below is entered.

Second, the same is true of counsel sharing documents made available through the Forensic Protocol with those designated employees under that order.

Third, the proposal below is not conditioned on EPAM disclosing its methodology for promoting documents for review, nor on EPAM making any representation regarding the documents it has not promoted.

For the record, I do not agree that the Forensic Protocol grants EPAM's employees access to these materials. Its operative provisions direct documents to counsel for EPAM. Access for EPAM personnel has been, and remains, an accommodation. EPAM's in-house counsel already received access, at EPAM's request, beyond anything the Protocol requires, and EPAM has not identified any determination it was

**7. Withheld Inspection Documents Report**: While we had specifically informed you that we wished to discuss the Withheld Inspection Documents Report, you explicitly rejected any discussion on this topic. For purposes of making the written record clear, you have refused to permit even EPAM's attorneys to review 1,063 documents based solely on your representations – such as that the documents are personal, or protected by the spousal and/or attorney-client privileges. However, you have not established any of these claims. You refused, for example, to provide any metadata confirming that any of these documents were shared with your wife or your attorney, and similarly refused to provide any of the information that would ordinarily be found on a privilege log. Further even, if these documents were shared, the applicable privileges would not save the documents from remediation – you aren't allowed to keep copies of EPAM Confidential Information or Work simply by forwarding it to your wife or attorney. Further, we note that 62 of these documents were identified by you as being related to "Project Synapse," *i.e.*, work you did for EPAM's Synapse AI product. Your contention that even Project Synapse documents cannot be shared with EPAM – which owns Project Synapse – is baffling and unsupported. For another example, you refused to release, even for EPAM's review, numerous documents that are marked by your own coding, as being related to your "routine work responsibilities" for EPAM – based on your *ipxe dixit* that the documents are "not a matter of this case." Whether the documents are "a matter of this case" is not your decision to make, without enabling EPAM access to see for itself. For still another example, you have withheld (and refused EPAM access) on numerous other documents based on your opinion that the information is "EPAM client owned." Yet surely EPAM should be permitted to see documents, generated in connection with your EPAM work, even if you are taking the legal position that the information is somehow "owned" by EPAM's clients. Because you refused to even meet-and-confer regarding the documents you withheld, we will seek relief from the Court.

**8. Generative AI Platforms**: You refused to confirm whether you stored, transferred, analyzed, or exchanged any EPAM Confidential Information and/or Work in Generative AI models or platforms, but instead repeated that your former counsel had provided iDS with access to <u>all</u> of your devices and accounts, including any associated with Generative AI models or platforms that were in your possession, custody, or control at the time of the protocol. We informed you that unless you had identified those Generative AI models and/or platforms (such as ChatGPT or Claude), as well as the associated account names, there would have been no method by which iDS could have identified, accessed, or collected any such information. To avoid any doubt, if you retained access to any such platforms or models registered to your gowtham_rao@epam.com account at the time the forensic protocol was signed, those accounts should have certainly been subject to identification and collection of the forensic protocol. You agreed that a confirmation with iDS regarding their collection of information from Generative AI models or platforms was appropriate and we intend to send them the following, targeted questions, as this information is squarely within the protocol:

- Can iDS confirm whether it collected all Google service data from each of Dr. Rao's Google accounts, including data from Gemini (such as prompts, inputs, and/or outputs) pursuant to Section I(e)(iii) of the Forensic Protocol?

- Can iDS confirm whether its collection of Dr. Rao's Google service data contained information from Gemini, including prompts, inputs, and/or outputs?

- Can iDS confirm whether it collected any information from Dr. Rao's devices or accounts associated with Generative AI models or platforms <u>other</u> than Gemini, including prompts, inputs, and/or outputs?

We will proceed with our remedies in Court.

Regards,
Gowtham Rao

---

**Oslick, Jacob** <JOslick@seyfarth.com> Fri, Jul 17, 2026 at 11:32 AM
To: Gowtham Rao <gowthamrao.litigation@gmail.com>
Cc: Gowtham Rao <gowthamrao@gmail.com>, "Christoff, Matthew" <MChristoff@seyfarth.com>, Sarah Lugar <Sarah_Lugar@epam.com>, "Yu, James" <JYu@seyfarth.com>

Gowtham,

While we cannot agree that our employees' access to the documents be conditioned on a confidentiality agreement being finalized, or a protective order being entered (condition that could result in lengthy and unpredictable delays), to advance the ball we have gone ahead and prepared a confidentiality agreement.

This draft is acceptable to us as both a confidentiality agreement, and as a proposed protective order to submit to the Court.

Please let us know if this agreement is acceptable to you.

