Seyfarth

**Seyfarth Shaw LLP**
620 Eighth Avenue
New York, New York 10018
**T** (212) 218-5500
**F** (212) 218-5526

joslick@seyfarth.com
T (212) 218-6480

www.seyfarth.com

July 21, 2026

**VIA ECF**

The Honorable Wendy Beetlestone, U.S.D.J.
United States District Court for the Eastern District of Pennsylvania
601 Market Street
Philadelphia, Pennsylvania 19106-1797

**Re: EPAM Systems, Inc. v. Rao, Case No. 2:25-cv-06260-WB**

Dear Judge Beetlestone:

We write on behalf of Plaintiff/Counter-Defendant EPAM Systems, Inc. ("EPAM") to respond to Defendant/Counter-Plaintiff Gowtham Rao's letter of July 20, 2026, both to narrow the issues in dispute and correct certain misstatements in Mr. Rao's correspondence. In brief:

1. Contents of the Forensic Protocol: Mr. Rao essentially argues that the Forensic Protocol imposes an "attorney eyes' only" restriction, which prohibits EPAM from showing documents to non-attorneys, with anything beyond that a concession by him. Because the parties agreed that sealing the Protocol (without exhibits) was unnecessary, the Court can review it for itself. (ECF #55.) In brief, nothing in the Protocol prohibits EPAM from sharing documents with non-attorneys. The Protocol's only restriction is that "copies of documents created and/or identified in this protocol shall be used for the purposes of this Litigation only and for no other purpose." (*Id.* § VI(c).) Showing "copies of documents" to technical employees to understand their contents and obtain testimony regarding them is, clearly, a valid litigation purpose.

2. Mr. Ilin and Non-U.S. Employees: Mr. Rao implies that he proposed a "solution" to the problem of "offshore" EPAM employees accessing documents – that "each reviewer sign a one-page undertaking" confirming confidentiality and consent to the Court's jurisdiction. (ECF #54-2.) He did not. His proposal was limited to employees "based in the United States." (ECF #54-4 at 8.) So the record is clear, EPAM is fine with requiring employees outside the United States to sign the kind of one-page acknowledgement that Mr. Rao has now proposed, in order to receive access to the documents. In fact, yesterday, after receiving Mr. Rao's opposition letter, EPAM conveyed this offer to Mr. Rao. (*See* Ex. 1.) He has not yet responded, despite sending six meet-and-confer emails to EPAM's attorneys about a different matter. Further, EPAM's employees must receive unrestricted access now: Mr. Rao's latest offer, as to a U.S.-based employee, was conditioned on an undefined "release plan" and "search strategy" (ECF #54-5 at 4.)

Mr. Rao also objects to one foreign-based employee, Dmitrii Ilin, receiving access to the documents because he supposedly cannot be compelled to appear for deposition, would be "shielded from cross-examination," and EPAM "has not confirmed" his location. (ECF #54 at 1-2.) Mr. Rao raised none of these issues during the parties' lengthy meet-and-confers. To be clear, and as EPAM informed Mr. Rao yesterday, without yet receiving a response from him, EPAM will make Mr. Ilin available for a deposition at the appropriate time (which we ask be conducted remotely). (*See* Ex. 1.) If Mr. Ilin, after reviewing the documents, has testimony to provide—whether by declaration or otherwise—EPAM will make him available to testify at the hearing on its spoliation motion scheduled for September (though it would request that he be permitted to testify remotely). (*Id.*) Further, Mr. Ilin lives in the Czech Republic.

Mr. Rao further argues that providing access to his "personal, forensic data to the very offshore employee population my counterclaims implicate is a profound conflict of interest." (ECF #54 at 2.) To begin, whether the documents constitute Mr. Rao's "personal, forensic data" or, instead, consists of Confidential Information and Work that Mr. Rao pilfered from EPAM is central to this litigation, and why the people with the best knowledge (such as Mr. Ilin) need access. As to Mr. Rao's other statements, EPAM was not aware of Mr. Ilin or any foreign employee being "implicat[ed]" in Mr. Rao's counterclaims, which concern (unfounded) allegations of retaliation by U.S.-based personnel. But, if Mr. Rao's newfound contention is correct, that only augments *why* Mr. Ilin must receive access to the documents. Mr. Rao cannot assert counterclaims against EPAM, and yet force EPAM to defend those claims with one hand tied behind its back.

