IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EPAM SYSTEMS, INC.,<br><br>Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>GOWTHAM RAO,<br><br>Defendant/Counterclaim-Plaintiff. | Civil Action No. 2:25-cv-06260 |

**PLAINTIFF/COUNTERCLAIM-DEFENDANT EPAM SYSTEMS, INC.'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE**

Plaintiff/Counterclaim-Defendant EPAM Systems, Inc. ("EPAM"), by its attorneys, submits this Motion, pursuant to Fed. R. Civ. P. 37 and the Court's inherent authority, seeking sanctions against Defendant/Counterclaim-Plaintiff Gowtham Rao ("Rao"), *pro se*. Together with this Motion, EPAM refers the Court to its accompanying Memorandum of Law, supporting Declarations and Exhibits, and Proposed Order.

In sum, the central grounds for this Motion, which are set forth in more detail and with legal support in the accompanying Memorandum of Law, are as follows:

1. On or about November 14, 2025, Rao conducted a "refresh" or "reset" of his primary desktop computer, meaning he reinstalled the Windows operating system, which irreparably destroyed critical forensic data. The "refresh" or reset" occurred just fourteen days after receiving a preservation demand from EPAM, nine days after receiving a spoliation warning from this Court, one week before a scheduled hearing on EPAM's preliminary injunction motion, and while the parties were negotiating a forensic protocol designed precisely to investigate what Rao did with the roughly 44,960 EPAM files he illicitly downloaded from EPAM's systems.

2. In particular, through the refresh/reset, Rao destroyed forensic evidence indicating whether he: (a) copied EPAM files to a USB device, such as a flash drive; (b) transferred EPAM files to a cloud storage account (such as Dropbox), or uploaded them to a generative AI program (such as ChatGPT, Co-Pilot, or Claude) to create derivative works; (c) otherwise copied or incorporated information from EPAM files into "new" files, including through the use of a generative AI platform; (d) deleted files from his desktop computer, such as newly created derivative works, after first transferring them to a USB device or cloud storage account – thus eradicating any trace of such a document once existing on his desktop.

3. The evidence reflects that Rao spoliated evidence intentionally, and in bad faith. As noted above, he spoliated evidence just fourteen days after receiving a preservation demand, nine days after receiving a spoliation warning from this Court, one week before a scheduled hearing on EPAM's preliminary injunction motion, and while the parties were negotiating a forensic protocol. The excuse he provided for his spoliation—that he forget his passwords twice—is nonsensical, particularly given that Rao is highly sophisticated and technologically savvy. Rao must have known that there were less destructive ways of changing a forgotten password. And, if he somehow did not, a simple Google search would have confirmed it. Further, the evidence gathered through the parties' forensic protocol process strongly suggests that Rao had a strong motive for destroying evidence—covering up that he incorporated EPAM trade secrets and/or confidential information into the directly competitive software solution that he is currently marketing through his new company, CoReason. For instance, the evidence reveals that Rao obtained "step-by-step" instructions (likely generated through AI) for re-coding EPAM's "Synapse" software solution anew, and that Rao disclosed to a third-party how he intended to misappropriate intellectual property he developed as an EPAM "rebuild the system from scratch

using his own code." Given this evidence, Rao's motive for wanting to destroy forensic evidence regarding his use of EPAM files to create derivative works is obvious.

4. For the reasons discussed in the memorandum, in light of the seriousness of Rao's conduct, the threat to litigation integrity, and the prejudice to EPAM, terminating sanctions are warranted. Specifically, EPAM requests that the Court enter a default judgment on its claims, and dismiss Rao's Counterclaims with prejudice. EPAM further requests that the Court award it attorneys' fees and costs incurred due to spoliation, including forensic investigation expenses and attorneys' fees (both that it has incur and will incur), and injunctive relief pending a hearing on damages and remedies.

DATED: July 29, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Jacob Oslick*

Jacob Oslick (Pa. Bar No. 311028)
joslick@seyfarth.com
James S. Yu (admitted *pro hac vice*)
jyu@seyfarth.com
Brooke K. Gary (admitted *pro hac vice*)
brgary@seyfarth.com
620 Eighth Avenue,
New York, New York 10018
(212) 218-5500

Matthew Christoff (admitted *pro hac vice*)
mchristoff@seyfarth.com
233 South Wacker Drive, Suite 8000
Chicago, IL 60606
(312) 460-5000

*Attorneys for Plaintiff/Counterclaim-Defendant EPAM Systems, Inc.*