IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EPAM SYSTEMS, INC.,<br><br>Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>GOWTHAM RAO,<br><br>Defendant/Counterclaim-Plaintiff. | Civil Action No. 2:25-cv-06260 |

**DECLARATION OF JACOB OSLICK, ESQ. IN SUPPORT OF PLAINTIFF/COUNTERCLAIM-DEFENDANT EPAM SYSTEMS, INC.'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE**

I, JACOB OSLICK, hereby declare under the penalty of perjury as follows:

1. I am an attorney with the law firm Seyfarth Shaw LLP, attorneys for Plaintiff/Counterclaim-Defendant EPAM Systems, Inc. ("EPAM") in the above-captioned action. I submit this Declaration in support of EPAM's Motion for Sanctions for Spoliation of Evidence. I know the facts in this Declaration to be true based upon my own personal knowledge, information provided to me, and/or a review of the documents associated with this action.

2. On October 31, 2025, after an investigation was performed based on Defendant/Counterclaim-Plaintiff Gowtham Rao ("Rao")'s suspicious conduct and he was subsequently terminated, EPAM sent Rao a cease-and-desist letter and document preservation notice. Attached hereto as **Exhibit 1** is a true and correct copy of the cease-and-desist with document preservation notice dated October 31, 2025 sent to Rao.

3. Enclosed with the cease-and-desist letter and document preservation notice was a copy of Rao's Employment Covenants Agreement with EPAM. Attached hereto as **Exhibit 2** is a true and correct copy of Rao's Employment Covenants Agreement with EPAM effective

November 12, 2024.

4. On November 4, 2025, shortly after sending Rao the cease-and-desist letter, EPAM filed its Complaint in the instant action as well as a motion for a Temporary Restraining Order.

5. Attached hereto as **Exhibit 3** is a true and correct copy of the transcript from the hearing on EPAM's application for a Temporary Restraining Order dated November 5, 2025.

6. In advance of the preliminary injunction hearing, the parties began negotiating a forensic protocol, to govern an agreed-upon inspection of Rao's devices and accounts.

7. In broad strokes, at least from EPAM's perspective, the forensic protocol's intended purpose was to inspect Rao's devices and accounts, search for and identify all EPAM Confidential Information and/or Work (within the meaning of the Employment Covenants Agreement) that Rao had saved to or used on any non-EPAM device or account, determine what Rao did with all such identified EPAM Confidential Information and/or Work (such as whether he copied the information to other devices, or incorporated information from them into derivative works), and remediate all such EPAM Confidential Information and/or Work from those devices or accounts.

8. To facilitate the agreed-upon inspection of Rao's devices and accounts, the parties retained iDS as a neutral forensic examiner.

9. As Rao acknowledges (*see* ECF #44, #44-3), on or about November 14, 2025, he performed what he called a "refresh" (and what iDS called a "reset") of the desktop computer that he used to perform EPAM work.

10. Rao did not inform EPAM of the "refresh" or "reset." EPAM learned about the issue only after iDS discovered the refresh/reset, and brought it to the attention of Rao's former attorneys. EPAM learned about the matter only on January 13, 2026, after receiving an email from Rao's former counsel.

11. Attached as **Exhibit 4** is a true and correct copy of an email thread that Mike Perelman, from iDS, sent to EPAM's counsel on January 14, 2026.

12. Attached hereto as **Exhibit 5** is a true and correct copy of an email thread including Mike Perelman from iDS, EPAM's counsel, and Rao's former counsel dated between February 26, 2026 and March 6, 2026.

13. Attached hereto as **Exhibit 6** is a copy of a document that EPAM's counsel located on Rao's personal Google Drive associated with the gowthamrao@gmail.com account, which was searched as part of the forensic protocol. This copy is true and correct except that: (a) in an abundance of caution, EPAM has redacted the names of certain non-parties mentioned in the document; and (b) to facilitate referencing the document, EPAM has added page numbers. As part of serving this motion, EPAM will serve Rao with an unredacted copy of the document.

14. Attached hereto as **Exhibit 7** is a copy of a document that EPAM's counsel located on Rao's personal Google Drive associated with the gowthamrao@gmail.com account, which was searched as part of the forensic protocol. This copy is true and correct except that: (a) in an abundance of caution, EPAM has redacted the names of certain non-parties mentioned in the document; and (b) to facilitate referencing the document, EPAM has added page numbers. As part of serving this motion, EPAM will serve Rao with an unredacted copy of the document.

