# EXHIBIT A

**From:** Gowtham Rao <gowthamrao.litigation@gmail.com>
**Sent:** Monday, August 10, 2026 7:49 AM
**To:** Oslick, Jacob
**Cc:** Yu, James; Gowtham Rao; Sarah Lugar; Christoff, Matthew
**Subject:** Re: EPAM v. Rao

**This Message Is From an External Sender**
This message came from outside your organization.

Jacob,

Thank you for the time to respond. My positions on the two matters:

**1. Remote testimony — Mr. Ilin.** I do not consent. This is an evidentiary hearing at which EPAM seeks case-ending sanctions; credibility will be central, and Mr. Ilin is a declarant whose statements I intend to cross-examine with documents. Rule 43(a) permits remote testimony only "[f]or good cause in compelling circumstances and with appropriate safeguards," and the travel of the movant's own employee to a hearing the movant scheduled is a foreseeable litigation cost, not a compelling circumstance. Testimony transmitted from the Czech Republic also raises questions that EPAM, as the proponent, would need to address for the Court: the witness would sit beyond the Court's compulsory process and any practical perjury sanction, and evidence taken from a witness on foreign soil for use in a U.S. proceeding implicates the Hague Evidence Convention and the host country's rules on the taking of evidence. If EPAM wishes to present Mr. Ilin, it can bring him to Philadelphia.

**2. Remote testimony — Dr. Greenfield.** My objection is to the remote format, not to Dr. Greenfield personally. He is a retained expert offered in support of terminating sanctions; his cross-examination will be document-intensive, which remote testimony degrades; and a paid expert's travel from California is an ordinary engagement cost under Rule 43(a). This case's own practice confirms that in-person forensic testimony is practicable: for the May 20, 2026 status hearing, EPAM noticed and served a hearing subpoena on the neutral examiner by email on May 19, iDS accepted service the same day, and Mr. Perelman appeared in person the next afternoon. The September 16 hearing is more consequential and more than five weeks away. My position remains that the parties jointly selected iDS as the neutral examiner; Mr. Perelman performed the collection, authored the reports both sides rely on, and is locally based. I intend to request his in-person appearance for September 16, and I ask that EPAM state whether it intends to call him. EPAM is of course free to call its retained expert — in person.

**3. My witnesses.** I do not presently anticipate requesting a remote appearance for any witness.

**4. Sealing and courtroom closure.** I do not consent, with one narrow exception below. In this Circuit, civil hearings are presumptively open under both the common law and the First Amendment; closure requires an overriding interest, specific on-the-record findings, and narrow tailoring. *Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059, 1070–71 (3d Cir. 1984); *In re Avandia Mktg.*, 924 F.3d 662, 672–73 (3d Cir. 2019) (movant must show a "clearly defined and serious injury," document by document). EPAM's memorandum quotes Exhibits 6–10 and 13 at length on the public docket, and the exhibits themselves are publicly filed in redacted form; material a party has itself placed in the public record will not support sealing. *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 343–46 (3d Cir. 1986). The documents are records of my own conversations and materials from my own accounts; I assert no confidentiality in them.

The one interest EPAM's memorandum actually identifies is the privacy of the non-party individuals named in the exhibits. (ECF 58-2 at 10 n.3.) I will consent to narrow measures serving that interest: continuing the "Executive 1/2/3" convention in open-court testimony and in any exhibit displayed publicly. I will not consent to sealing the exhibits wholesale, taking testimony under seal, or closing the courtroom. For clarity, my own sealing request is limited to a single exhibit of my personal records — the narrow, category-based treatment the case law permits — and I have no objection to EPAM seeking the same narrow treatment for any specific material as to which it can make the required showing, identified document by document.

Please treat both requests as objected to, except as stated in point 4.

Gowtham

On Thu, Aug 6, 2026 at 10:10 AM Oslick, Jacob <JOslick@seyfarth.com> wrote:

> Gowtham,
>
> That is fine.
>
> Jacob
>
> **Jacob Oslick** | Counsel | Seyfarth Shaw LLP
> 620 Eighth Avenue | New York, New York 10018-1405
> Direct: +1-212-218-6480 | Mobile: +1-917-613-2523
> N.Y. Bar No. 4275699; Pa. Bar No. 311028
> JOslick@seyfarth.com | www.seyfarth.com
>
> Seyfarth
>
> CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.
>
> ---
>
> **From:** Gowtham Rao <gowthamrao.litigation@gmail.com>
> **Sent:** Thursday, August 6, 2026 10:09 AM
> **To:** Oslick, Jacob <JOslick@seyfarth.com>; Yu, James <JYu@seyfarth.com>
> **Cc:** Gowtham Rao <gowthamrao@gmail.com>; Sarah Lugar <Sarah_Lugar@epam.com>; Christoff, Matthew <MChristoff@seyfarth.com>
> **Subject:** Re: EPAM v. Rao

Hi Jacob,

Thank you for the email. I wanted to acknowledge that I have received it.

Would it be alright if I get back to you with my response on Monday?

Best,
Gowtham

On Wed, Aug 5, 2026 at 8:51 PM Oslick, Jacob <JOslick@seyfarth.com> wrote:

Gowtham,

We intend to ask the Court regarding the following two housekeeping matters. As to each matter, can you let us know if you consent?

1. Remote Appearances: We intend to ask the Court to permit Dmitrii Ilin and our expert, Joe Greenfield, to testify remotely rather than appear in person at the September 16th hearing. Dmitrii is based in the Czech Republic while Dr. Greenfield is based in California. If you consent, and you intend to call your own witnesses that you would like to appear remotely, we would similarly consent to remote appearances for your witnesses (to be clear, per the rules, you can ask questions of our witnesses and we can ask questions of your witnesses). In that case, we would need the names and locations of the witnesses that you would want to appear remotely.

2. Sealing: We intend to move for a protective order permitting certain documents (and related testimony) to be submitted/taken under seal during the September 16th hearing, with the courtroom closed (such as, for example, Exhibits 6- 10, and 13 to the Oslick Declaration). Please let us know if you consent. If there are documents for which you'd request similar treatment, please let us know.

Jacob

**Jacob Oslick** | Counsel | Seyfarth Shaw LLP
620 Eighth Avenue | New York, New York 10018-1405
Direct: +1-212-218-6480 | Mobile: +1-917-613-2523
N.Y. Bar No. 4275699; Pa. Bar No. 311028
JOslick@seyfarth.com | www.seyfarth.com

Seyfarth

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.