**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **EPAM Systems, Inc.,**<br>*Plaintiff/Counterclaim-Defendant,*<br><br>**v.**<br><br>**GOWTHAM RAO, MD, PhD,**<br>*Defendant/Counterclaim-Plaintiff.* | **CIVIL ACTION**<br><br>**NO. 2:25-cv-06260-WB** |

**DEFENDANT/COUNTERCLAIM-PLAINTIFF GOWTHAM RAO'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE**

Defendant/Counterclaim-Plaintiff Gowtham Rao, *pro se*, responds in opposition to EPAM's Motion for Sanctions (ECF 58) pursuant to Local Rule 7.1(c). This Response is supported by the accompanying Memorandum of Law ("Mem."); the Declaration of Gowtham Rao with Exhibits A–Y ("Rao Decl."), Exhibit I of which is the subject of a concurrently filed motion to seal; the Scope Appendix preserving Dr. Rao's denials of the merits assertions in EPAM's papers; and a Proposed Order. Responding to the Motion's four numbered paragraphs:

**1.** Admitted that on November 14, 2025, Dr. Rao ran the Windows built-in recovery on his personal desktop and selected the file-preserving "Keep my files" option; he has never disputed that the refresh occurred, and the neutral examiner declined to opine on its basis. (Mem. § II ¶¶ 6–11; Rao Decl. ¶¶ 37–46, 55, 64.) Denied that the repair "irreparably destroyed critical forensic data": user files were preserved, the Master File Table remained intact, and EPAM has not identified electronically stored information that was lost and cannot be restored or replaced from the sources that exist. (Mem. § V.A; Rao Decl. ¶¶ 60–61.) The remaining characterizations of timing and of the parties' protocol discussions are denied as characterized; the sequence of events is set out with record citations in the Counter-Statement of Facts. (Mem. § II.)

**2.** Denied. Paragraph 2 does not identify lost information; it enumerates speculation about what absent artifacts might have shown. The neutral's own reporting establishes that USB registry data records device connections, not file transfers; no report of the neutral identifies any forensic-deletion software; and EPAM retains its own complete download logs, the intact file system, and the neutral's extractions. (Mem. §§ V.A, V.D.)

**3.** Denied. The contemporaneous record—filed by EPAM itself—shows documented, escalating troubleshooting of a malfunctioning machine over roughly twenty hours, ending in the one repair path engineered to preserve user files, on a computer for which Dr. Rao had proposed a supervised remediation ten days earlier. (Mem. § V.D ¶¶ 1–5.) The "lost password excuse" EPAM recites compresses the record. Dr. Rao's contemporaneous report (ECF 44-3) documented that during an effort to segregate personal and corporate accounts, local-account passwords were misplaced and, beyond that, the Windows sign-on screen stopped rendering accounts—a systemic operating-system malfunction that online password-reset pages cannot cure, and a condition EPAM's own memorandum acknowledges he reported. (ECF 44-3 at 1; ECF 58-2 at 21; Mem. § II ¶¶ 5–6; Rao Decl. ¶¶ 37–40.) EPAM's claimed motive evidence is answered by its own exhibits. The AI-generated conceptual architecture document (Oslick Ex. 9) was authorized work performed during employment on EPAM-funded tools, and the transition conversation notes (Oslick Exs. 6–8) document plans to consult legal counsel to ensure compliance—all of which Dr. Rao preserved, unaltered, until collected by the neutral examiner. (Mem. § V.D ¶¶ 6–7; Rao Decl. ¶¶ 12–14, 21–23.) Denied that Dr. Rao acted intentionally, in bad faith, or with intent to deprive any party of information. (Mem. § V.D.)

**4.** Denied that any sanction is warranted, and denied that the requested relief could issue on this record. Terminating sanctions require a finding of intent to deprive under Rule 37(e)(2)

that the record does not permit; the requests for fees, injunctive relief, and evidentiary preclusion fail on their own terms; and inherent authority supplies no path around Rule 37(e). (Mem. §§ V.D, V.E, V.F.) The merits assertions repeated throughout the Motion and its memorandum are not before the Court on this motion and are denied; those denials are preserved in the accompanying Scope Appendix.

**WHEREFORE**, Dr. Rao respectfully requests that the Court deny EPAM's Motion in its entirety, together with the further relief set forth in the accompanying Proposed Order, including the allocation of costs contemplated by ECF 20 ¶ 4.

Respectfully submitted,
/s/ *Gowtham A. Rao*
**Gowtham A. Rao, MD, PhD**
Defendant and Counterclaim-Plaintiff, *pro se*
184 Mansgrove Rd., Princeton, NJ 08540
gowthamrao@gmail.com
August 19, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2026, a true and correct copy of the foregoing Defendant's Response in Opposition to Plaintiff's Motion for Sanctions for Spoliation of Evidence (ECF 58), together with the accompanying Memorandum of Law in Opposition, Declaration of Gowtham Rao with Exhibits A through Y, Scope Appendix, Motion for Leave to File Exhibit I Under Seal with [Proposed] Order, and [Proposed] Order Denying the Motion, was served via electronic mail upon Plaintiff's counsel of record pursuant to Fed. R. Civ. P. 5(b)(2)(E) and the parties' established course of electronic service:

- Jacob Oslick, Esq. (joslick@seyfarth.com)
- James S. Yu, Esq. (jyu@seyfarth.com)
- Matthew Christoff, Esq. (MChristoff@seyfarth.com)
- Brooke Gary, Esq. (brgary@seyfarth.com)

/s/ Dr. Gowtham A. Rao

**Dr. Gowtham A. Rao, MD, PhD (Defendant Pro Se)**