**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

EPAM SYSTEMS, INC.,
Plaintiff/Counterclaim-Defendant,

v.

**Case No. 2:25-cv-06260-WB**

GOWTHAM RAO, MD, PhD,
Defendant/Counterclaim-Plaintiff.

# DEFENDANT'S EXHIBIT J

## *November 3?4, 2025 Settlement Correspondence & Supervised Remediation Counter-Proposal (Avorn?Yu Transmittal)*

*(Filed in Support of Declaration of Gowtham Rao, MD, PhD ¶ 33; Brief Section II, Section III)*

SUMMARY OF ATTACHED COMMUNICATIONS (VERBATIM PRIMARY EVIDENCE FROM SOURCE REPOSITORIES):

* November 3, 2025 (Email 1 of 2 -- SEYFARTH OPENING TERM SHEET): James S. Yu (Seyfarth Shaw LLP) transmits EPAM's proposed settlement term sheet demanding Court-ordered forensic examination of all devices/accounts, remediation of EPAM Confidential Information/IP, 12-month restrictive covenants, affidavit under oath, and fee-shifting.

* November 4, 2025 (Email 2 of 2 -- DEFENDANT COMPREHENSIVE IN-LINE COUNTER-PROPOSAL): Andrew T. Avorn transmits Dr. Rao's verbatim line-by-line responses and proposed 5-point private protocol:
(1) Scope: BYOD devices used for EPAM work;
(2) Inventory: Declaration under penalty of perjury;
(3) Targeted search and list: Filenames/paths provided for disposition;
(4) Factory reset under supervision: Attorney-supervised factory reset of the single BYOD desktop with screen recording and certificate;
(5) Costs, preservation confirmation, and two-day process to closure.

---

**EMAIL 1 OF 2: SEYFARTH SHAW OPENING SETTLEMENT TERM SHEET (NOV 3, 2025)**
**Date: Mon, Nov 3, 2025 at 1:17 PM EST**
**From: Yu, James <JYu@seyfarth.com>**
**To: Andrew Avorn <andrew@avornlaw.com>, Annie Friedman <annie@avornlaw.com>**
**Cc: Gary, Brooke <brgary@seyfarth.com>**
**Subject: EPAM v. Gowtham Row - CONFIDENTIAL SETTLEMENT COMMUNICATION**
**Source File: data/03_emails/2025-11-03_Fwd EPAM v. Gowtham Row - CONFIDENTIAL SETTLEMENT_19a4abcb35e8933b.md**

---

---------- Forwarded message ---------

From: Yu, James <JYu@seyfarth.com>

Date: Mon, Nov 3, 2025 at 1:17 PM

Subject: EPAM v. Gowtham Row - CONFIDENTIAL SETTLEMENT COMMUNICATION

To: Andrew Avorn <andrew@avornlaw.com>, Annie Friedman <annie@avornlaw.com>

CC: Gary, Brooke <brgary@seyfarth.com>

*CONFIDENTIAL SETTLEMENT COMMUNICATION, SUBJECT TO SETTLEMENT PRIVILEGE

PURSUANT TO FRE 408 AND STATE LAW EQUIVALENTS*

Andrew,

Per your request on our call today, we have prepared a proposed settlement term sheet for discussion purposes only. Nothing herein shall be binding on EPAM unless and until a formal settlement agreement is executed by all parties. Please note that EPAM will file suit unless we receive a good faith response to this term sheet to EPAM's satisfaction by 5:00 p.m. today. EPAM further reserves the right to amend or withdraw this term sheet and/or commence litigation at any time.

1. Rao must stipulate and agree to a court-ordered consent injunction containing the following provisions:
   1. Rao, and all persons and/or entities acting on his behalf, for his benefit, or in active concert or participation with him, is directed to return and remediate from any electronic device in Rao's possession or

---

***EMAIL 1 OF 2: SEYFARTH SHAW OPENING SETTLEMENT TERM SHEET (NOV 3, 2025) (Continued - Part 2)***

control all originals and copies of all hard copy and electronic documents, data, files, and/or devices that contain or relate to EPAM's confidential information and intellectual property, or are the property of EPAM or the property of EPAM's clients, including, but not limited to: (1) any and all software code for any products owned or in development by EPAM, including any ETL or AI products such as ETL Accelerator, GenieAI and MedRag/Synapse; and (2) documents or data containing information regarding EPAM's clients, client account information, RFP information, bid proposals, pricing information, client-facing project information, including designs and data models, client contract documents, business pipelines, and P&L and related financial information (collectively "EPAM Confidential Information and IP").

