**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

EPAM SYSTEMS, INC.,
Plaintiff/Counterclaim-Defendant,

v.

**Case No. 2:25-cv-06260-WB**

GOWTHAM RAO, MD, PhD,
Defendant/Counterclaim-Plaintiff.

# DEFENDANT'S EXHIBIT M

***April 22 and July 20, 2026 Correspondence and Related Production Records (Matthew Christoff)***

*(Filed in Support of Declaration of Gowtham Rao, MD, PhD paragraphs 66, 75; Brief Section II paragraph 12)*

Gmail

**Gowtham Rao <gowthamrao.litigation@gmail.com>**

---

# Clarification on NSRL Filtering and Environment Files in EPAMR-06448.A0001

---

**Gowtham Rao** <gowthamrao.litigation@gmail.com> Wed, Apr 22, 2026 at 8:01 PM
To: "Christoff, Matthew" <MChristoff@seyfarth.com>
Cc: Gowtham Rao <gowthamrao@gmail.com>, Mike Perelman <mperelman@idsinc.com>, Jim Vaughn <JVaughn@idsinc.com>, iDS EPAMR-06448 <ids_EPAMR-06448@idsinc.com>, Rami Burbar <rburbar@idsinc.com>, "Yu, James" <JYu@seyfarth.com>, Sarah Lugar <Sarah_Lugar@epam.com>

Hi Matt,

I believe the point you raised actually strengthens my position. We are currently reviewing open-source software that is in the public domain.

Why is EPAM searching my computer for open-source software, much of which was released by EPAM itself under the liberal Apache V2.0 license? For reference, you can find the "codemie" and "ai-run" repositories here: https://github.com/codemie-ai.

What are we missing here, counsel? Are we wasting the courts time?

Best regards,

Gowtham Rao
On Wed, Apr 22, 2026 at 5:58 PM Christoff, Matthew <MChristoff@seyfarth.com> wrote:

> Hi Gowtham,
>
> We do not believe that the time and expense required by iDS to classify these files is necessary, nor is it contemplated by the language within the forensic protocol.
>
> Given that approximately 93% of the recently identified documents from A0001 were extracted from "ai-run" and "codemie" ZIP files located within an "ss" subfolder from your "Documents" folder, we believe that your review of these documents should be straightforward without the need for additional classification or work by iDS.
>
> Thanks,
> Matt
>
> **Matthew Christoff** | Partner | Seyfarth Shaw LLP
> eDiscovery and Information Governance, EnCE
> 233 S. Wacker Drive | Suite 8000 | Chicago, Illinois 60606-6448
> Direct: +1-312-460-5315
> MChristoff@seyfarth.com | www.seyfarth.com
>
> Seyfarth
>
> ---
>
> CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.
>
> ---

**From:** Gowtham Rao <gowthamrao@gmail.com>
**Sent:** Wednesday, April 22, 2026 1:25 PM
**To:** Gowtham Rao <gowthamrao.litigation@gmail.com>
**Cc:** Christoff, Matthew <MChristoff@seyfarth.com>; Mike Perelman <mperelman@idsinc.com>; Jim Vaughn <JVaughn@idsinc.com>; iDS EPAMR-06448 <ids_EPAMR-06448@idsinc.com>; Rami Burbar <rburbar@idsinc.com>; Yu, James <JYu@seyfarth.com>; Sarah Lugar <Sarah_Lugar@epam.com>
**Subject:** Re: Clarification on NSRL Filtering and Environment Files in EPAMR-06448.A0001

Adding Sarah as previously requested

On Wed, Apr 22, 2026, 2:18 PM Gowtham Rao <gowthamrao.litigation@gmail.com> wrote:

> Dear Matt,
>
> It appears that a significant portion of the files in the recent two promotions from Seyfarth for A0001 consist of NSRL/NIST files or those with open-source signatures.
>
> I would like to take you up on your previous offer and request that iDS identify these files. To avoid the burden and costs associated with manual review and subsequent debate, would EPAM authorize the forensic neutral to algorithmically classify each file based on standard conventions?
>
> This approach is in the best interest of both parties, aligns with the spirit of the forensic analysis and stipulated order, and conforms to the court's direction during case management. This should provide the clarity EPAM seeks.
>
> Best regards,
>
> Gowtham Rao
>
> On Fri, Apr 10, 2026, 9:27 AM Christoff, Matthew <MChristoff@seyfarth.com> wrote:
>
>> Hi Gowtham,
>>
>> I want to make sure you saw my email from April 7, 2026, and in particular, the following note regarding the information from your primary computer (A001):
>>
>> - **Review Set #4**: As for Review Set #4, we do not believe that is currently necessary to load all documents identified in the "hash" and "no hash" reports for A0001 (your primary computer) to Relativity. Although we had expected to reach an agreement on wiping of the workstation in lieu of reviewing documents referenced in these reports, we are now in the process of identifying a subset of the documents referenced in the "hash" and "no hash" reports for processing and review within Relativity.
>>
>> While you are obviously welcome to review the reports previously generated by iDS, following the workflow within the forensic protocol, we will be identifying a subset of the materials in the A0001 reports for promotion to Relativity. To the extent that you still have concerns regarding deNISTing the file listing and/or OS files, we can address those at that point.

