**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

EPAM SYSTEMS, INC.,
Plaintiff/Counterclaim-Defendant,

v.

**Case No. 2:25-cv-06260-WB**

GOWTHAM RAO, MD, PhD,
Defendant/Counterclaim-Plaintiff.

# DEFENDANT'S EXHIBIT N

## *May 27?28, 2026 Reconciliation Proposal, Neutral iDS Communications, and Seyfarth Shaw Rejection ("Far Too Narrow")*

*(Filed in Support of Declaration of Gowtham Rao, MD, PhD paragraph 58; Brief Section II paragraph 11, Section III)*

SUMMARY OF ATTACHED COMMUNICATIONS (VERBATIM PRIMARY EVIDENCE FROM SOURCE REPOSITORIES):

* May 27, 2026 (Email 1 -- DEFENDANT RECONCILIATION PROPOSAL): Dr. Rao transmits a comprehensive 5-point resolution framework proposing: (1) privacy data purging from forensic images; (2) complete forensic wipe of computers by iDS; (3) log review with metadata categorization; (4) Relativity release of intersecting files; and (5) reaffirmation of ECA contractual covenants. Defines the 5-Set Reconciliation Architecture (Sets A through E).

* May 27, 2026 (Email 3 -- NEUTRAL FORENSIC GUIDANCE): Neutral expert Jim Vaughn (Senior Managing Director, iDS) clarifies that forensic images are static containers purged upon case resolution pursuant to industry standards.

* May 28, 2026 (Email 5 -- SEYFARTH COUNTER-DEMAND): Matthew Christoff (Seyfarth Shaw) sets forth a 4-category remediation list and demands direct EPAM employee access to Seyfarth's Relativity database.

* May 28, 2026 (Email 6 -- DEFENDANT BURDEN MINIMIZATION): Dr. Rao demonstrates that Sets A-E require no file-by-file review and proposes an automated database join by neutral expert iDS.

* May 28, 2026 (Email 7 -- SEYFARTH FORMAL REJECTION): Matthew Christoff (Seyfarth Shaw) formally rejects Dr. Rao's reconciliation proposal, asserting: 'Your proposal is far too narrow and fails to address documents that may not 100% match a downloaded file...'

* May 28, 2026 (Emails 8-9): Dr. Rao addresses protocol interpretation regarding third-party employee review.

**DEFENDANT'S EXHIBIT N -- May 27·28, 2026 Reconciliation Record**

*Case No. 2:25-cv-06260-WB | Exhibit N*

---

**EMAIL 1 OF 9: DEFENDANT RECONCILIATION PROPOSAL & 5-SET FRAMEWORK (MAY 27, 2026)**
**Date: Wed, 27 May 2026 11:10:28 -0400**
**From: Gowtham Rao <gowthamrao.litigation@gmail.com>**
**To: "Christoff, Matthew" <MChristoff@seyfarth.com>**
**Subject: Re: EPAM v. Rao - Remediation Set**
**Source File: data/03_emails/2026-05-27_Re EPAM v. Rao - Remediation Set_19e69fcb557e717a.md**

---

Dear Matt,

I believe we agree on the path forward. I am available to discuss these points further, but here is my position on the next steps toward a resolution:

1. Privacy and Data Purging: The agreement must include the purging of all "non-hit" and unrelated data from iDS images to protect my family's privacy, followed by a certification of completion.
2. Forensic Wipe: I consent to a forensic wipe of my computers by iDS. Please note that iDS must return my older laptop, which is still in their possession. Before the wipe, we must formalize a mutual agreement regarding the scope of file exposure--specifically, the link between files EPAM believes I accessed (based on logs) and the files found on my devices.
3. Log Review: To define the scope of file exposure, I will review EPAM's aggregated log list. I request that EPAM categorize these logs with metadata (e.g., ETL Conversion Kit, AI Cohort Accelerator). I will then identify and carve out open-source or public files. Once those exclusions are agreed upon, I will not dispute the remaining files as EPAM Confidential Information or IP. I do not beleive these will be additional concession as they are likely subject to discovery in the future.
4. Relativity Access: We discussed that the appropriate files for release are those representing the intersection of EPAM's logs and the files found on my computer. While this may not capture situations like renamed files, it is a reasonable starting point, conditional upon reaching a final resolution.

