**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **EPAM Systems, Inc.,**<br>*Plaintiff/Counterclaim-Defendant,*<br><br>**v.**<br><br>**GOWTHAM RAO, MD, PhD,**<br>*Defendant/Counterclaim-Plaintiff.* | **CIVIL ACTION**<br><br><br>**NO. 2:25-cv-06260-WB** |

**DEFENDANT/COUNTERCLAIM-PLAINTIFF GOWTHAM RAO'S MOTION FOR LEAVE TO FILE EXHIBIT I TO THE DECLARATION OF GOWTHAM RAO UNDER SEAL**

Defendant/Counterclaim-Plaintiff Dr. Gowtham Rao, MD, PhD, proceeding *pro se*, moves under Local Rule of Civil Procedure 5.1.5, and consistent with the Court's Policies and Procedures (Civil Cases § III.D), for leave to file Exhibit I to the Declaration of Gowtham Rao under seal. In support, Defendant states:

**1. The documents.** Exhibit I comprises clinical medical records: (a) the record of an evaluation performed on November 26, 2025, containing Defendant's psychiatric diagnoses (recurrent major depressive disorder and generalized anxiety disorder), the examining clinician's observations, and prescribed treatment; and (b) Penn Medicine sleep-medicine records from 2021 through 2023 documenting Defendant's diagnosed sleep disorder, its evaluation, and its treatment. (Rao Decl. ¶¶ 48–49.) The records also contain personal medical history unrelated to any issue in this case.

**2. Why the documents are before the Court.** EPAM's sanctions motion asks the Court to find that Defendant acted with a specific "intent to deprive" EPAM of evidence. Fed. R. Civ. P. 37(e)(2). The November 26, 2025 record is contemporaneous, objective medical evidence of Defendant's state of mind during the exact period at issue; the sleep-medicine records document

a condition, diagnosed years before this litigation, that corroborates the early-morning timing of the events at issue. Defendant's Opposition relies on them for those limited purposes. (Opp. § V.D.7; Rao Decl. ¶¶ 41–42, 48–49.)

**3. The standard.** The Court approves sealing orders on good cause shown. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994); *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672–73 (3d Cir. 2019); *see* Policies and Procedures of Judge Beetlestone, Civil Cases § III.D (citing both). To overcome the common-law presumption of access to judicial records, the movant must show, with specificity, that disclosure will work a clearly defined and serious injury, and the analysis proceeds document by document. *In re Avandia*, 924 F.3d at 672–73.

**4. Good cause exists.** The injury from disclosure is specific and concrete: permanent public docketing of Defendant's psychiatric diagnoses, clinical presentation, and medication history. Defendant is a physician; a public psychiatric record carries personal and professional consequences that cannot be undone once the record is public. Against that injury, the incremental public interest is limited, because the fact of the diagnoses, their timing, and the examining clinician's key observations are already summarized on the public record in the Declaration and the Opposition. (Rao Decl. ¶¶ 48–49; Opp. § V.D.7, § II ¶ 9.) Sealing the raw clinical record withholds only the granular clinical detail—not the substance the Court will rely on.

**5. The request is narrowly tailored.** The motion seeks to seal one exhibit. The documents are continuous clinical narratives that interweave the relevant findings with diagnoses, history, and treatment details unrelated to this case; line-by-line redaction would remove substantially all of their content and leave nothing meaningful for the public file, while

the public summary already discloses the material facts. Sealing operates only against public access: Defendant will serve an unredacted copy of Exhibit I on EPAM's counsel of record, and the Court will have the complete records.

**6. Duration and modification.** Defendant requests that Exhibit I remain under seal until further order of the Court. The accompanying proposed order includes the modification language the Court's Policies and Procedures require, preserving the Court's authority to order disclosure or modify the sealing order at any time in the interest of justice. (Policies and Procedures, Civil Cases § III.D.)

**7. Alternative relief.** If the Court declines to permit filing under seal, Defendant respectfully requests leave to withdraw Exhibit I and to rely on the summary at Rao Decl. ¶¶ 48–49, rather than have the clinical record filed on the public docket.

**8. Position of Plaintiff.** Defendant conferred with Plaintiff's counsel on August 18, 2026. Plaintiff takes no position on / consents to the relief requested.

**WHEREFORE**, Defendant respectfully requests that the Court grant this motion and permit Exhibit I to the Declaration of Gowtham Rao to be filed and maintained under seal, with an unredacted copy served on Plaintiff's counsel. A proposed order accompanies this motion.

Respectfully submitted,
/s/ *Gowtham A. Rao*
**Gowtham A. Rao, MD, PhD**
Defendant and Counterclaim-Plaintiff, *pro se*
184 Mansgrove Rd., Princeton, NJ 08540
gowthamrao@gmail.com
August 19, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2026, a true and correct copy of the foregoing Defendant's Motion for Leave to File Exhibit I to His Declaration Under Seal was served via

electronic mail upon Plaintiff's counsel of record pursuant to Fed. R. Civ. P. 5(b)(2)(E) and the parties' established course of electronic service:

- Jacob Oslick, Esq. (joslick@seyfarth.com)
- James S. Yu, Esq. (jyu@seyfarth.com)
- Matthew Christoff, Esq. (MChristoff@seyfarth.com)
- Brooke Gary, Esq. (brgary@seyfarth.com)

/s/ Dr. Gowtham A. Rao

**Dr. Gowtham A. Rao, MD, PhD (Defendant Pro Se)**