**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**EPAM SYSTEMS, INC.,**
*Plaintiff/Counterclaim-Defendant,*

**v.**

**GOWTHAM RAO, MD, PhD,**
*Defendant/Counterclaim-Plaintiff.*

**CIVIL ACTION**

**Civil Action No. 2:25-cv-06260-WB**

**DEFENDANT GOWTHAM RAO'S CORRECTED MOTION FOR LEAVE TO FILE EXHIBIT I TO HIS DECLARATION UNDER SEAL (PRO SE)**

Defendant/Counterclaim-Plaintiff Dr. Gowtham Rao, MD, PhD, proceeding *pro se*, moves under Local Rule of Civil Procedure 5.1.5, and consistent with the Court's Policies and Procedures (Civil Cases § III.D), for leave to file Exhibit I to the Declaration of Gowtham Rao under seal. In support, Defendant states:

**1. The documents.** Exhibit I comprises clinical medical records: (a) the record of an evaluation performed on November 26, 2025, containing Defendant's psychiatric diagnoses (recurrent major depressive disorder and generalized anxiety disorder), the examining clinician's observations, and prescribed treatment; and (b) Penn Medicine sleep-medicine records from 2021 through 2023 documenting Defendant's diagnosed sleep disorder, its evaluation, and its treatment. (Rao Decl. ¶¶ 48–49.) The records also contain personal medical history unrelated to any issue in this case.

**2. Why the documents are before the Court.** EPAM's sanctions motion asks the Court to find that Defendant acted with a specific "intent to deprive" EPAM of evidence. Fed. R. Civ. P. 37(e)(2). The November 26, 2025 record is contemporaneous, objective medical evidence of Defendant's state of mind during the exact period at issue; the sleep-medicine records document

a condition, diagnosed years before this litigation, that corroborates the early-morning timing of the events at issue. Defendant's Opposition relies on them for those limited purposes. (Opp. § V.D.7; Rao Decl. ¶¶ 41–42, 48–49.)

**3. The standard.** The Court approves sealing orders on good cause shown. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994); *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672–73 (3d Cir. 2019); *see* Policies and Procedures of Judge Beetlestone, Civil Cases § III.D (citing both). To overcome the common-law presumption of access to judicial records, the movant must show, with specificity, that disclosure will work a clearly defined and serious injury, and the analysis proceeds document by document. *In re Avandia*, 924 F.3d at 672–73.

**4. Good cause exists.** The injury from disclosure is specific and concrete: permanent public docketing of Defendant's psychiatric diagnoses, clinical presentation, and medication history. Defendant is a physician; a public psychiatric record carries personal and professional consequences that cannot be undone once the record is public. Against that injury, the incremental public interest is limited, because the fact of the diagnoses, their timing, and the examining clinician's key observations are already summarized on the public record in the Declaration and the Opposition. (Rao Decl. ¶¶ 48–49; Opp. § V.D.7, § II ¶ 9, ECF No. 62-1.) Sealing the raw clinical record withholds only the granular clinical detail—not the substance the Court will rely on.

**5. The request is narrowly tailored.** The motion seeks to seal one exhibit. The documents are continuous clinical narratives that interweave the relevant findings with diagnoses, history, and treatment details unrelated to this case; line-by-line redaction would remove substantially all of their content and leave nothing meaningful for the public file, while

the public summary already discloses the material facts. Sealing operates only against public access: Defendant will serve an unredacted copy of Exhibit I on EPAM's counsel of record, and the Court will have the complete records.

**6. Duration and modification.** Defendant requests that Exhibit I remain under seal until further order of the Court. The accompanying proposed order includes the modification language the Court's Policies and Procedures require, preserving the Court's authority to order disclosure or modify the sealing order at any time in the interest of justice. (Policies and Procedures, Civil Cases § III.D.)

**7. Alternative relief.** If the Court declines to permit filing under seal, Defendant respectfully requests leave to withdraw Exhibit I and to rely on the summary at Rao Decl. ¶¶ 48–49, rather than have the clinical record filed on the public docket.

**8. Position of Plaintiff.** Defendant did not confer with Plaintiff's counsel before filing the initial motion on August 19, 2026. Defendant conferred with Plaintiff's counsel on August 20, 2026. Plaintiff has asked that its position be stated in Plaintiff's own words. It is set out verbatim below:

> "EPAM consents to keeping Dr. Rao's medical records under seal, for purposes of EPAM's spoliation motion, based upon his representation that they contain records of his mental health condition.
>
> However, EPAM's position is that any sealing may need to be revisited at a later date. Dr. Rao has asserted counterclaims against EPAM, in which he asserts claims and seeks damages based upon his alleged emotional distress. (See ECF #33 ¶¶ 400, 411, 455, 466, 478.) Thus, he has placed his own mental health affirmatively at issue in this litigation, and the medical records at issue would likely be directly relevant to the claims he has raised. Accordingly, if Dr. Rao's counterclaims survive EPAM's sanctions motion, are not otherwise dismissed on the pleadings, and proceed to a merits-based motion (such as a motion for summary judgment) or trial, any continued sealing must be revisited. At that point, the public right of access may exceed Dr. Rao's privacy interests. See generally *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662 (3d Cir. 2019)."

The foregoing is Plaintiff's statement of Plaintiff's position, quoted at Plaintiff's request. Defendant does not adopt it, does not agree with Plaintiff's characterization of Defendant's counterclaims or of the relevance of Exhibit I, and reserves all rights.

**WHEREFORE**, Defendant respectfully requests that the Court grant this motion and permit Exhibit I to the Declaration of Gowtham Rao to be filed and maintained under seal, with an unredacted copy served on Plaintiff's counsel. A proposed order accompanies this motion.

Respectfully submitted,
/s/ *Gowtham A. Rao*
**Gowtham A. Rao, MD, PhD**
Defendant and Counterclaim-Plaintiff, *pro se*
184 Mansgrove Rd., Princeton, NJ 08540
gowthamrao@gmail.com
August 20, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2026, a true and correct copy of the foregoing Defendant's Corrected Motion for Leave to File Exhibit I to His Declaration Under Seal was filed electronically with the Clerk of Court using the CM/ECF system, which will generate a Notice of Electronic Filing and effect service on all counsel of record registered as CM/ECF users pursuant to Local Civil Rule 5.1.2 and Fed. R. Civ. P. 5(b)(2)(E) & (b)(3):

- Jacob Oslick, Esq. (joslick@seyfarth.com)
- James S. Yu, Esq. (jyu@seyfarth.com)
- Matthew Christoff, Esq. (MChristoff@seyfarth.com)
- Brooke Gary, Esq. (brgary@seyfarth.com)

/s/ *Gowtham A. Rao*
**Gowtham A. Rao, MD, PhD (Defendant Pro Se)**