**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **EPAM SYSTEMS, INC.,**<br>*Plaintiff/Counterclaim-Defendant,*<br>**v.**<br>**GOWTHAM RAO, MD, PhD,**<br>*Defendant/Counterclaim-Plaintiff.* | **CIVIL ACTION**<br><br>**NO. 2:25-cv-06260-WB** |

**DEFENDANT GOWTHAM RAO'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO SEAL AND TO CLOSE THE COURTROOM (ECF NO. 60)**

I am Gowtham Rao, the defendant in this action, proceeding pro se. I respectfully submit this Response in Opposition to Plaintiff EPAM Systems, Inc.'s ("EPAM") motion (ECF No. 60), which asks the Court for leave to introduce unredacted versions of Exhibits 9, 10, and 13 and less-redacted versions of Exhibits 6 through 8 under seal at the September 16, 2026 evidentiary hearing (or any date to which it is continued), and to close the courtroom during testimony regarding that material.

I oppose both requests. My request is narrow, and I want to state it plainly: I ask the Court not to receive any of these exhibits under seal, redacted or unredacted, and not to close the courtroom. That is the whole of the relief I seek.

This is not a merits argument. I am not asking the Court to decide whether the material is a trade secret, who owns it, or whether I did anything wrong. I have preserved my denials of EPAM's merits assertions. (ECF No. 62-29.) The absence of merits argument here preserves those denials; it concedes nothing.

I do not oppose protecting the three non-party individuals identified in Exhibits 6 through 8. EPAM's sanctions motion introduced the Executive #1, #2, and #3 designations, and I proposed that we continue them in open-court testimony and in any exhibit displayed publicly. (ECF No. 60 ¶ 7.) I propose more protections below. My objection is to the method EPAM

proposes. I oppose receiving any of these exhibits under seal, redacted or unredacted, and I oppose closing the courtroom.

EPAM's motion should be denied for the following reasons:

1. **These are judicial records, and EPAM bears a heavy burden.** EPAM concedes that Exhibits 6 through 10 and 13 "are judicial records subject to the common-law right of access." (ECF No. 60-1 at 3.) The presumption attached when EPAM filed them. *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 161 (3d Cir. 1993). To overcome it, EPAM must show a clearly defined and serious injury, document by document, and "[i]n delineating the injury to be prevented, specificity is essential." *Cendant*, 260 F.3d at 194. *(Mem. Part One, § III.)*

2. **EPAM's sole declaration identifies no algorithm, no file, no customer, and no price.** EPAM's showing rests on one seven-paragraph declaration. Its declarant, Gregory Klebanov, states that he agrees with a colleague, Dmitrii Ilin, and that "EPAM considers" the material to be trade secrets. (ECF No. 60-3 ¶ 3.) The Third Circuit has held that a declaration containing "broad, vague, and conclusory allegations of harm" is "standing alone, insufficient to overcome the presumption of public access." *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 678 (3d Cir. 2019). This Court reached the same conclusion in *Corbin v. Bucks County*, No. 23-2784, ECF No. 55 at 15-16 (E.D. Pa. June 12, 2024). *(Mem. Part One, § IV.A.)*

3. **EPAM has not shown that the material is a trade secret.** Sealing on this ground reaches material the Court "determines to be bona fide trade secrets after carefully weighing the factors for and against access." *Leucadia*, 998 F.2d at 167. EPAM has not shown reasonable measures to preserve secrecy — Exhibit 9 was kept on my personal

Google account, with General Access set to "Anyone with the link" in the role of "Editor," under a bring-your-own-device arrangement that my manager, Gregory Klebanov — EPAM's declarant on this motion — knew about. *See Arkeyo, LLC v. Cummins Allison Corp.*, 342 F. Supp. 3d 622, 631-32 (E.D. Pa. 2017). EPAM has not described the material with the particularity required to separate it from general knowledge in the trade. *Mallet & Co. v. Lacayo*, 16 F.4th 364, 382, 386 (3d Cir. 2021). And it has offered no current evidence of competitive harm. *Republic of the Phil. v. Westinghouse Elec. Corp.*, 949 F.2d 653, 663 (3d Cir. 1991). *(Mem. Part One, § IV.B.)*

