**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **EPAM SYSTEMS, INC.**,<br>*Plaintiff/Counterclaim-Defendant*,<br><br>v.<br><br>**GOWTHAM RAO, MD, PhD**,<br>*Defendant/Counterclaim-Plaintiff*. | **CIVIL ACTION**<br><br>**NO. 2:25-cv-06260-WB** |

**DEFENDANT GOWTHAM RAO'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO PERMIT REMOTE TESTIMONY (ECF NO. 61)**

I am Gowtham Rao, the defendant in this action, proceeding pro se. I respectfully submit this Response in Opposition to Plaintiff EPAM Systems, Inc.'s ("EPAM") motion (ECF No. 61), which asks the Court to permit Dmitrii Ilin to testify by live video from the Czech Republic at the September 16, 2026 evidentiary hearing on EPAM's Motion for Sanctions for Spoliation of Evidence.

My request is narrow, and I want to state it plainly. I ask that Mr. Ilin testify in person, in open court, like EPAM's other two witnesses. That is the whole of the relief I seek.

This is not a merits argument. I am not asking the Court to decide the sanctions motion, or whether Mr. Ilin's declaration is accurate. I ask only that he give his testimony in the courtroom.

EPAM's motion should be denied for the following reasons:

1. **EPAM's own authority required in-person testimony from the witness whose account was contested.** In *Williams v. Elliott*, the case EPAM leads with, the Court granted remote testimony for one witness and denied it for the other. The witness who had to appear in person was the one whose testimony was "critical to this case" and whose documents the opposing party disputed. 2025 WL 4100526, at *1 n.2 (E.D. Pa. Aug. 11, 2025). EPAM describes Mr. Ilin's testimony as "critical in explaining why the evidence destroyed by Dr. Rao is so critical in this case." (ECF No. 61-1 at 3.)

2. **EPAM has not shown that the circumstances were unforeseeable.** This Court set the September 16 hearing on June 18, 2026. (ECF No. 52.) EPAM told the Court on July 21, 2026 that it would make Mr. Ilin available to testify at the September hearing, while asking that he be permitted to appear remotely. (ECF No. 56 at 2.) Mr. Ilin stated on July 29, 2026 that he would require advance notice for travel. (ECF No. 58-25 ¶ 2.) EPAM moved on August 17, 2026.

3. **EPAM has shown inconvenience, not compelling circumstances.** EPAM asserts no illness, injury, or incapacity. Mr. Ilin did not state that he cannot travel. He stated that he "will require advance notice for travel." (ECF No. 58-25 ¶ 2.)

4. **EPAM's own submission answers its burden argument.** EPAM is flying two witnesses to Philadelphia, from California and from Maine. (ECF No. 61-1 at 5.) EPAM asked me to consent to remote testimony for its expert, Dr. Joe Greenfield, and withdrew that request after I objected. (ECF No. 61-1 at 3 n.1.)

5. **EPAM has proposed no safeguards, and Rule 43(a) requires them.** EPAM offers two alternatives and no protocol. It names no platform, no procedure for administering the oath abroad, no rule about who may be present off camera, no exhibit protocol, and no contingency if the video connection fails during cross-examination.

6. **The relief EPAM seeks would end this case.** EPAM asks for default judgment on its claims and dismissal of my counterclaims with prejudice. The finding that supports that relief is a finding about my intent.

WHEREFORE, I respectfully request that the Court enter an Order denying EPAM's Motion to Permit Remote Testimony (ECF No. 61), and directing that if EPAM presents the testimony of Dmitrii Ilin at the September 16, 2026 evidentiary hearing, or any date to which that hearing is continued, Mr. Ilin appear and testify in person in open court.

Dated: August 21, 2026

Respectfully submitted,

/s/ Gowtham Rao

Gowtham Rao, MD, PhD

Defendant/Counterclaim-Plaintiff, pro se

184 Mansgrove Rd.

Princeton, NJ 08540

gowthamrao.litigation@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on August 21, 2026, I served a true and correct copy of the foregoing Response in Opposition upon Plaintiff's counsel of record by electronic mail, pursuant to Fed. R. Civ. P. 5(b)(2)(E) and the parties' established course of electronic service:

Jacob Oslick, Esq. (joslick@seyfarth.com)

James S. Yu, Esq. (jyu@seyfarth.com)

Matthew Christoff, Esq. (mchristoff@seyfarth.com)

Brooke K. Gary, Esq. (brgary@seyfarth.com)

SEYFARTH SHAW LLP

/s/ Gowtham Rao

Gowtham Rao, MD, PhD