**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **EPAM SYSTEMS, INC.**,<br>*Plaintiff/Counterclaim-Defendant*,<br><br>v.<br><br>**GOWTHAM RAO, MD, PhD**,<br>*Defendant/Counterclaim-Plaintiff*. | **CIVIL ACTION**<br><br>**NO. 2:25-cv-06260-WB** |

**DEFENDANT GOWTHAM RAO'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO PERMIT REMOTE TESTIMONY (ECF NO. 61)**

## PRELIMINARY STATEMENT

I am Gowtham Rao, the defendant in this action, proceeding pro se. EPAM asks the Court to permit Dmitrii Ilin to testify by live video from the Czech Republic at the September 16, 2026 evidentiary hearing on EPAM's motion for sanctions.

My request is narrow, and I want to state it plainly. I ask that Mr. Ilin testify in person, in open court, like EPAM's other two witnesses. That is the whole of the relief I seek.

This is not a merits argument. I am not asking the Court to decide the sanctions motion, or whether Mr. Ilin's declaration is accurate. I ask only that he give his testimony in the courtroom.

EPAM chose this Court. EPAM chose Mr. Ilin as its declarant. The hearing date was set in June, and EPAM told the Court in July that it would make Mr. Ilin available to testify at it. Mr. Ilin said he would need advance notice for travel. He did not say he could not come. EPAM moved in August, two months after the date was set.

EPAM is flying two witnesses to Philadelphia for this hearing, one from California and one from Maine. It asks to be excused only as to the witness whose testimony it calls critical, and whose account I dispute under oath.

EPAM asks this Court to enter default judgment against me and to dismiss my counterclaims with prejudice. The finding that supports that relief is a finding about my intent.

# I. FACTS

## A. EPAM's description of Mr. Ilin's position changed between July 29 and August 17, 2026.

Mr. Ilin swore on July 29, 2026 that he is "currently employed by Odysseus Data Services s.r.o., an indirect subsidiary of EPAM Systems, Inc. ... as a Lead Software Engineer", and that "[w]hile my title may have changed, I have held this same substantive position since 2018 ...". (ECF No. 58-25 ¶ 1.) As to the software at issue, he swore that "[f]or approximately the past year, a key part of my job has been coding or otherwise designing" it. (*Id.* ¶ 6.)

EPAM's memorandum, filed August 17, 2026, describes him differently. It states that "Mr. Ilin is EPAM's lead AI Data Engineer / Architect on the Synapse software solution." It states that "[h]e not only has intimate knowledge of the Synapse code, he personally developed much of it." (ECF No. 61-1 at 2.)

## B. Mr. Ilin stated on July 29, 2026 that he would require advance notice for travel.

Mr. Ilin's declaration states: "However, as I am based in the Czech Republic, I would request to provide any such testimony remotely, or otherwise will require advance notice for travel." (ECF No. 58-25 ¶ 2.)

## C. This Court set the September 16 hearing on June 18, 2026.

On May 21, 2026, the Court ordered that an evidentiary hearing on the spoliation motion be held on July 28, 2026, in Courtroom 10-A. (ECF No. 49.) On June 18, 2026, the Court ordered that "an evidentiary hearing on the spoliation motion shall be held on September 16, 2026, at 2:00 PM in Courtroom 10-A, United States Courthouse, 601 Market Street, Philadelphia, PA 19106." (ECF No. 52.)

## D. EPAM raised remote testimony on July 21, 2026 and did not move until August 17, 2026.

Responding to my objection under Rule 45 (ECF No. 54), EPAM represented that it would "make him available to testify at the hearing on its spoliation motion scheduled for September (though it would request that he be permitted to testify remotely)." (ECF No. 56 at 2.)

**E. EPAM moved on August 17, 2026.**

That is sixty days after the Court set the hearing date, twenty-seven days after EPAM's representation, and nineteen days after Mr. Ilin's declaration.

