**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **EPAM Systems, Inc.,**<br>**Plaintiff/Counterclaim-Defendant,**<br><br>**v.**<br><br>**Gowtham Adamane Roa,**<br>**Defendant/Counterclaim-Plaintiff.** | **CIVIL ACTION**<br><br><br>**NO. 25-6260** |

**O R D E R**

**AND NOW**, this 25th day of August, 2026, upon consideration of Plaintiff's Motion to Permit Remote Testimony (ECF No. 61), and Defendant's Response in Opposition thereto (ECF No. 67), **IT IS HEREBY ORDERED** that Plaintiff's Motion is **DENIED**.[1]

**BY THE COURT:**

s/ Wendy Beetleston
**WENDY BEETLESTONE, C.J.**

---

[1] Federal Rule of Civil Procedure 43 establishes a strong presumption that testimony will be presented live and in open court. Recognizing that there are times when this is infeasible, there is a limited exception: "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). But that exception is narrow. "The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place. . . . Other possible justifications for remote transmission must be approached cautiously." Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment.

EPAM, citing the flight length and the *possibility* that its witness, Dmitrii Ilin ("Ilin"), will be unable to secure a visa in time for the hearing, submits that "compelling circumstances" exist here. It argue that since his testimony will be relatively brief—under 30 minutes—the inconvenience of international travel is too burdensome. Simultaneously, EPAM concedes that his testimony is important and material to the hearing and they will be greatly prejudiced if forced to proceed without him.

Yet these circumstances do not justify straying from the court's strong preference for live testimony and the default under Rule 43(a). "Transmission cannot be justified merely by showing that it is inconvenient for the witness to

attend," Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment, and proceeding via video feed is not a costless substitute. "Screens freeze, audio garbles, and feedback screeches proceedings to a halt. The video feed drops, interrupting a witness mid-word or leaving a disembodied stream of words coming from a shadow avatar on a blank screen." *J.D. v. Price*, 619 F. Supp.3d 523, 529 (W.D. Pa. 2022). Such disruptions are time consuming and may impair the Court's ability to evaluate the evidence.

Although at times courts grant additional consideration to the burden that places on nonparty witnesses—especially if that witness's testimony is peripheral—here, Ilin is not a disinterested third party. He will appear as EPAM's representative, and EPAM therefore must bear the ordinary burdens associated with presenting the evidence on which it asks the Court to rely at the hearing that it sought. Given the stated importance of Ilin's testimony, EPAM will be required to produce him in person for the September 16, 2026 hearing.