IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EPAM SYSTEMS, INC.,<br><br>Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>GOWTHAM RAO,<br><br>Defendant/Counterclaim-Plaintiff. | Civil Action No. 2:25-cv-06260 |

**SUPPLEMENTAL DECLARATION OF JACOB OSLICK, ESQ. IN SUPPORT OF PLAINTIFF/COUNTERCLAIM-DEFENDANT EPAM SYSTEMS, INC.'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE**

I, JACOB OSLICK, hereby declare under the penalty of perjury as follows:

1. I am an attorney with the law firm Seyfarth Shaw LLP, attorneys for Plaintiff/Counterclaim-Defendant EPAM Systems, Inc. ("EPAM") in the above-captioned action. I submit this Declaration in support of EPAM's Motion for Sanctions for Spoliation of Evidence. I know the facts in this Supplemental Declaration to be true based upon my own personal knowledge, information provided to me, and/or a review of the documents associated with this action.

2. In his opposition brief, Rao asserts that he offered to pay for a "supplemental analysis by the neutral," which Seyfarth authorized. (Opp. at 20-21.) Rao describes this proposed "supplemental analysis" as a "curative analysis." (Opp. at 21) Rao's assertions are not true.

3. In brief, as Rao's declaration hints at, he suggested during discussions with EPAM that he would retain iDS for some kind of supplemental analysis, which would compare a listing of files downloaded from EPAM by Rao to the files on his desktop computer. (Rao Decl. ¶¶ 68-70.)

4. Rao's proposed comparison of download logs to the files on his desktop computer would not address, much less "cure," any of the spoliation issues. This kind of analysis would provide no information about which documents are derivatives of files that Rao downloaded from EPAM. Nor would this analysis provide EPAM with information about whether Rao copied files to USB devices (or which devices files might have been copied to), uploaded files to cloud storage accounts that had not already been identified, collected, and searched pursuant to the forensic protocol, or inputted EPAM files into generative artificial intelligence platforms. Nor, in any other discussions with EPAM, did Rao propose any kind of analysis that would have addressed those issues.

5. Addressing or "curing" spoliation was not the point of the proposed supplemental analysis that Rao discussed with Seyfarth. Rather, Rao expressed that that he hoped this work would enable him to narrow the scope of his potential liability to EPAM. EPAM agreed to permit Rao to contract with iDS for targeted requests, subject to certain conditions, such as the parties' meet-and-conferring and agreeing on Rao's requests. (*See* Rao Decl. Ex. P. at 14.)

6. After reaching this agreement that would have enabled him to retain iDS for supplemental work, Rao never followed up with EPAM. He did not propose any requests for EPAM to consent to and, if he followed up with iDS on this issue, did not copy EPAM on those communications (as was a condition of the parties' agreement).

7. Attached hereto as **Exhibit 1** is a true and correct copy of email chain between the parties, and the parties' forensic neutral, iDS, regarding Defendant/Counterclaim-Plaintiff Gowtham Rao's instruction to the parties' forensic neutral, iDS, to "Hold," rather than release files to EPAM.

8. Attached hereto as **Exhibit 2** is a true and correct copy of email chain between the parties, and the parties' forensic neutral, iDS, regarding Rao's refusal to release files to EPAM, and well as his withdrawal of consent for EPAM's in-house attorney (Sarah Lugar) and two EPAM employees, to access the iDS database.

9. Attached hereto as **Exhibit 3** true and correct copy of email chain between the parties, and the parties' forensic neutral, iDS, regarding Rao's additional withdrawals of consent to access the iDS database.

10. Attached hereto as **Exhibit 4** is a true and correct copy of email between Rao and Seyfarth dated August, 14, 2026.

11. Attached hereto as **Exhibit 5** is document located through the parties' forensic protocol. The document has metadata indicating that it was created on December 3, 2025

I declare, pursuant to 28 U.S.C. § 1746, under the penalty of perjury that the foregoing is true and correct.

DATED: August 26, 2026

*/s/ Jacob Oslick*
Jacob Oslick