# Exhibit 4

[redacted]

**From:** Gowtham Rao <gowthamrao.litigation@gmail.com>
**Sent:** Friday, August 14, 2026 1:43 PM
**To:** Oslick, Jacob
**Cc:** Gowtham Rao; Sarah Lugar; Christoff, Matthew; Etwaru, Simone; Gary, Brooke; Yu, James
**Subject:** EPAM Systems, Inc. v. Rao, No. 2:25-cv-06260-WB (E.D. Pa.) — Meet and Confer: Handling of Protocol-Derived Materials

**This Message Is From an External Sender**
This message came from outside your organization.

Jacob,

I write to meet and confer about the handling of materials collected under the Stipulated Forensic Inspection Protocol (ECF 55, the "Protocol"). Rather than characterize anything, let me set out the facts I am working from and ask a few questions.

1. The Protocol provides that all Protocol-derived materials "shall be used for the purposes of this Litigation only and for no other purpose" (§ VI(c)); that the parties will meet and confer on any "additional reports or analysis beyond that which is specifically authorized" (§ VI(b)); and that extracted materials are produced "to counsel for EPAM" (§ III(b)).
2. On July 17, EPAM asked the Court to direct that its employees receive access to the review platform. (ECF 53.) No order granting that access appears on the docket.
3. On July 22, I asked iDS in writing, copying your team, to issue no access "until both parties have met." iDS replied: "Acknowledged." (Attachment A.)
4. On July 24, your office transmitted signed confidentiality acknowledgments for three EPAM employees and wrote that, absent my agreement, EPAM would "provide access to any critical documents to Mr. Ilin without him requiring Relativity access, such as via screen share for example." I replied the same day that I did not agree. Mr. Vaughn confirmed that iDS "will not do anything unless both parties agree, or unless ordered by the court." (Attachment B.)
5. On July 29, EPAM filed the declaration of Dmitrii Ilin, an engineering employee of an EPAM subsidiary, stating that he "reviewed an unredacted version" of Exhibits 9 and 10 to your declaration and presenting his analysis of them. (ECF 58-25 ¶¶ 1, 6, 8, 11, 16.) The parties did not meet and confer regarding that analysis.
6. Ownership of the content of the exhibits to your declaration is contested in this litigation. The collection also includes the CoReason, Inc. GitHub repository and email account (ECF 55 § I(e)) and other material from the period of my work at CoReason, a company that competes with EPAM. No protective order has been entered in this case, and no attorneys'-eyes-only designation governs these materials.

Read together, these facts raise the possibility that material belonging to a non-party company has been distributed, through this litigation's forensic process, to employees of its competitor. Before I draw any conclusion or raise anything with the Court, please answer three questions:

1. For any material obtained through the Protocol or otherwise discovered in this litigation — whether or not filed as an exhibit, and including any material in the Relativity workspace and any content reached through a hyperlink embedded in a collected document (content that would otherwise have been available only to counsel via the review platform): who provided it (redacted or unredacted) to Mr. Ilin or any other EPAM employee, contractor, or agent; on what date; and in what form (platform access, file transmission, screen share, hyperlink, or otherwise)? Please answer specifically for each of Exhibits 6 through 10 and 13 to your declaration.

2. Has any EPAM employee, contractor, or agent other than outside counsel of record been given access to, or credentials for, the Relativity workspace at any time? If so, who, when, and on what authority?
3. Has any material from the CoReason repository or email collection — or any other Protocol-collected material created after October 15, 2025 — been shown to any EPAM employee, contractor, or agent other than outside counsel of record?

Whatever the answers, please confirm in writing: (a) that, except as identified in your response to Question 1, EPAM has not provided Protocol-derived material to any EPAM employee, contractor, or agent other than outside counsel of record, and that, absent agreement of the parties or an order of the Court, it will not do so; (b) that no material obtained in this litigation has been or will be used for any purpose other than this Litigation — including that none has been or will be used to access, acquire, develop from, or otherwise exploit the trade secrets or confidential business information of CoReason, Inc. or any other person; and (c) that EPAM and its counsel will preserve all communications and records concerning any transmission of Protocol-derived materials to non-counsel personnel, including the July 2026 correspondence.

Please respond by **Friday, August 28, 2026**. I am available to confer by phone, and I would ask that any substantive position also be confirmed in writing. I reserve all rights, and I note that any rights of CoReason, Inc. — which I do not represent in this action — are not mine to waive.

Respectfully,

**Gowtham A. Rao, MD, PhD** Defendant and Counterclaim-Plaintiff, *pro se*

Attachments: A (July 22, 2026 correspondence with iDS); B (July 24, 2026 correspondence)