MARYMAN
INCIDENT RESPONSE · INVESTIGATIONS · DIGITAL FORENSICS

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EPAM SYSTEMS, INC.,<br><br>Plaintiff/Counter-Defendant,<br><br>- against -<br><br>GOWTHAM RAO,<br><br>Defendant/Counter-Plaintiff. | Civ. A. No. 2:25-cv-06260 |

**SUPPLEMENTAL DECLARATION OF JOSEPH GREENFIELD**

I, Joseph Greenfield, declare and state as follows:

1. I am over the age of 18, have personal knowledge of matters set forth herein, and could testify competently thereto if called to do so. I submit this declaration as a supplement to my July 29, 2026 declaration, in order to respond to a few points that Gowtham Rao raised in his papers submitted in opposition to Plaintiff/Counter-Defendant EPAM Systems, Inc.'s motion.

2. The iDS report identified two USB devices as having been connected to Rao's desktop computer. One was the iDS hard drive used to image the computer, the other was the computer's own hard drive. (*See* Oslick Decl. Ex. 4 at 6.) The report indicated that the computer's hard drive was "First Connected" on November 14, 2025, the date of the refresh/reset. (*See* Oslick Decl. Ex. 15.) The hard drive was obviously connected before that date, given Rao's acknowledgment that he used the computer to perform work for EPAM during his EPAM employment. The only plausible explanation for the November 14, 2025 "First Connected" date is that the refresh/reset by Rao deleted, and subsequently determined to be unrecoverable by iDS, the registry files containing historical USB and other device connections. In other words, this "First Connected" date shows that forensic artifacts were deleted and subsequently determined to be unrecoverable by iDS.

MARYMAN™
INCIDENT RESPONSE · INVESTIGATIONS · DIGITAL FORENSICS

3. The iDS report determined that, through synchronization, Microsoft Edge browsing activity was available on the desktop computer from November 3, 2025, while Google Chrome data was synchronized from November 4, 2025 forward. (*See* Oslick Decl. Ex. 14 at 6.) This was eleven and ten days before the refresh/reset event, respectively. That means that browsing data *before* those synchronization dates was deleted, and subsequently determined to be unrecoverable by iDS. If, as I have been informed, Rao used this computer to perform EPAM work for many months, that means that several months of browsing history was deleted, and subsequently determined to be unrecoverable by iDS, by the refresh/reset performed by Rao. If Rao used Microsoft Edge or Google Chrome to upload EPAM files to cloud storage accounts, or to input EPAM data into artificial intelligence websites (such as Google Gemini), that browsing history appears to have been permanently deleted, and subsequently determined to be unrecoverable by iDS, by the refresh/reset.

4. I have been informed that Rao has suggested that content searches, such as through the use of keywords, can be used to locate derivative documents in lieu of forensics. There are a few issues with his approach. For example, using keywords to locate documents can be incredibly time-consuming to identify all potential keywords that may capture derivative works, keywords may return documents containing false positives, and keywords may return documents containing attorney-client privileged and/or information protected by the work product doctrine that may warrant special consideration. Meanwhile, forensic analysis can pinpoint the documents that are highly likely, due to forensic artifacts, to be derivatives of other documents. Another issue is that keyword searches can result in false negatives due to replacement of relevant keywords. For example, if Rao asked an AI program to create a derivative of a Synapse document, but to replace every instance of the word "Synapse" with the word "Spiderman," a search for documents with

MARYMAN™
INCIDENT RESPONSE • INVESTIGATIONS • DIGITAL FORENSICS

the word "Synapse" would not locate the derivative document. In my work, I have seen an increased use of AI in anti-forensics, such as through keyword replacement

5. I have also been informed that Rao has suggested that EPAM can use creation and modification dates in document metadata in lieu of the missing forensic artifacts. This approach is not feasible. Opening a document and copying text from it, or uploading a document to an AI program to create a new derivative document, does not affect the original document's creation or modified date. While the new derivative document would acquire a creation or modified date, it would be unrelated to the original file's creation or modified date. As such, there would be no way through creation/modification metadata to link it to the original document. To be sure, in my experience, opening a document to copy text, and uploading a document to an internet website (such as Google Gemini's generative AI site) creates certain forensic artifacts. But, as I discussed in my original declaration, those artifacts are what Rao's refresh/reset appears to have deleted and subsequently determined to be unrecoverable by iDS.

6. I have also been informed that Rao is contending that he refreshed/reset his computer because the Widows sign-on screen supposedly did not display all of his accounts. Microsoft maintains resources, to assist users with troubleshooting problems signing into Windows. (*See* https://support.microsoft.com/en-us/windows/security/identity-signin/troubleshoot-problems-signing-in-to-windows, last visited August 26, 2026). Had Rao searched for this kind of assistance (such as through Google), I would expect that these resources would have likely been returned as search results. The recommended steps include suggestions such as clicking the "Other user" button and entering the accounts credentials. They do not include refreshing or resetting a computer. To the contrary, refreshing or resetting a computer will not resolve the sign-on issue. Instead, the act reinstalls the Windows operating system, which deletes

all Windows account information, registry files, and other relevant forensic artifacts stored on the system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

________________________________________

Executed on August 26, 2026 in Los Angeles, California.