**Jacob Oslick** | Counsel | Seyfarth Shaw LLP
620 Eighth Avenue | New York, New York 10018-1405
Direct: +1-212-218-6480 | Mobile: +1-917-613-2523
N.Y. Bar No. 4275699; Pa. Bar No. 311028
JOslick@seyfarth.com | www.seyfarth.com

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** Oslick, Jacob
**Sent:** Thursday, July 16, 2026 4:35 PM
**To:** 'Gowtham Rao' <gowthamrao.litigation@gmail.com>
**Cc:** Gowtham Rao <gowthamrao@gmail.com>; Christoff, Matthew <MChristoff@seyfarth.com>; Sarah Lugar <Sarah_Lugar@epam.com>; Yu, James <JYu@seyfarth.com>
**Subject:** RE: EPAM vs Rao - 2026-07-08 - Meet and Confer

Gowtham,

In answer to the 2 p.m. deadline, time is of the essence here. We have been going back-and-forth with you for months, and have reached the point where our technical employees need full access **now**– not at some indefinite point in the future. Indeed, they needed that access weeks ago. None of your new proposals below were raised in any of the parties' lengthy oral and written meet-and-confers and, we are concerned, have been asserted now essentially to delay matters further. Nevertheless, our response are below. Because time is of the essence, we need "yes" or "no" answers to the below no later than noon tomorrow.

1) We have no objection to requesting that the Court enter a protective order, but can't condition any agreement on the Court deciding to enter a protective order. Judges often refuse to enter protective orders (*see Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787-88 (3rd Circuit 1994), and Judge Beetlestone specifically sets forth that she only approves them for "good cause shown." (Judge Beetlestone Policies and Practices, Section III(D).) We would instead suggest entering into a confidentiality stipulation with you, and then request that the Court endorse the stipulation as a protective order under *Pansy*. The confidentiality stipulation would remain effective either way (courts can enforce stipulations between the parties), even if Judge Beetlesetone refuses to enter it as a protective order.

However, EPAM's technical employees need access **today** – we cannot waste any time going through numerous additional rounds of negotiations and "meet and confers" with you about the text of a condition you just suggested today. We have already agreed, under the Forensic Protocol, that the materials would be used solely for purpose of this litigation. To allay any additional concerns, we would also agree, **through this email correspondence**, to keep any materials viewed by the technical employees as "confidential," and to instruct the technical employees to do the same, subject to the standard carve-outs seen in virtually all confidentiality agreements. For a few examples, we may need to share certain documents with retained experts, and may need at some point to file them in Court.

This is our final offer. It is not subject to additional negotiation. Please let us know "yes" or "no" if this is acceptable to you.

client owned." Yet surely EPAM should be permitted to see documents, generated in connection with your EPAM work, even if you are taking the legal position that the information is somehow "owned" by EPAM's clients. Because you refused to even meet-and-confer regarding the documents you withheld, we will seek relief from the Court.

**8. Generative AI Platforms**: You refused to confirm whether you stored, transferred, analyzed, or exchanged any EPAM Confidential Information and/or Work in Generative AI models or platforms, but instead repeated that your former counsel had provided iDS with access to all of your devices and accounts, including any associated with Generative AI models or platforms that were in your possession, custody, or control at the time of the protocol. We informed you that unless you had identified those Generative AI models and/or platforms (such as ChatGPT or Claude), as well as the associated account names, there would have been no method by which iDS could have identified, accessed, or collected any such information. To avoid any doubt, if you retained access to any such platforms or models registered to your gowtham_rao@epam.com account at the time the forensic protocol was signed, those accounts should have certainly been subject to identification and collection of the forensic protocol. You agreed that a confirmation with iDS regarding their collection of information from Generative AI models or platforms was appropriate and we intend to send them the following, targeted questions, as this information is squarely within the protocol:

- Can iDS confirm whether it collected all Google service data from each of Dr. Rao's Google accounts, including data from Gemini (such as prompts, inputs, and/or outputs) pursuant to Section I(e)(iii) of the Forensic Protocol?
- Can iDS confirm whether its collection of Dr. Rao's Google service data contained information from Gemini, including prompts, inputs, and/or outputs?
- Can iDS confirm whether it collected any information from Dr. Rao's devices or accounts associated with Generative AI models or platforms other than Gemini, including prompts, inputs, and/or outputs?

We will proceed with our remedies in Court.

Regards,
Gowtham Rao

---

**Oslick, Jacob** <JOslick@seyfarth.com> Fri, Jul 17, 2026 at 1:26 PM
To: Gowtham Rao <gowthamrao.litigation@gmail.com>
Cc: Gowtham Rao <gowthamrao@gmail.com>, "Christoff, Matthew" <MChristoff@seyfarth.com>, Sarah Lugar <Sarah_Lugar@epam.com>, "Yu, James" <JYu@seyfarth.com>

Gowtham,

There have been no "shifting demands" from us. We have been consistent, for months, that our technical employees need access. The only "shifting demands" have been the various irrational pre-conditions and restrictions that you have sought to unilaterally impose on us, despite the Forensic Protocol imposing no restrictions whatsoever on our use of the documents – other than they must be used for litigation purpose. Frankly, our agreement to limit access to just three employees (which is conditioned on this dispute being resolved without court intervention) is itself a major restriction for which there is no basis in the forensic protocol.