3. Number of Employees: Mr. Rao demands that the Court issue a protective order limiting EPAM to sharing the documents with three employees only. As EPAM repeatedly expressed to Mr. Rao—while this restriction has no basis in the Forensic Protocol—it is fine with that restriction, for now, so long as Mr. Rao does not serve discovery. (*See* ECF #54 at 2 & #54-4.) But if Mr. Rao serves discovery, then EPAM needs to be able to investigate and respond to Mr. Rao's requests with "any EPAM resource it deems necessary for the prosecution and defense of its case." (ECF #54-4.) Once again, EPAM can't prosecute its claims or defend against Mr. Rao's counterclaims with one-hand tied behind its back.

4. Alleged "Open Source" Documents: Mr. Rao contends that "the record shows" that 93% of the documents that EPAM has claimed as confidential are "open source." (ECF #54.) The record confirms no such thing. But, again, Mr. Rao's contention that the applicable files are "open source" further cements why EPAM's technical employees (such as Mr. Ilin) need access to these documents – so they can review them and either provide testimony about how the files *differ* from open-source information or, if Mr. Rao happens to be correct (and EPAM believes he's wrong), confirm the accuracy of Mr. Rao's statements. Lawyers are ill-suited for this task, which exemplifies why Mr. Rao's interpretation of the Forensic Protocol flies in the face of not only the Protocol's plain text, but common sense. If Mr. Rao is going to contend (indeed does contend, via the declaratory judgment he seeks in his Counterclaim V) that the files he wrongfully downloaded

from EPAM were "open source," and not EPAM's property, than EPAM needs to give its most knowledgeable resources access to the documents—even if they happen to live in Europe.

5. Mr. Rao's Other Contentions: Aside from the limited issue raised by EPAM's letter, which concerned the ability of its technical employees to access documents, Mr. Rao also makes several other contentions, some of which contain misrepresentations. While these issues are not properly before the Court, EPAM must make the record clear:

Mr. Rao claims that EPAM stated that it would be "difficult if not impossible" to evaluate whether the files contained EPAM's Confidential Information. (ECF #54 at 3.) That is false. As reflected in correspondence that Mr. Rao did not include in his submission, EPAM responded that Confidential Information has the definition found in his Employment Covenants Agreement and that, if an amicable resolution did not occur, the Court would decide which files qualified. As to Mr. Rao's claims about how we supposedly represented that we "didn't know" what we were looking for, we actually stated that EPAM's counsel—as attorneys—didn't know every document that might be Confidential Information, which is why technical employees needed access.

Mr. Rao also claims that the Forensic Protocol requires EPAM to "review and classify" the 79,000 files that EPAM has not yet reviewed, and seeks a court order forcing EPAM to do so. (ECF #54 at 4-5.) The Forensic Protocol imposes no such burden on EPAM, nor should the Court. The documents at issue are files that EPAM—based on the limited information available (*e.g.*, search term hits) —has *not yet* chosen to review. EPAM has not yet asked that these files be remediated, nor specifically claimed them as Confidential Information or Work, nor specifically sought relief for them. But discovery is in its infancy. EPAM could learn information which would cause it to reassess the original work product criteria it used to determine what documents it believed were worth reviewing. There is no basis for imposing any artificial time limit on EPAM.

Mr. Rao additionally claims that EPAM refused to provide "download logs." (ECF #54.) Incorrect. EPAM provided the relevant download logs, and did everything the Protocol required. When Mr. Rao demanded other logs, EPAM stated that it would take this request back to EPAM, if this was all Mr. Rao wanted to resolve the dispute about EPAM's technical employees getting access to the documents. (*See* ECF #54-6 at 4-5.) It was Mr. Rao who then insisted upon additional, and grossly unacceptable conditions. (*Id.* at 5.) Regardless, Mr. Rao's desire for EPAM business records that are not contemplated to be released by the Protocol are correctly requested and responded to via a discovery request, which EPAM has not received.

Mr. Rao further claims that EPAM "rejected all neutral solutions" to the roughly 1,000 documents that he has claimed as privileged or otherwise withheld. (ECF #54 at 4-5.) This is false. In fact, EPAM proposed a comprehensive solution that included Mr. Rao supplying a privilege log. (*See* ECF #54-5 at 5.) And EPAM understood that Mr. Rao had accepted that proposal. Mr. Rao's proffered examples of withheld documents – such as a patent application submitted to the government, shows why a privilege log is necessary. (ECF #54 at 4; ECF #54-5 at 5.)