15. Attached hereto as **Exhibit 8** is an excerpt of a document that EPAM's counsel located on Rao's personal Google Drive associated with the gowthamrao@gmail.com account, which was searched as part of the forensic protocol. Exhibit 8 consists of pages 116-140 of the document. These excerpts are true and correct except that: (a) in an abundance of caution, EPAM has redacted the names of certain non-parties mentioned in the document, as well as a small amount of confidential information; and (b) to facilitate referencing the document, EPAM has added page

numbers. As part of serving this motion, EPAM will serve Rao with an unredacted, unexcepted copy of the document.

16. Attached hereto as **Exhibit 9** is a copy of a document that EPAM's counsel located on Rao's personal Google Drive associated with the gowthamrao@gmail.com account, which was searched as part of the forensic protocol. According to the metadata collected by iDS, the created date for this document was August 10, 2025, and the last modified date was November 2, 2025. Based on EPAM's review, the document appears to be a meticulous "step-by-step plan" for rebuilding the Synapse platform using new computer code. Accordingly, EPAM believes that it contains trade secrets and/or confidential information. For this reason, the copy that is attached to Exhibit 9 is heavily redacted. EPAM will agree to file an unredacted copy of the document under seal, and/or provide the Court with a copy for its *in camera* review. As part of serving this motion, EPAM will serve Rao with an unredacted copy of the document. To facilitate referencing the document, EPAM has also added page numbers. Aside from the redactions and adding of page numbers, the copy attached as Exhibit 9 is true and correct.

17. Attached hereto as **Exhibit 10** is a copy of a document that EPAM's counsel located on Rao's personal Google Drive associated with the raosubscription@gmail.com, which was searched as part of the forensic protocol. Additional copies of this document were located on both Rao's personal Google Drives associated with the subscriptionrao@gmail.com account and Rao's personal Google Drive associated with the gowthamrao@gmail.com account. Based on EPAM's review, the document appears to be a comparison between Synapse and Perplexity AI. Given the level of detail about Synapse, EPAM believes that it contains trade secrets and/or confidential information. For this reason, the copy that is attached to Exhibit 9 is heavily redacted. EPAM will agree to file an unredacted copy of the document under seal, and/or provide the Court with a

copy for its *in camera* review. As part of serving this motion, EPAM will serve Rao with an unredacted copy of the document. To facilitate referencing the document, EPAM has also added page numbers. Aside from the redactions and adding of page numbers, the copy attached as Exhibit 10 is true and correct.

18. The WHOIS database is a publicly available database which contains the registration data for website domain names. Attached hereto as **Exhibit 11** is a true and correct copy of the "WHOIS" entry for the coreason.ai domain name.

19. Attached hereto as **Exhibit 12** is a true and correct copy of CoReason, Inc.'s Certificate of Incorporation dated October 16, 2025.

20. Attached as **Exhibit 13** is a true and correct copy of an email that EPAM's counsel located within Rao's personal mailbox associated with the subscriptionrao@gmail.com account, which was searched as part of the forensic protocol. This email contains a hyperlink shared by Rao's personal email account, gowthamrao@gmail.com. The second portion of Exhibit 13 consists of a redacted copy of a document that is currently accessible when the hyperlink from the email is clicked, with redactions applied for the purpose of protecting EPAM's confidential information. With minor, non-substantive formatting differences, this document is identical to a document with same filename collected from Rao's personal Google Drive associated with the gowthamrao@gmail.com account. EPAM will agree to file an unredacted copy of the document under seal, and/or provide the Court with a copy for its *in camera* review. As part of serving this motion, EPAM will serve Rao with an unredacted copy of the document. Aside from the redactions, the second portion of Exhibit 13 is true and correct is a true and correct copy of the document.

21. Attached as **Exhibit 14** is a true and correct copy of iDS' January 12, 2026

"Operating System Analysis" report.

22. Attached as **Exhibit 15** is a true and correct copy of the report iDS generated, on or about January 14, 2026, pursuant to Paragraph III(a)(i)(3) of the parties' forensic protocol, listing (per the forensic artifacts available) all removable devices attached to the computer on or after September 1, 2025.

I declare, pursuant to 28 U.S.C. § 1746, under the penalty of perjury that the foregoing is true and correct.

DATED: July 29, 2026

*/s/ Jacob Oslick*
Jacob Oslick