i. The return and remediation of EPAM Confidential Information and IP shall be effected via a Court-ordered inspection and forensic examination of any and all electronic devices, communications, and accounts, including, but not limited to, email accounts, cloud accounts, sharefile accounts, computers, servers, hard disk drives, removal storage devices (e.g., USB drives), CDs, iPads, tablets, smart phones, text messages, messaging apps (e.g., WhatsApp) and/or all other similar electronic storage devices or accounts belonging to, under control of, accessible to, or operated by Rao (collectively "ESI Devices and accounts").

ii. Rao shall identify under penalty of perjury all ESI Devices and Accounts that

***EMAIL 1 OF 2: SEYFARTH SHAW OPENING SETTLEMENT TERM SHEET (NOV 3, 2025) (Continued - Part 3)***

contain, may have contained, or were used to store or transmit EPAM Confidential Information and IP.

iii. The forensic examiner shall be a vendor approved by EPAM, who shall conduct the examination and remediation pursuant to a protocol approved by EPAM.

iv. Rao shall be responsible for all costs and expenses associated with the forensic examination and remediation of ESI Devices and Accounts.

1. Rao, and all persons and/or entities acting on his behalf, is permanently enjoined from, directly or indirectly, accessing, disclosing, reproducing, transmitting, or using any of Plaintiff's confidential information, trade secrets, or intellectual property of any kind belonging to EPAM or that have been entrusted to EPAM by its clients, including EPAM Confidential Information and IP.

2. Rao, and all persons and/or entities acting on his behalf, is enjoined for a period of 12 months from date of the Consent Injunction from, directly or indirectly, soliciting, contacting, or attempting to solicit or contact, or meet with any EPAM client, former, or prospective client, for purposes of offering services similar to or competitive with those offered by EPAM.

3. Rao is enjoined for a period of 12 months from date of the Consent Injunction from becoming (whether directly or indirectly) an employee, contractor or fiduciary, of any EPAM client who Rao was actively engaged with in the last 6 months prior to the termination of his employment, to perform work of a similar nature as compared to work he performed for the client in the last 6 months of his EPAM employment;

4. Rao is enjoined for a period of 12 months from date of the Consent

***EMAIL 1 OF 2: SEYFARTH SHAW OPENING SETTLEMENT TERM SHEET (NOV 3, 2025) (Continued - Part 4)***

Injunction from engaging in activity in which he contributes directly or indirectly in a senior management role as an employee, employer, owner, contractor, fiduciary, or in any other capacity, to a direct competitor of EPAM for purposes of performing similar duties as compared to his EPAM position during the last 12 months preceding his termination, in any country in which he had any contact with clients or potential clients of EPAM or performed any services for EPAM within the last 12 months preceding his termination.

5. Rao is enjoined from further breaches of his contractual obligations to EPAM, including the employee non-solicitation covenant and the non-disparagement provision contained in his Employment Covenants Agreement.

1. Rao must execute an Affidavit under oath that he has not accessed, used, copied, disclosed any EPAM Confidential Information and IP other than in furtherance of Company business, and following remediation is no longer in possession of any EPAM Confidential Information and IP.

2. If EPAM learns that any representation made in the foregoing Affidavit or with respect to the ESI Devices and Accounts at issue are materially inaccurate, the settlement and any release of claims shall be considered void. Furthermore, each party shall be responsible for their respective attorneys' fees, unless the settlement agreement is voided for the reasons stated herein, in which case Rao shall be responsible for all of EPAM's attorneys' fees incurred since the inception of this matter..

3. Rao agrees to indemnify and hold EPAM harmless from any third-party claims that may arise as a result of any client information that has been compromised by Rao's actions as alleged by EPAM. Rao further agrees to cooperate with EPAM with respect to any investigation concerning any third-party inquiries.

4. Rao shall be responsible for all costs and EPAM's attorneys' fees in the event of a breach of the settlement agreement or consent injunction.

***EMAIL 1 OF 2: SEYFARTH SHAW OPENING SETTLEMENT TERM SHEET (NOV 3, 2025) (Continued - Part 5)***

5. The parties shall exchange limited mutual releases, subject to the exceptions noted above.

This communication is not to be construed as a waiver by EPAM of its rights or claims, including enforcement of any of Rao's obligations to EPAM, all of which are expressly reserved. I can make myself available for a call if you have questions or wish to discuss.