Thanks,
Matt

**Matthew Christoff** | Partner | Seyfarth Shaw LLP
eDiscovery and Information Governance, EnCE
233 S. Wacker Drive | Suite 8000 | Chicago, Illinois 60606-6448 [google.com]
Direct: +1-312-460-5315
MChristoff@seyfarth.com | www.seyfarth.com

Seyfarth

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** Gowtham Rao <gowthamrao.litigation@gmail.com>
**Sent:** Friday, April 10, 2026 6:53 AM
**To:** Mike Perelman <mperelman@idsinc.com>; Jim Vaughn <JVaughn@idsinc.com>; iDS EPAMR-06448 <ids_EPAMR-06448@idsinc.com>; Rami Burbar <rburbar@idsinc.com>; Christoff, Matthew <MChristoff@seyfarth.com>; Gowtham Rao <gowthamrao@gmail.com>; Yu, James <JYu@seyfarth.com>
**Subject:** Clarification on NSRL Filtering and Environment Files in EPAMR-06448.A0001

Dear Mike,

As I am reviewing the EPAMR-06448.A0001-III-a-i-KWResponsive report, I have a specific technical question regarding the forensic methodology and how system and application environment files were handled.

I noticed a significant number of responsive hits are located within Windows Subsystem for Linux (WSL) virtual drives, specifically within standard OS or application directories (for example, paths like `.../usr/lib/python3/dist-packages/...`). Additionally, I am seeing hits related to installed application environments and standard libraries, such as `.lmstudio`, `.conda` environments, and various Python distribution packages installed via `pip`.

Did you apply a standard hash exclusion list—such as the NSRL (National Software Reference Library)—or any custom exclusion rules to filter out known, benign operating system files, commercial software, and standard application environments before generating the "Responsive" lists?

Would you be able to add column to search report that indicates that these files match standard NSRL criteria?

Clarifying this will help us determine if these standard environment and library files need to be manually filtered out as false positives.

Matthew - would you agree that these are definite false positives, not EPAM confidential, not EPAM work product?

Thank you,

Gowtham Rao

## PART M-2: JULY 20, 2026 WRITTEN CONFIRMATION FROM MATTHEW CHRISTOFF

**Date:** Monday, July 20, 2026 at 4:32 PM EDT
**From:** Matthew Christoff <MChristoff@seyfarth.com> (Partner, Seyfarth Shaw LLP)
**To:** Dr. Gowtham Rao <gowthamrao.litigation@gmail.com>
**Subject:** RE: Meet and confer today - tradesecret

Gowtham,

Your repeated claims that all source code you retained on your devices and accounts related to Codemie are open source and publicly available are false. While certain aspects of the Codemie code base were released publicly on March 12, 2026 (see https://github.com/codemie-ai/codemie/commit/afc61fa125b78ee64e89860331043b17e5d2778c), there are many repositories you retained that have never been made publicly available and access has, and continues to remain restricted to EPAM employees. This includes, but is not limited to source code extracted from the following:

* codemie-cluster-add-ons-main.zip
* codemie-helm-charts-main.zip
* codemie-ide-frontend-main.zip
* codemie-ide-plugin-main.zip
* codemie-ide-vscode-main (1).zip
* codemie-ide-vscode-main.zip
* codemie-jetbrains-plugin-main.zip
* codemie-nats-main.zip
* codemie-onboarding-main.zip
* codemie-terraform-aws-iam-main.zip
* codemie-terraform-aws-platform-main (1).zip
* codemie-terraform-aws-platform-main.zip
* codemie-terraform-aws-remote-backend-main.zip
* codemie-terraform-azure-main.zip
* codemie-terraform-gcp-platform-main.zip

Source code that has never been made publicly available, or pre-release source code (such as those you retained before your termination) must be remediated. As we have previous relayed, we do not refute that code available to you today via the publicly available Codemie repository may be used by you, and so we repeat our prior proposal to efficiently resolve this dispute regarding the Codemie source code files: that you remediate the Codemie code on your primary computer and OneDrive and then simply redownload whatever versions are indeed available today for use. Please confirm why this proposal is not acceptable? Or, please identify which downloads you are specifically objecting to (by source "ZIP" file the source code was extracted from), and the specific grounds, as it certainly cannot be all of the downloads for the reasons already mentioned (that versions not made publicly available belong solely to EPAM and contain its confidential information).