---

***EMAIL 1 OF 9: DEFENDANT RECONCILIATION PROPOSAL & 5-SET FRAMEWORK (MAY 27, 2026) (Continued - Part 2)***

5. ECA Commitment: I reaffirm my commitment to the signed Employee Covenants Agreement (ECA). I am bound by its terms regarding EPAM confidential information and IP, regardless of whether a specific file was located during the forensic search. I remain free to use IP that I have independently developed or sourced from open-source distributions.

Withheld Inspection Documents

I am currently cross-checking my categorization of these files and remain committed to making progress as discussed.

Proposed Framework

To progress toward a settlement, I offer to allow the forensic wipe and grant EPAM access to the overlapping files in Relativity, provided:

- EPAM provides the log of files they believe were downloaded (Set A).
- We remove items not covered by the ECA, such as open-source files (Set B), leaving an undisputed list (Set C).
- We identify forensic search hits on my computer (Set D) that match EPAM's logs (Set A) to create a direct match list (Set E).
- We release Set E to EPAM via Relativity.
- We formalize Sets A, B, C, D, and E as a private agreement defining the scope of exposure.

This activity is independent of my ongoing obligations under the ECA. Please let me know when we can begin reviewing a draft of this stipulation. As we make progress, I hope we can open a channel to negotiate under FRE 408.

Best regards,

Gowtham Rao

**EMAIL 2 OF 9: DEFENDANT TRANSMITTAL COPYING IN-HOUSE COUNSEL (MAY 27, 2026)**
**Date: Wed, 27 May 2026 11:14:46 -0400**
**From: Gowtham Rao <gowthamrao.litigation@gmail.com>**
**To: "Christoff, Matthew" <MChristoff@seyfarth.com>**
**Subject: Re: EPAM v. Rao - Remediation Set**
**Source File: data/03_emails/2026-05-27_Re EPAM v. Rao - Remediation Set_19e6a009efe2b8f9.md**

---

Adding Sarah as requested

**DEFENDANT'S EXHIBIT N -- May 27·28, 2026 Reconciliation Record**

*Case No. 2:25-cv-06260-WB | Exhibit N*

**EMAIL 3 OF 9: NEUTRAL FORENSIC EXPERT (iDS) CONTAINER GUIDANCE (MAY 27, 2026)**
**Date: Wed, 27 May 2026 15:47:47 +0000**
**From: Jim Vaughn <JVaughn@idsinc.com>**
**To: Gowtham Rao <gowthamrao.litigation@gmail.com>, "Christoff, Matthew" <MChristoff@seyfarth.com>**
**Subject: Re: EPAM v. Rao - Remediation Set**
**Source File: data/03_emails/2026-05-27_Re EPAM v. Rao - Remediation Set_19e6a1ee7c42dffa.md**

---

Good morning Gowtham,

While I presume that the parties will consult iDS for technical sign-off on any approach, I want to flag something that based on my reading and interpretation of your #1 suggestion, would be technically impossible to accomplish. We are technically unable to purge things from forensic images; each image is a static container. The workflow, which is the industry standard, is that the forensic images/forensically collected repositories themselves will be permanently purged in their entirety once the parties have resolved this matter and they are no longer required to be held. If you were suggesting something different, I will let you provide clarity, as I acknowledge that this may just be semantics in the use of the word "images". We would of course provide the certificate of completion as suggested.

Thank you

----

Jim Vaughn, GCFE, EnCE

Senior Managing Director

535 Anton Blvd., Suite 860 | Costa Mesa, CA. 92626

Direct: 714.261.0348 | jvaughn@idsinc.com<mailto:jvaughn@idsinc.com>

iDSinc.com<http://www.idsinc.com/>

ASK THE EXPERT: Are you following the device or the data? Remember alternative sources for the evidence you want to preserve. Ask me how.

**DEFENDANT'S EXHIBIT N -- May 27·28, 2026 Reconciliation Record**

*Case No. 2:25-cv-06260-WB | Exhibit N*

---

**EMAIL 4 OF 9: DEFENDANT PRIVACY FOLLOW-UP & RELATIVITY TAGGING INQUIRY (MAY 27, 2026)**
**Date: Wed, 27 May 2026 15:53:00 -0400**
**From: Gowtham Rao <gowthamrao.litigation@gmail.com>**
**To: Jim Vaughn <JVaughn@idsinc.com>**
**Subject: Re: EPAM v. Rao - Remediation Set**
**Source File: data/03_emails/2026-05-27_Re EPAM v. Rao - Remediation Set_19e6aff53770144a.md**

---

Thank you, Jim and Matt. Please let me know what EPAM thinks the options

are for privacy protection.