4. **EPAM quoted these exhibits in a public filing before it moved to seal them.** On July 29, 2026, EPAM quoted from Exhibits 6, 7, 8, 9, 10, and 13 in a memorandum it filed publicly and without redaction. (ECF No. 58-2 at 10-13, 19-21.) It quoted conversation excerpts, technical descriptions, and commercial characterizations. It moved to seal nineteen days later. The release of information in open court "is a publication of that information and, if no effort is made to limit its disclosure, operates as a waiver of any rights a party had to restrict its future use." *Littlejohn v. BIC Corp.*, 851 F.2d 673, 680 (3d Cir. 1988) (quoting *Nat'l Polymer Prods. v. Borg-Warner Corp.*, 641 F.2d 418, 421 (6th Cir. 1981)). *(Mem. Part One, § IV.C.)*

5. **EPAM's memorandum says the redacted exhibits are both insufficient and sufficient.** To justify this motion, EPAM says the redacted versions are not enough: "at the upcoming September 16, 2026, evidentiary hearing, EPAM recognizes that the redacted versions of these documents may be insufficient." (ECF No. 60-1 at 1.) To defeat the public interest, EPAM says they are enough: it "has already publicly filed a redacted version of Exhibits 6-10, and 13, which provides the public with sufficient information

about what these exhibits contain." (*Id.* at 11.) Those sentences describe the same documents. EPAM identifies nothing the Court needs at the hearing that the redacted versions omit, and does not say why the Court cannot inspect an unredacted original in camera rather than receive it under seal. *(Mem. Part One, § IV.D.)*

6. **EPAM has not shown an overriding interest justifying closure of the courtroom.** Closure requires "an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest," and "[t]he injury must be shown with specificity." *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071, 1073 (3d Cir. 1984); *accord Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1984). EPAM's proposal of a post-hearing redacted transcript cannot substitute for that showing: a court "must not relax the standard necessary to close a proceeding simply because a transcript of that closed proceeding can be made available at a later date." *Publicker*, 733 F.2d at 1072. *(Mem. Part Two, § VIII.A.)*

7. **Less restrictive alternatives exist, and EPAM has already told the Court that one of them works.** EPAM must show that no less restrictive alternative would serve its interest. *Publicker*, 733 F.2d at 1074. It has not, because it has conceded the opposite. To show that the public loses nothing by sealing, EPAM tells the Court that the redacted versions already on the public docket "provide[] the public with sufficient information about what these exhibits contain, but without the critical details that would threaten EPAM's competitive advantage." (ECF No. 60-1 at 11.) That sentence says a redacted version does both jobs at once — it conveys the substance and it withholds what EPAM considers sensitive. If that is true on the docket, it is true at the hearing. EPAM can use the exhibits

already on the public docket, in open court, without any sealed exhibit and without closing the courtroom.

For the three non-party individuals, I propose a seven-term examination protocol that keeps their names out of open court entirely — a sealed key identifying each designation, examination by reference to that key rather than by name, unredacted exhibits displayed to the witness and the Court only, advance identification of topics, sidebar for anything unanticipated, and correction of any inadvertent reference before the transcript is released. EPAM has not shown why redaction, the protocol, or in camera inspection is inadequate. *(Mem. Part Two, § VIII.B.)*

WHEREFORE, I respectfully request that the Court enter an Order:

(a) Denying EPAM leave to introduce unredacted versions of Exhibits 9, 10, and 13 and less-redacted versions of Exhibits 6 through 8 under seal at the September 16, 2026 evidentiary hearing, or any date to which that hearing is continued;

(b) Denying EPAM's request to close the courtroom during that hearing;

(c) Entering the seven-term examination protocol set forth in Part Two, § VIII.B of the accompanying Memorandum of Law;

(d) Providing that, if EPAM is permitted to renew its motion, any renewed motion must identify with particularity the specific information said to constitute a trade secret and the specific competitive advantage it affords; and

(e) Providing that the Order reflects no finding on whether the materials at issue constitute trade secrets or on who owns them.

Dated: August 20, 2026
Respectfully submitted,
/s/ Gowtham Rao
**Gowtham Rao, MD, PhD**

*Defendant/Counterclaim-Plaintiff, pro se*

184 Mansgrove Road

Princeton, NJ 08540

gowthamrao.litigation@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on August 20, 2026, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record, and that I served a courtesy copy by electronic mail on counsel for Plaintiff:

Jacob Oslick, Esq. — joslick@seyfarth.com

James S. Yu, Esq. — jyu@seyfarth.com

Matthew Christoff, Esq. — mchristoff@seyfarth.com

Brooke K. Gary, Esq. — brgary@seyfarth.com

/s/ Gowtham Rao

**Gowtham Rao, MD, PhD**

*Defendant/Counterclaim-Plaintiff, pro se*