**F. EPAM withdrew the same request as to its expert witness.**

On August 5, 2026, EPAM asked me to consent to remote testimony for both Mr. Ilin and its retained expert, Dr. Joe Greenfield. (ECF No. 61-2 at 4.) I objected to both on August 10, 2026. (ECF No. 61-2 at 2.) EPAM then agreed to produce Dr. Greenfield in person and moved only as to Mr. Ilin. (ECF No. 61-1 at 3 n.1.)

## II. THE SCOPE OF EPAM'S REQUEST

**A. EPAM asks for leave for one witness to appear by video at one hearing.**

EPAM "moves under Fed. R. Civ. P. 43(a) to permit the remote testimony of Dmitrii Ilin, via live video, during the September 16, 2026 hearing on its Motion for Sanctions for Spoliation of Evidence." (ECF No. 61-1 at 1.) EPAM does not seek a continuance, does not seek leave to take a deposition, and does not seek relief as to any other witness.

**B. EPAM concedes the following.**

EPAM states that Mr. Ilin's "anticipated testimony will be narrow and brief", that it "will consist entirely of the facts that he previously attested to in his six page, 21-paragraph declaration", and that EPAM "does not expect his direct testimony to last more than 30 minutes." (ECF No. 61-1 at 2.) EPAM states that "EPAM will have two witnesses flying in for the hearing, from California, and from Maine." (*Id.* at 5.) EPAM states that "Mr. Ilin's testimony is critical in explaining why the evidence destroyed by Dr. Rao is so critical in this case, and why Dr. Rao had a motive for destroying this evidence." (*Id.* at 3.) EPAM states that a visa "is not an absolute certainty, particularly because Mr. Ilin is a Russian citizen (although he holds a long-term residence permit in the Czech Republic and expects to be issued permanent residency in September)." (*Id.* at 2.)

**C. EPAM asserts no illness, injury, or incapacity.**

Neither EPAM's memorandum nor Mr. Ilin's declaration asserts that Mr. Ilin is unable to travel for any reason of health.

**D. EPAM describes the scope of the testimony two different ways.**

The declaration EPAM says bounds the testimony addresses three subjects: Exhibit 9 to the Oslick Declaration (ECF No. 58-25 ¶¶ 8–15), Exhibit 10 to the Oslick Declaration (*id.* ¶¶ 16–20), and the allegation that I deleted documents from cloud storage (*id.* ¶ 21). EPAM's description of the anticipated testimony addresses only the first. (ECF No. 61-1 at 3.)

Cross-examination is bounded by the declaration EPAM says bounds the testimony. It is not bounded by EPAM's estimate of the length of its own direct examination.

**E. EPAM's showing rests on its memorandum, not on evidence.**

Mr. Ilin's declaration asserts no hardship. It asks for advance notice. (ECF No. 58-25 ¶ 2.) The assertions about travel time, jet lag, and visa timing appear only in counsel's memorandum. (ECF No. 61-1 at 2.)

**III. LEGAL STANDARD**

**A. Rule 43(a) requires testimony in open court.**

Federal Rule of Civil Procedure 43(a) provides: "At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."

**B. The Advisory Committee Note defines what that showing requires.**

The Advisory Committee Note to the 1996 amendment states that "[c]ontemporaneous transmission of testimony from a different location is permitted only on showing good cause in compelling circumstances." Fed. R. Civ. P. 43 advisory committee's note to 1996 amendment. The Note describes the showing that suffices, treats a movant's ability to foresee the

circumstances it offers as a reason to discount them, and imposes safeguards as a requirement separate from good cause. Part IV quotes and applies each of those passages.

On consent, the Note states: "Good cause and compelling circumstances may be established with relative ease if all parties agree that testimony should be presented by transmission. The court is not bound by a stipulation, however, and can insist on live testimony." *Id.* I do not agree, so EPAM carries the full showing.

**C. Rule 43(a) applies "[a]t trial," and EPAM invoked it.**

Rule 43(a) by its terms governs testimony at trial. EPAM moved under Rule 43(a) and asks the Court to apply its standard. (ECF No. 61-1 at 1.) EPAM should be held to the standard it chose. Even if the Court proceeds instead under its general authority to manage the conduct of its own proceedings, EPAM's showing fails for the same reasons set out below.