We are out-of-time, and intend to proceed with filing a discovery letter with Judge Beetlestone this afternoon. However, in the hope that this dispute can be resolved before a discovery conference actually takes place, we will represent that two of those employees will be Dmitrii Ilin and Lucy McDermott. We would select a third employee later on. While they will eventually need Relativity access, in the interim, we can share documents with these employees in other ways (e.g., a screenshare). Please confirm your agreement with that.

As set forth below, if you serve formal discovery, this three person limit goes away.

If the matter goes to a decision before Judge Beetlestone, we will insist on full and unrestricted access for any EPAM employee with a litigation need-to-know – not merely with three employees.

Jacob

**Jacob Oslick** | Counsel | Seyfarth Shaw LLP
620 Eighth Avenue | New York, New York 10018-1405
Direct: +1-212-218-6480 | Mobile: +1-917-613-2523
N.Y. Bar No. 4275699; Pa. Bar No. 311028
JOslick@seyfarth.com | www.seyfarth.com

Seyfarth

---

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---

**From:** Gowtham Rao <gowthamrao.litigation@gmail.com>
**Sent:** Friday, July 17, 2026 12:58 PM
**To:** Oslick, Jacob <JOslick@seyfarth.com>
**Cc:** Gowtham Rao <gowthamrao@gmail.com>; Christoff, Matthew <MChristoff@seyfarth.com>; Sarah Lugar <Sarah_Lugar@epam.com>; Yu, James <JYu@seyfarth.com>
**Subject:** Re: EPAM vs Rao - 2026-07-08 - Meet and Confer

Jacob,

I am concerned by the extreme urgency and shifting demands regarding this matter, and I need more time to review everything properly.

If I were to contact iDS to recommend Relativity access to certain EPAM employees, I need to know who those individuals are. Please provide the names of the employees you are requesting access.

Regards,
Gowtham Rao

On Fri, Jul 17, 2026, 11:34 AM Oslick, Jacob <JOslick@seyfarth.com> wrote:

- Can iDS confirm whether it collected all Google service data from each of Dr. Rao's Google accounts, including data from Gemini (such as prompts, inputs, and/or outputs) pursuant to Section I(e)(iii) of the Forensic Protocol?

- Can iDS confirm whether its collection of Dr. Rao's Google service data contained information from Gemini, including prompts, inputs, and/or outputs?

- Can iDS confirm whether it collected any information from Dr. Rao's devices or accounts associated with Generative AI models or platforms other than Gemini, including prompts, inputs, and/or outputs?

We will proceed with our remedies in Court.

Regards,
Gowtham Rao

---

**Gowtham Rao** <gowthamrao.litigation@gmail.com> Fri, Jul 17, 2026 at 1:49 PM
To: "Oslick, Jacob" <JOslick@seyfarth.com>
Cc: Gowtham Rao <gowthamrao@gmail.com>, "Christoff, Matthew" <MChristoff@seyfarth.com>, Sarah Lugar <Sarah_Lugar@epam.com>, "Yu, James" <JYu@seyfarth.com>

Thank you, Jacob. Since Lucy McDermott is a US based employee subject to court jurisdiction, I have emailed iDS recommending access for her. This authorization is an ongoing additional concession. Now two EPAM employees are on the authorized list - Sarah Lugar (EPAM internal counsel) and EPAM's technical resource (Lucy).

Gowtham

On Fri, Jul 17, 2026 at 1:26 PM Oslick, Jacob <JOslick@seyfarth.com> wrote:

> Gowtham,
>
> There have been no "shifting demands" from us. We have been consistent, for months, that our technical employees need access. The only "shifting demands" have been the various irrational pre-conditions and restrictions that you have sought to unilaterally impose on us, despite the Forensic Protocol imposing no restrictions whatsoever on our use of the documents – other than they must be used for litigation purpose. Frankly, our agreement to limit access to just three employees (which is conditioned on this dispute being resolved without court intervention) is itself a major restriction for which there is no basis in the forensic protocol.
>
> We are out-of-time, and intend to proceed with filing a discovery letter with Judge Beetlestone this afternoon. However, in the hope that this dispute can be resolved before a discovery conference actually takes place, we will represent that two of those employees will be Dmitrii Ilin and Lucy McDermott. We would select a third employee later on. While they will eventually need Relativity access, in the interim, we can share documents with these employees in other ways (e.g., a screenshare). Please confirm your agreement with that.
>
> As set forth below, if you serve formal discovery, this three person limit goes away.
>
> If the matter goes to a decision before Judge Beetlestone, we will insist on full and unrestricted access for any EPAM employee with a litigation need-to-know – not merely with three employees.
>
> Jacob