Respectfully submitted,

*/s/ Jacob Oslick*

Jacob Oslick

cc: Gowtham Rao, *pro se* (via email)

# EXHIBIT 1

**Oslick, Jacob**

| | |
|---|---|
| **From:** | Oslick, Jacob |
| **Sent:** | Monday, July 20, 2026 2:04 PM |
| **To:** | 'Gowtham Rao' |
| **Cc:** | Christoff, Matthew |
| **Subject:** | RE: EPAM vs Rao - (Courtesy copy) - Response to EPAM's Discovery Letter (ECF No. 53) |

Gowtham,

We reviewed your response letter. In the interest of resolving the dispute before Wednesday's conference, please see the below:

1. For the first time, you base your objection to Mr. Ilin receiving documents because you "cannot compel their appearance for a deposition, any declarations they supply would be shielded from cross-examination." We represent to you that we will make Mr. Ilin available for deposition at the appropriate time. Further, if after reviewing the documents, he has testimony to give (whether via declaration or otherwise), we will make him available to testify at the September hearing regarding our spoliation motion – though we would ask that you agree that he can appear remotely/telephonically.

2. We have no objection (and never had any objection) to Mr. Ilin, or any employee of EPAM or its subsidiaries, signing a one-page acknowledgment as to confidentiality and consenting to the jurisdiction of the Court as a condition for viewing the documents.

3. We reiterate that we agree to your unliterally-imposed three person limit, so long as you don't serve discovery. If you serve discovery, and we believe that we need to share documents with additional people in order to respond to discovery and/or litigate this case. By way of example, we can't be expected to respond to discovery while being unable to share documents with people who might have the knowledge we'd need to answer that discovery.

If these terms are acceptable to you, and you agree that we can give the three individuals (including Mr. Ilin) immediate and unrestricted access to the documents after the confidentiality acknowledgement is signed, then we can write the Court and inform the Court that the conference can be cancelled. While you raise a number of other issues, we don't believe they are appropriately before the Court at this time. By way of example, we understand that any disputes as to privilege are not ripe, because you agreed to produce a privilege log.

Jacob

---

**From:** Gowtham Rao <gowthamrao@gmail.com>
**Sent:** Monday, July 20, 2026 10:24 AM
**To:** Oslick, Jacob <JOslick@seyfarth.com>
**Cc:** Mike Beck <Mike_Beck@paed.uscourts.gov>
**Subject:** Re: EPAM vs Rao - (Courtesy copy) - Response to EPAM's Discovery Letter (ECF No. 53)

**This Message Is From an External Sender**
This message came from outside your organization.

Hi Mr. Beck and Mr. Oslick - I am available tomorrow or the day after at all those times.

Thank you for the quick response.

Mr. Oslick, please see the attachment.

Gowtham

On Mon, Jul 20, 2026 at 10:12 AM Oslick, Jacob <JOslick@seyfarth.com> wrote:

Mr. Beck –

I can make any of these times on 7/21 and 7/22 work. I am also free on July 27. However, given our 7/29 date for filing the spoliation motion, I would strongly prefer the available times on 7/21 and 7/22 – so that we have sufficient time to share the documents with the appropriate internal technical employees before filing the motion. I can also provide dialing information.

Separately, I have not received a copy of Mr. Rao's response to our motion, and was not copied on his correspondence below. I would ask that he send me a copy as soon as possible.

Respectfully submitted,

Jacob Oslick

**Jacob Oslick** | Counsel | Seyfarth Shaw LLP
620 Eighth Avenue | New York, New York 10018-1405
Direct: +1-212-218-6480 | Mobile: +1-917-613-2523
N.Y. Bar No. 4275699; Pa. Bar No. 311028
JOslick@seyfarth.com | www.seyfarth.com

Seyfarth

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** Mike Beck <Mike_Beck@paed.uscourts.gov>
**Sent:** Monday, July 20, 2026 10:06 AM
**To:** Gowtham Rao <gowthamrao@gmail.com>; Oslick, Jacob <JOslick@seyfarth.com>
**Subject:** RE: EPAM vs Rao - (Courtesy copy) - Response to EPAM's Discovery Letter (ECF No. 53)

Counsel and Deft,

Judge Beetlestone wants a call with the parties here are  times please get back to me what day and time is best ,.

7/21 at 1030, 1100

7/22 at 200, 230 , 300

7/27 at 200, 230, 300

Mr Oslick please provide us with a Dial in Conference for us to call into

Mike Beck

Deputy to Judge Beetlestone

**From:** Gowtham Rao <gowthamrao@gmail.com>
**Sent:** Monday, July 20, 2026 9:52 AM
**To:** Mike Beck <Mike_Beck@paed.uscourts.gov>
**Subject:** EPAM vs Rao - (Courtesy copy) - Response to EPAM's Discovery Letter (ECF No. 53)

**CAUTION - EXTERNAL:**

Dear Mike,

I hope you had a good weekend.

Following the discovery dispute letter submitted by EPAM last Friday, I have submitted my response this morning via the pro-se submission system.

Please see the attached courtesy copy of my response letter.

Thank you,

Gowtham Rao

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.