James

*James S. Yu* (he/him/his) | Senior Counsel | Seyfarth Shaw LLP

620 Eighth Avenue | New York, New York 10018

<https://www.google.com/maps/search/620+Eighth+Avenue+%7C+New+York,+New+York+10018?entry=gmail&source=g>

-1405

Direct: +1-212-218-5524 | Fax: +1-212-218-5526

JYu@seyfarth.com | www.seyfarth.com

[image: Seyfarth_Logo_Signature.png]

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**EMAIL 2 OF 2: DEFENDANT COMPREHENSIVE IN-LINE SETTLEMENT COUNTER-PROPOSAL (NOV 4, 2025)**
**Date: Tue, 4 Nov 2025 11:09:48 -0500**
**From: Andrew Avorn <andrew@avornlaw.com>**
**To: "Yu, James" <JYu@seyfarth.com>**
**Subject: Re: EPAM v. Gowtham Row - CONFIDENTIAL SETTLEMENT COMMUNICATION**
**Source File: data/03_emails/2025-11-04_Re EPAM v. Gowtham Row - CONFIDENTIAL SETTLEMENT C_19a4f6ac5fa72c14.md**

---

Hi James,

Please see our comments on your settlement proposal below in *bold

italics. *Text provided by Dr. Rao is in black/*bold*. If this is

acceptable, please feel free to send me a draft settlement and release

agreement and we'll revert within one day. Let me know if another call

would be helpful.

> *CONFIDENTIAL SETTLEMENT COMMUNICATION, SUBJECT TO SETTLEMENT PRIVILEGE

> PURSUANT TO FRE 408 AND STATE LAW EQUIVALENTS*

>

> Andrew,

>

> Per your request on our call today, we have prepared a proposed

> settlement term sheet for discussion purposes only. Nothing herein shall be

> binding on EPAM unless and until a formal settlement agreement is executed

> by all parties. Please note that EPAM will file suit unless we receive a

> good faith response to this term sheet to EPAM's satisfaction by 5:00 p.m.

> today. EPAM further reserves the right to amend or withdraw this term sheet

> and/or commence litigation at any time.

>

> 1. Rao must stipulate and agree to a court-ordered consent

> injunction containing the following provisions: *Dr. Rao would enter a

> private settlement and release agreement agreeing to the requested relief,

> not a court-ordered injunction. *

> 1. Rao, and all persons and/or entities acting on his behalf, for

***EMAIL 2 OF 2: DEFENDANT COMPREHENSIVE IN-LINE SETTLEMENT COUNTER-PROPOSAL (NOV 4, 2025) (Continued - Part 2)***

> his benefit, or in active concert or participation with him, is directed to
> return and remediate from any electronic device in Rao's possession or
> control all originals and copies of all hard copy and electronic documents,
> data, files, and/or devices that contain or relate to EPAM's confidential
> information and intellectual property, or are the property of EPAM or the
> property of EPAM's clients, including, but not limited to: (1) any and all
> software code for any products owned or in development by EPAM, including
> any ETL or AI products such as ETL Accelerator, GenieAI and MedRag/Synapse;
> and (2) documents or data containing information regarding EPAM's clients,
> client account information, RFP information, bid proposals, pricing
> information, client-facing project information, including designs and data
> models, client contract documents, business pipelines, and P&L and related
> financial information (collectively "EPAM Confidential Information and
> IP"). *Dr. Rao's proposal for remediation by wiping the relevant
> devices is below Sec. 1.1.i.v.*
>
> i. The return and
> remediation of EPAM Confidential Information and IP shall be effected via a
> Court-ordered inspection and forensic examination of any and all electronic
> devices, communications, and accounts, including, but not limited to, email
> accounts, cloud accounts, sharefile accounts, computers, servers, hard disk
> drives, removal storage devices (e.g., USB drives), CDs, iPads, tablets,
> smart phones, text messages, messaging apps (e.g., WhatsApp) and/or all
> other similar electronic storage devices or accounts belonging to, under
> control of, accessible to, or operated by Rao (collectively "ESI Devices
> and accounts").
>
> ii. Rao shall
> identify under penalty of perjury all ESI Devices and Accounts that
> contain, may have contained, or were used to store or transmit EPAM
> Confidential Information and IP.
>