Additionally, given your recent representations in your Response, we want to be clear that our statement on April 22, 2026 was that "93% of the recently identified documents from [your personal computer] were extracted from "ai-run" and "codemie" ZIP files located within an "ss" subfolder from your "Documents" folder." This, of course, did not refer to the total percentage of documents identified for remediation, but merely a subset of documents identified on April 22, 2026 for promotion by iDS to Relativity from your personal computer. While additional Codemie source code was retained within one of your OneDrive accounts and also identified for remediation, of the 6,693 documents included in the Documents to be Remediated report provided to you more than two months ago on May 15, 2026, more than 2,200 documents were not associated with source code extracted from "Codemie" ZIP files and/or repositories. While you continually reference Judge Beetlestone's instructions to resolve disputes, to date, you have been unwilling to discuss the remediation of either the source code or non-source code documents within the Documents to be Remediated report. Under the forensic protocol, if a document contains EPAM's Confidential Information and/or Work, even if it does not contain a trade secret under the DTSA, it must be remediated.

We continue to remain willing to discuss specific documents that you believe do not contain EPAM's Confidential Information and/or Work. However, if you continue to maintain that none of the documents included on the Documents to be Remediated report contain EPAM's Confidential Information and/or Work, then we do not anticipate any discussions would be productive.

Thanks,

Matt

Matthew Christoff | Partner | Seyfarth Shaw LLP

eDiscovery and Information Governance, EnCE

233 S. Wacker Drive | Suite 8000 | Chicago, Illinois 60606-6448

Direct: +1-312-460-5315

MChristoff@seyfarth.com | www.seyfarth.com

[https://www.seyfarth.com/dir_docs/publications/Seyfarth_Logo_Signature.png]

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

From: Gowtham Rao <gowthamrao.litigation@gmail.com>

Sent: Tuesday, July 14, 2026 10:03 AM

To: Oslick, Jacob <JOslick@seyfarth.com>

Cc: Sarah Lugar <Sarah_Lugar@epam.com>; Christoff, Matthew <MChristoff@seyfarth.com>; Gowtham Rao <gowthamrao@gmail.com>

Subject: Re: Meet and confer today - tradesecret

Dear Jacob, I understand EPAM's position is to treat the Forensic Protocol and the underlying litigation as entirely independent matters. I also note your assertion that my request is "not a meet-and-confer about a dispute regarding the

Dear Jacob,

I understand EPAM's position is to treat the Forensic Protocol and the underlying litigation as entirely independent matters. I also note your assertion that my request is "not a meet-and-confer about a dispute regarding the Forensic Protocol," and your claim that the legal classification of these documents is "irrelevant."

I strongly disagree. Your position is directly contradicted by Section III(b)(vii) of the Forensic Protocol, which explicitly mandates that if I challenge any documents slated for remediation, "the Parties will meet and confer to resolve any disputes."

You have demanded the remediation of 6,693 documents. I have formally challenged that demand on the grounds that the vast majority of these files are public-domain, open-source software (Codemie). Therefore, understanding the legal basis upon which EPAM claims these public files constitute protected IP is not an irrelevant "inquiry into EPAM's legal contentions"—it is the exact dispute resolution mechanism mandated by Section III(b)(vii) of the Protocol.

Furthermore, the distinction between a "trade secret" and "Confidential Information" is highly relevant to resolving this dispute. Trade secrets are governed by federal statutory law under the Defend Trade Secrets Act (the basis of Counts 1 and 2 of EPAM's lawsuit), which requires EPAM to identify its alleged trade secrets with particularity. Conversely, "Confidential Information" is governed by our private Employment Covenants Agreement (ECA), which contains explicit contractual carve-outs for public-domain and open-source software. EPAM cannot conflate these two distinct legal frameworks to avoid its burden of proof under either.

Finally, during the TRO and spoliation hearings, Judge Beetlestone specifically directed the parties to resolve disputes through direct discussion rather than protracted email exchanges.

My request for a meet-and-confer today is a good-faith effort to comply with both Section III(b)(vii) of the Protocol and the Court's explicit guidance. If EPAM is unilaterally declaring these mandated meetings "unproductive" and refusing to meet, please confirm. The record should clearly reflect that I remain available and willing to negotiate, and that it is EPAM choosing to walk away from both the Protocol's requirements and the Court's directives - compounding the damages alleged in my counterclaims along with its breach of contract to the signed ECA.

Best regards,

Gowtham Rao