Rami - re withheld report, if I give you the spreadsheet you gave me (that

has Control Number Group Identifier Evidenced), can you import it into

Relativity and update the tags?

Gowtham

**EMAIL 5 OF 9: SEYFARTH SHAW RESPONSE & RELATIVITY ACCESS DEMAND (MAY 28, 2026)**
**Date: Thu, 28 May 2026 14:35:16 +0000**
**From: "Christoff, Matthew" <MChristoff@seyfarth.com>**
**To: Gowtham Rao <gowthamrao.litigation@gmail.com>, Jim Vaughn <JVaughn@idsinc.com>**
**Subject: RE: EPAM v. Rao - Remediation Set**
**Source File: data/03_emails/2026-05-28_RE EPAM v. Rao - Remediation Set_19e6f034f10f4875.md**

---

Hi Gowtham,

Our meeting after the hearing ended with a discussion regarding the development of a workflow that would reduce the burden on both parties to perform a document-by-document analysis, including an individualized examination of documents on your workstation. The framework that you have outlined below requires an additional comparison of documents located on your computer that appears entirely at odds with our discussion.

To set expectations, the preliminary set of documents that we intend to list (from which you would then potentially identify a subset as open source or publicly available) would be the following:

1. Any document referenced in the Microsoft 365 audit logs that were attached as an exhibit to the forensic protocol.

2. Any document identified for remediation contained in the "Documents to be Remediated Report" spreadsheet circulated on 5/15/2026.

3. Any additional documents identified for remediation from Relativity, such as a potential subset of documents from the Withheld Inspection Documents Report once that report has been provided.

4. Specific categories of information identified by EPAM, such as its ETL Accelerator and ETL Conversion Kit.

It is time that EPAM was provided access to Seyfarth's Relativity environment. Not only will this streamline finalizing the above listing (which is a required component of any resolution), but this will allow the parties to engage in productive discussion regarding specific documents, if necessary. As you have previously acknowledged, there is no basis for the application of an Attorneys' Eyes Only designation under the forensic protocol.

Please confirm that you do not oppose EPAM getting access to the documents currently available within Seyfarth's Relativity database so that the parties can continue to have productive discussions.

Finally, moving forward, please direct any specific discussions regarding potential settlement / resolution to EPAM and Seyfarth only. To the extent that our discussions require further action or input by iDS, the parties can direct such requests to iDS directly, but they do not need to be included on all communications.

Thanks,

Matt

***EMAIL 5 OF 9: SEYFARTH SHAW RESPONSE & RELATIVITY ACCESS DEMAND (MAY 28, 2026) (Continued - Part 2)***

Matthew Christoff | Partner | Seyfarth Shaw LLP

eDiscovery and Information Governance, EnCE

233 S. Wacker Drive | Suite 8000 | Chicago, Illinois 60606-6448

Direct: +1-312-460-5315

MChristoff@seyfarth.com | www.seyfarth.com

[https://www.seyfarth.com/dir_docs/publications/Seyfarth_Logo_Signature.png]

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**DEFENDANT'S EXHIBIT N -- May 27·28, 2026 Reconciliation Record**



---

**EMAIL 6 OF 9: DEFENDANT 5-SET CLARIFICATION (MINIMAL BURDEN) (MAY 28, 2026)**
**Date: Thu, 28 May 2026 15:30:04 -0400**
**From: Gowtham Rao <gowthamrao.litigation@gmail.com>**
**To: "Christoff, Matthew" <MChristoff@seyfarth.com>**
**Subject: Re: EPAM v. Rao - Remediation Set**
**Source File: data/03_emails/2026-05-28_Re EPAM v. Rao - Remediation Set_19e7010bb0e115a5.md**

---

Dear Matt,

I certainly do not want to increase the review burden for either party. To help clarify my proposal, I have broken down the creation of the various sets to show that a file-by-file review is not required:

- Set A: This is already completed and subject to discovery; therefore, it creates no additional burden.
- Set B: The work for this set falls mostly on me and does not require a file-by-file review.
- Set C: This is simply the result of subtracting Set B from Set A.
- Set D: This has already been generated.
- Match List E: This is a join between existing spreadsheets. I included iDS on previous communications because I was hoping EPAM would authorize them to perform this join as a neutral third party. This decision is entirely within EPAM's control, and iDS could provide a cost estimate for the task.

If these points remain unclear, I am available to discuss them further.