**IV. ARGUMENT**

**A. EPAM has not shown that *Williams v. Elliott* supports its request.**

EPAM relies on *Williams v. Elliott*, No. 18-5418, 2025 WL 4100526 (E.D. Pa. Aug. 11, 2025) (Quiñones Alejandro, J.). (ECF No. 61-1 at 1, 5.) That order granted the motion in part and denied it in part. *Id.* at *1.

The court permitted Radiah Scott Covington to testify remotely. Covington resided in Richmond, Virginia, her testimony was "anticipated to be less than 30 minutes and focus on her personal experience as a member of the musical group SISTA." and she attested to "a significant personal and logistical burden and hardship" and to familial obligations. *Id.* at *1 n.2.

The court denied the request as to Louise C. West. West also resided more than 100 miles from the courthouse, and she also attested to "professional and familial obligations that would make travel 'very difficult.'" *Id.* Distance and hardship did not decide the question. "[T]he nature of West's testimony is distinguishable from that of Covington's." *Id.*

The court denied the request because West's account was contested and central: "Clearly, Williams' arguments and the timing of the discovery of these documents put the authenticity of

these documents at issue, and her testimony is expected to be critical to this case, for both parties. As such, it is important for the jury to have '[t]he opportunity to judge the demeanor of [West] face-to-face' and weigh the testimony. Therefore, Elliott's request to allow West to testify remotely is denied." *Id.*

Mr. Ilin is the second kind of witness. EPAM calls his testimony "critical" (ECF No. 61-1 at 3), as set out at Part II, § B. His declaration states his assessment that Exhibit 9 and Exhibit 10 were generated by providing a generative artificial-intelligence program with confidential EPAM information about the software at issue. (ECF No. 58-25 ¶¶ 12, 19.) I dispute that account under oath. Mr. Ilin was a former colleague and is employed by EPAM's indirect subsidiary. (*Id.* ¶ 1.) West was a former attorney to the party who offered her.

*Williams* was a jury trial, and the court framed the demeanor point in terms of the jury. The Advisory Committee Note the court quoted is not so limited. It speaks of "the factfinder". Here the factfinder is the Court, and the finding EPAM asks the Court to make is that I acted with an intent that would justify ending this case.

**B. EPAM has not shown that the *Williams* factors favor it, because its quotation omits the clause that explains them.**

EPAM quotes *Williams* for the proposition that courts consider "the distance of witnesses from the trial, whether the witnesses live more than 100 miles from the courthouse . . . the length of their expected testimony, the burden of appearing at trial, and other circumstances, such as the COVID-19 pandemic." (ECF No. 61-1 at 1.)

The sentence in *Williams* reads: "courts have considered factors such as the distance of witnesses from the trial, whether the witnesses live more than 100 miles from the courthouse and, therefore, cannot be compelled to testify by subpoena, the length of their expected testimony, the burden of appearing at trial, and other circumstances, such as the COVID-19 pandemic." 2025 WL 4100526, at *1 n.2.

The words EPAM's ellipsis replaces explain why distance matters. The concern is a witness the offering party cannot compel. Mr. Ilin is employed by EPAM's indirect subsidiary.

(ECF No. 58-25 ¶ 1.) EPAM does not need a subpoena to produce him.

**C. EPAM has not shown that the circumstances it relies on were unforeseeable.**

A party that could reasonably foresee the circumstances it offers "will have special difficulty in showing good cause and the compelling nature of the circumstances." Fed. R. Civ. P. 43 advisory committee's note to 1996 amendment.

EPAM filed this action in this district and chose Mr. Ilin as its declarant. Nothing about his residence changed between June 18 and August 17. The intervals are set out at Part I, § E.