***EMAIL 2 OF 2: DEFENDANT COMPREHENSIVE IN-LINE SETTLEMENT COUNTER-PROPOSAL (NOV 4, 2025) (Continued - Part 3)***

> iii. The forensic
> examiner shall be a vendor approved by EPAM, who shall conduct the
> examination and remediation pursuant to a protocol approved by EPAM.
>
> iv. Rao shall be
> responsible for all costs and expenses associated with the forensic
> examination and remediation of ESI Devices and Accounts.
>

*Proposed private protocol:*

· *Scope.* BYOD devices Dr. Rao used for EPAM work will be the sole devices subject to remediation.

· *Inventory.* Dr. Rao will provide a declaration under penalty of perjury identifying the devices and accounts used for EPAM work (EPAM-managed Microsoft 365 access was already terminated at separation).

· *Targeted search and list.* Before any reset, Dr. Rao will search that desktop for filenames or paths reasonably likely to contain EPAM materials and provide a list of those names and paths -- without content -- for counsel-to-counsel disposition.

· *Factory reset under supervision.* In lieu of third-party imaging, and upon EPAM's written waiver of spoliation claims as to this device, Dr. Rao will perform a complete factory reset and clean OS installation under the supervision of a New Jersey attorney or cybersecurity vendor, with serial-number capture, contemporaneous screen recording, and a supervision certificate. This remediation will proceed through an attorney-supervised factory reset of the single BYOD desktop, consistent with industry standards for secure data disposal. The process provides EPAM with full audit-ready documentation at a reasonable cost, eliminating the need for any vendor-led imaging.

***EMAIL 2 OF 2: DEFENDANT COMPREHENSIVE IN-LINE SETTLEMENT COUNTER-PROPOSAL (NOV 4, 2025) (Continued - Part 4)***

· *Costs.* Dr. Rao will bear the reasonable cost of supervision to verify removal of EPAM CI from devices using a vendor selected by Dr. Rao and reasonably acceptable to EPAM; EPAM will not engage or direct vendor imaging.

· *Scope of obligation.* The undertaking binds only Dr. Rao. He will not direct others to act inconsistently, and the parties will not adopt Rule 65(d)(2)'s "acting in concert" language in a private agreement.

· *Preservation.* This protocol proceeds only after EPAM confirms in writing that it meets its own preservation obligations; otherwise, the parties will confer on a neutral-expert alternative limited to enumerated search terms, at EPAM's expense.

>
> 1. Rao, and all persons and/or entities acting on his behalf, is
> permanently enjoined from, directly or indirectly, accessing, disclosing,
> reproducing, transmitting, or using any of Plaintiff's confidential
> information, trade secrets, or intellectual property of any kind belonging
> to EPAM or that have been entrusted to EPAM by its clients, including EPAM
> Confidential Information and IP. *OK.*
> 2. Rao, and all persons and/or entities acting on his behalf, is
> enjoined for a period of 12 months from date of the Consent Injunction
> from, directly or indirectly, soliciting, contacting, or attempting to
> solicit or contact, or meet with any EPAM client, former, or prospective
> client, for purposes of offering services similar to or competitive with
> those offered by EPAM. *Dr. Rao will agree to abide by his current
> non-solicit from the date of his termination.*
> 3. Rao is enjoined for a period of 12 months from date of the
> Consent Injunction from becoming (whether directly or indirectly) an
> employee, contractor or fiduciary, of any EPAM client who Rao was actively