Best regards,

Gowtham Rao

---

**DEFENDANT'S EXHIBIT N -- May 27·28, 2026 Reconciliation Record**

*Case No. 2:25-cv-06260-WB | Exhibit N*

---

**EMAIL 7 OF 9: SEYFARTH SHAW REJECTION OF PROPOSAL ("FAR TOO NARROW") (MAY 28, 2026)**
**Date: Thu, May 28, 2026 at 10:33 PM EDT**
**From: "Christoff, Matthew" <MChristoff@seyfarth.com>**
**To: Gowtham Rao <gowthamrao.litigation@gmail.com>**
**Cc: Gowtham Rao <gowthamrao@gmail.com>, Rami Burbar <rburbar@idsinc.com>, Jim Vaughn <JVaughn@idsinc.com>, iDS EPAMR-06448 <ids_EPAMR-06448@idsinc.com>, Yu, James <JYu@seyfarth.com>, Oslick, Jacob <JOslick@seyfarth.com>, Mike Perelman <mperelman@idsinc.com>, Sarah Lugar <Sarah_Lugar@epam.com>**
**Subject: RE: EPAM v. Rao - Remediation Set**
**Source File: data/03_emails/2026-05-28_Re EPAM v. Rao - Remediation Set_19e719db431943ec.md**

---

Gowtham,

Your proposal is far too narrow and fails to address documents that may

not 100% match a downloaded file but which contain or use EPAM information,

such as derivative works, renamed files, or documents summarizing,

analyzing, or disclosing EPAM information.

*There are no restrictions that prevent or limit the review and/or

distribution of the documents released to Seyfarth in Relativity to EPAM.*

With that in mind, please confirm whether you continue to oppose EPAM

getting access to the documents currently available within Seyfarth's

Relativity database. If so, please let me know if you are available

tomorrow to discuss.

Thanks,

Matt

*Matthew Christoff* | Partner | Seyfarth Shaw LLP

eDiscovery and Information Governance, EnCE

233 S. Wacker Drive | Suite 8000 | Chicago, Illinois 60606-6448

Direct: +1-312-460-5315

MChristoff@seyfarth.com | www.seyfarth.com

[image: Seyfarth_Logo_Signature.png]

---

***EMAIL 7 OF 9: SEYFARTH SHAW REJECTION OF PROPOSAL ("FAR TOO NARROW") (MAY 28, 2026) (Continued - Part 2)***

CONFIDENTIALITY WARNING: This email may contain privileged or

confidential information and is for the sole use of the intended

recipient(s). Any unauthorized use or disclosure of this communication is

prohibited. If you believe that you have received this email in error,

please notify the sender immediately and delete it from your system.

**DEFENDANT'S EXHIBIT N -- May 27·28, 2026 Reconciliation Record**

*Case No. 2:25-cv-06260-WB | Exhibit N*

---

**EMAIL 8 OF 9: DEFENDANT RESPONSE ON PROTOCOL INTERPRETATION (MAY 28, 2026)**
**Date: Thu, 28 May 2026 22:43:41 -0400**
**From: Gowtham Rao <gowthamrao.litigation@gmail.com>**
**To: "Christoff, Matthew" <MChristoff@seyfarth.com>**
**Subject: Re: EPAM v. Rao - Remediation Set**
**Source File: data/03_emails/2026-05-28_Re EPAM v. Rao - Remediation Set_19e719db431943ec.md**

---

Matt, let's start here and we can expand. As I said, I am willing to authorize EPAM to review set E conditional on the terms. If we need to expand we can do that later.

Regarding the protocol, my reading differs. It lacks explicit authorization for EPAM review. Interpreting the absence of a restriction as permission is inconsistent with my reading.

Gowtham

**DEFENDANT'S EXHIBIT N -- May 27·28, 2026 Reconciliation Record**

*Case No. 2:25-cv-06260-WB | Exhibit N*

---

**EMAIL 9 OF 9: DEFENDANT SCHEDULING NOTICE FOR MONDAY CALL (MAY 28, 2026)**
**Date: Thu, 28 May 2026 22:45:27 -0400**
**From: Gowtham Rao <gowthamrao.litigation@gmail.com>**
**To: "Christoff, Matthew" <MChristoff@seyfarth.com>**
**Subject: Re: EPAM v. Rao - Remediation Set**
**Source File: data/03_emails/2026-05-28_Re EPAM v. Rao - Remediation Set_19e719f552c92153.md**

---

I am not available tomorrow, but I am available Monday from 10am EST to 3pm

EST for a half hour call.

Gowtham