Courts deny relief under Rule 43(a) on this ground. In *Eller v. Trans Union, LLC*, the Tenth Circuit affirmed the denial of remote testimony for a witness located in Turkey, holding that the movant "could (and perhaps should) have foreseen that Mr. McLain might not be available for trial and made alternative arrangements for his testimony." 739 F.3d 467, 479 (10th Cir. 2013).

EPAM's visa argument illustrates the point. The Advisory Committee Note addresses uncertainty about a witness's attendance: "Ordinarily depositions, including video depositions, provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena, or of resolving difficulties in scheduling a trial that can be attended by all witnesses." *Id.* Uncertainty of that kind is a reason to notice a deposition, not a reason to dispense with live testimony.

**D. EPAM has shown inconvenience, and inconvenience is not the standard.**

"Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial." *Id.* The sufficient showing arises "when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place." *Id.*

EPAM asserts flight duration, jet lag, a six-hour time difference, and visa timing. (ECF No. 61-1 at 2.) It asserts no illness, injury, or incapacity. Mr. Ilin did not say he is unable to travel; he asked for advance notice, as set out at Part I, § B.

Distance alone does not satisfy the standard. "Mere inconvenience doesn't satisfy this standard. In general, the rule contemplates situations where a witness cannot appear in person 'for unexpected reasons, such as accident or illness[.]'" *Gil-Leyva v. Leslie*, 780 F. App'x 580, 587 (10th Cir. 2019). The panel in *Gil-Leyva* ultimately affirmed an order allowing telephonic testimony, but only after the magistrate judge had denied a continuance and no alternative remained. *Id.* at 587-88. The standard it states is the one that governs EPAM's request here.

**E. EPAM's own submission answers its burden argument.**

EPAM is producing two witnesses in person, from California and from Maine, as it states at Part II, § B. It sought the same relief for Dr. Greenfield and withdrew that request after I objected, as set out at Part I, § F.

EPAM is prepared to bear the cost of producing witnesses in this courtroom. Its objection is to producing this witness.

**F. EPAM has proposed no safeguards, and Rule 43(a) requires them.**

"Safeguards must be adopted that ensure accurate identification of the witness and that protect against influence by persons present with the witness. Accurate transmission likewise must be assured." Fed. R. Civ. P. 43 advisory committee's note to 1996 amendment.

EPAM proposes two alternatives. Mr. Ilin "could be emailed the potential cross-examination documents at the beginning of EPAM's direct, but be directed not to look at them unless asked to by Rao during cross-examination." (ECF No. 61-1 at 4.) Or "Mr. Ilin could be shown the documents via screen-sharing in real-time." (*Id.*) EPAM names no platform, no procedure for administering the oath in a foreign country, no rule about who may be present in the room off camera, no exhibit protocol, and no contingency if the connection fails during cross-examination.

The first proposal would require me to disclose my cross-examination documents in advance. A court confronted with the same practical problem — a remote witness and a document-intensive cross — refused to require it: "Due to the dynamic nature of trial testimony,

defendants will not know in advance which documents or records are relevant to Dr. Singer's testimony. Defendants are not required, especially under these facts, to provide Dr. Singer with every potential document or medical record in advance which may be relevant or salient at trial. Rule 43(a) requires 'appropriate safeguards' and none have been provided." *Niemeyer v. Ford Motor Co.*, No. 2:09-cv-02091, 2012 WL 5199145, at *3 (D. Nev. Oct. 18, 2012).

Which pages of Exhibit 9 become relevant depends on Mr. Ilin's answers. That is the nature of cross-examination.

**G. EPAM has not shown that its request is proportionate to the finding it asks the Court to make.**

EPAM asks the Court to enter default judgment on its claims and to dismiss my counterclaims with prejudice. Dismissal on that basis "must be a sanction of last, not first, resort." *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 869 (3d Cir. 1984). *Poulis* affirmed the dismissal before it, but it did so only after balancing six factors and asking whether "the record supports its findings," among them whether "the conduct of the party or the attorney was willful or in bad faith". *Id.* at 868. Where the record did not support a finding of bad faith, the Third Circuit has vacated the resulting judgment: "In *National Hockey League*, the Court upheld a dismissal because, on the basis of an extensive record, it found 'flagrant bad faith' on the part of the sanctioned party. There is no such record here." *Ali v. Sims*, 788 F.2d 954, 958 (3d Cir. 1986). The court in *Ali* then ordered the action dismissed with prejudice on a separate ground — the plaintiff's flight from justice — unrelated to the sanction. *Id.* at 959-60.