***EMAIL 2 OF 2: DEFENDANT COMPREHENSIVE IN-LINE SETTLEMENT COUNTER-PROPOSAL (NOV 4, 2025) (Continued - Part 5)***

> engaged with in the last 6 months prior to the termination of his
> employment, to perform work of a similar nature as compared to work he
> performed for the client in the last 6 months of his EPAM employment; *OK,
> but limited to a defined list of clients to be provided by EPAM and
> reviewed by Dr. Rao. Note that EPAM HR has already informed Dr. Rao that he
> was free to work for a pharma company or life sciences venture.
> Additionally, we need to be careful not to adopt a potentially
> unenforceable restriction on Dr. Rao's ability to practice medicine.*
> 4. Rao is enjoined for a period of 12 months from date of the
> Consent Injunction from engaging in activity in which he contributes
> directly or indirectly in a senior management role as an employee,
> employer, owner, contractor, fiduciary, or in any other capacity, to a
> direct competitor of EPAM for purposes of performing similar duties as
> compared to his EPAM position during the last 12 months preceding his
> termination, in any country in which he had any contact with clients or
> potential clients of EPAM or performed any services for EPAM within the
> last 12 months preceding his termination. *No. Dr. Rao is not
> prohibited from competing per his restrictive covenants agreement because
> he was terminated by EPAM, and as such EPAM lose this point if you file an
> injuction. Given EPAM's apparent concern that Dr. Rao will be a powerful
> competitor, Dr. Rao proposes a commercial resolution of this point in which
> EPAM makes an equity investment in Dr. Rao's new venture to capture
> potential value from his anticipated competition. Of course, Dr. Rao can
> commit to not using any EPAM CI or IP going forward in any new venture.
> Alternatively, **Dr. Rao would be willing to consider a defined
> list of competitors to be provided by EPAM to which this restriction would
> apply.*
> 5. Rao is enjoined from further breaches of his contractual
> obligations to EPAM, including the employee non-solicitation covenant and
> the non-disparagement provision contained in his Employment Covenants
> Agreement. *OK.*

> 1. Rao must execute an Affidavit under oath that he has not accessed,

**DEFENDANT'S EXHIBIT J -- Nov 3·4, 2025 Settlement Correspondence**

*Case No. 2:25-cv-06260-WB | Exhibit J*

***EMAIL 2 OF 2: DEFENDANT COMPREHENSIVE IN-LINE SETTLEMENT COUNTER-PROPOSAL (NOV 4, 2025) (Continued - Part 6)***

> used, copied, disclosed any EPAM Confidential Information and IP other than
> in furtherance of Company business, and following remediation is no longer
> in possession of any EPAM Confidential Information and IP. *OK.*
> 2. If EPAM learns that any representation made in the foregoing
> Affidavit or with respect to the ESI Devices and Accounts at issue are
> materially inaccurate, the settlement and any release of claims shall be
> considered void. *OK, but add a reasonable opprotunity to cure prior
> to voiding.* Furthermore, each party shall be responsible for their
> respective attorneys' fees, unless the settlement agreement is voided for
> the reasons stated herein, in which case Rao shall be responsible for all
> of EPAM's attorneys' fees incurred since the inception of this matter..*No.
> Each party bears their own costs and fees. *
> 3. Rao agrees to indemnify and hold EPAM harmless from any third-party
> claims that may arise as a result of any client information that has been
> compromised by Rao's actions as alleged by EPAM. *Likely OK, pending
> review of indemnity language.* Rao further agrees to cooperate with
> EPAM with respect to any investigation concerning any third-party
> inquiries. *OK.*
> 4. Rao shall be responsible for all costs and EPAM's attorneys' fees
> in the event of a breach of the settlement agreement or consent injunction.
> *No. *
> 5. The parties shall exchange limited mutual releases, subject to the
> exceptions noted above. *OK. Releaseses must contain no admission of
> liability or wrongdoing by Dr. Rao. Please see Dr. Rao's proposed timeline
> below.*
>
> *Two-Day Process to Closure*

To resolve this matter promptly and efficiently, the following steps are

proposed for completion within two business days of agreement in principle:

1. *Exchange of Information.* The parties will exchange Dr. Rao's

***EMAIL 2 OF 2: DEFENDANT COMPREHENSIVE IN-LINE SETTLEMENT COUNTER-PROPOSAL (NOV 4, 2025) (Continued - Part 7)***

device and account inventory, limited to file names and metadata only.

2. *Remediation Protocol.* The parties will confirm the preservation-safe BYOD reset protocol and EPAM's written waiver of any spoliation claim for that device, then schedule the attorney-supervised reset.

3. *Execution of Settlement.* The parties will execute the private settlement agreement, including the confidentiality and non-use undertaking and the contract-conforming reaffirmation of the existing non-solicitation clause.

*Final Deliverables.* Upon execution, the parties will exchange mutual releases, and each side will bear its own fees and costs.

> This communication is not to be construed as a waiver by EPAM of its
> rights or claims, including enforcement of any of Rao's obligations to
> EPAM, all of which are expressly reserved.  I can make myself available for
> a call if you have questions or wish to discuss.
>
> James
>

All rights reserved, no claims or rights waived.