Mr. Ilin's declaration states assessments of what "likely" occurred and what is "highly likely" to have occurred. (ECF No. 58-25 ¶¶ 11, 12, 19.) It states that his knowledge rests in part on "discussions with other employees of EPAM, and/or a review of relevant documents." (*Id.* ¶ 2.) It states that he "learned" that I deleted documents, without identifying the source. (*Id.* ¶ 21.) These are the assertions on which EPAM asks the Court to find intent, and they are the assertions I will test. Neither *Poulis* nor *Ali* concerned remote testimony. They establish what the Third

Circuit requires of the record before a case is ended on a sanction, and that requirement is the reason the form of this testimony matters.

"Demeanor is of the utmost importance in the determination of the credibility of a witness." *Gov't of the V.I. v. Aquino*, 378 F.2d 540, 548 (3d Cir. 1967). *Aquino* was a criminal appeal, and it added that demeanor "is not an essential ingredient of the confrontation privilege" where cross-examination is available. *Id.* No constitutional right is at issue here. The point is narrower: the Court is being asked to find intent, and the Advisory Committee Note treats face-to-face observation as material to that kind of finding.

**H. EPAM's remaining authorities were pandemic-era trials in a different posture.**

*Guardant Health, Inc. v. Foundation Medicine, Inc.* was a patent jury trial scheduled during the COVID-19 pandemic. 2020 WL 6120186, at *3 (D. Del. Oct. 16, 2020). The passage EPAM quotes reads in full: "In each case, the undersigned Judge felt that the examinations provided the evidence necessary to assess credibility." *Id.* EPAM's quotation omits the words "the undersigned Judge felt that". (ECF No. 61-1 at 3.) The three prior proceedings the court described were bench trials. *Id.*

*Xcoal Energy & Resources v. Bluestone Energy Sales Corp.* did not involve a request to testify remotely. 2020 WL 4794533, at *2 (D. Del. Aug. 18, 2020). The court had already ordered a fully remote bench trial, and the defendants asked it to convert the trial to an in-person or partially remote proceeding, or to defer it. *Id.* The court denied that request and observed that "courts are regularly determining that, in light of the ongoing pandemic, taking testimony remotely is sometimes the best available (and adequate) option." *Id.*

Neither case involved a party seeking to excuse its own witness, over objection, from a hearing on a motion that would end the case.

**CONCLUSION**

For these reasons, EPAM has not carried its burden under Rule 43(a). I respectfully request that the Court deny EPAM's Motion to Permit Remote Testimony (ECF No. 61), and

order that if EPAM presents the testimony of Dmitrii Ilin at the September 16, 2026 evidentiary hearing, or any date to which that hearing is continued, Mr. Ilin appear and testify in person in open court.

Dated: August 21, 2026

Respectfully submitted,

/s/ Gowtham Rao

Gowtham Rao, MD, PhD

Defendant/Counterclaim-Plaintiff, pro se

184 Mansgrove Rd.

Princeton, NJ 08540

gowthamrao.litigation@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on August 21, 2026, I served a true and correct copy of the foregoing Memorandum of Law upon Plaintiff's counsel of record by electronic mail, pursuant to Fed. R. Civ. P. 5(b)(2)(E) and the parties' established course of electronic service:

Jacob Oslick, Esq. (joslick@seyfarth.com)

James S. Yu, Esq. (jyu@seyfarth.com)

Matthew Christoff, Esq. (mchristoff@seyfarth.com)

Brooke K. Gary, Esq. (brgary@seyfarth.com)

SEYFARTH SHAW LLP

/s/ Gowtham Rao

Gowtham Rao, MD, PhD