**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EPAM SYSTEMS, INC., | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 2:25-cv-06260-WB |
| GOWTHAM RAO, | : | Hon. Wendy Beetlestone, C.J. |
| Defendant. | : | |

**<u>DEFENDANT'S LETTER IN RESPONSE TO ECF NO. 70</u>**

Dear Chief Judge Beetlestone:

I respectfully ask the Court to deny EPAM's request for a six-month discovery extension and keep the September 30, 2026 fact discovery deadline.

I ask the Court to deny EPAM's

a) request to quash all of my requests for admission,

b) request to cap them at twenty-five.

I also renew my July 20 request that further discovery disputes be referred to a United States Magistrate Judge.

I am proceeding *pro se*. I have had no employment income since October 2025. CoReason, Inc. has generated no revenue and has lost all of its employees because it could not meet payroll. I cannot sustain another six months of this litigation.

In ECF No. 54, I told the Court that I was experiencing *"severe hardship from EPAM's strategy of litigation by attrition"* and asked for swift intervention under Rule 1. (ECF No. 54 at 5.) Since then I have responded to EPAM's sanctions, sealing, and remote testimony motions and filed the related correction papers. (ECF Nos. 62, 63, 65–67.) I have managed hundreds of litigation emails and repeated discovery disputes. I have prepared responses to EPAM's seventy document requests, sixteen interrogatories, and eighteen requests for admission. (Ex. C.) I am working to

serve those responses and my document production before each deadline. I am doing this work myself while looking for employment.

In the past month, I submitted more than fifty job applications and received one interview. I am paying litigation expenses from savings. My personal life and family relationships are under significant strain, and I now take more medications than I ever have before.

I have met the deadlines so far and intend to meet the September 30 discovery deadline. I ask the Court not to add six months to a burden I am already struggling to carry.

## I. EPAM has not explained why it needs six more months

EPAM asks to extend fact discovery through March 30, 2027, but its letter identifies no particular deposition, subpoena, document category, or other discovery that requires six months. EPAM did not serve its first written discovery until August 10, 2026, fewer than eight weeks before the September 30 deadline. (ECF No. 70 at 3.)

As a *pro se* litigant, I understood that the pleading issues would be addressed before substantial written discovery because the parties' motions to dismiss had been deferred until after the spoliation ruling. (ECF No. 49 at 1.) EPAM's August 10 service surprised me, but I treated the existing schedule as controlling and served my five sets between August 15 and 17. (ECF Nos. 70-1 to 70-5.) I accept responsibility for complying with the Scheduling Order. EPAM has not explained why discovery it chose to begin in August could not have begun earlier.

EPAM states that the Court acknowledged at the May 20 case management hearing that the deadline would need to be extended unless the spoliation motion disposes of the case. (ECF No. 70 at 3.) I recall the Court recognizing that the schedule might need attention after the spoliation ruling, not ruling that an extension was inevitable or setting its length. The docket entry for that conference records no discovery ruling, and the May 21 order left the September 30 deadline in place. (ECF No. 48 at 1; ECF No. 49 at 1.) I therefore understand the Scheduling Order to remain in effect.

Rule 16(b)(4) permits a scheduling-order modification only for good cause, and good cause depends in part on the diligence of the party seeking the change. *Premier Comp Solutions, LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020). *Banks v. City of Philadelphia* denied a discovery extension on exactly that ground. 309 F.R.D. 287, 290–91 (E.D. Pa. 2015). Your Honor's Policies likewise require an opposed extension request to be made by motion and supported by a specific need for a time certain. EPAM presented its request in a discovery letter and identified no specific purpose requiring six months.

The extension would also move more than one deadline. The Scheduling Order sets expert deadlines for October and November, expert depositions for January 15, 2027, and summary judgment motions for February 12, 2027. (ECF No. 27 at 1.) EPAM's proposed March 30 fact discovery deadline falls after the summary judgment deadline, so EPAM is asking, in practical effect, to postpone every remaining stage of the case.

EPAM's ECF No. 71 asks for terminating sanctions so that EPAM will not have to continue bearing the costs of this litigation; ECF No. 70 asks for six more months of it. (ECF No. 71 at 13.) I ask the Court to consider what that time costs me as well.

Rule 1 requires the Court and the parties to secure a just, speedy, and inexpensive determination. EPAM is represented by Seyfarth Shaw and in-house counsel; I am unemployed and represent myself. (ECF No. 64 at 2.) EPAM controls the employment records, system logs, repository records, and litigation-hold information at issue, while my access ended when EPAM terminated me on October 15, 2025. (ECF No. 30 ¶ 69.) Delay increases my expense without improving my access to the evidence. *Penn Engineering* recognizes that a resource disparity does not justify unlimited discovery and that the rules must be applied evenhandedly so discovery does not become a war of attrition. *Penn Engineering & Manufacturing Corp. v. Peninsula Components, Inc.*, No. 19-513, 2021 WL 4037857, at *4 (E.D. Pa. Sept. 3, 2021).

This case also includes my claim under the New Jersey Conscientious Employee Protection Act that EPAM terminated me in retaliation. (ECF No. 33 ¶¶ 401–409.) I do not ask the Court to

decide that claim in this letter or to treat EPAM's litigation conduct as additional retaliation. I note only that each month of delay prolongs the unemployment and financial loss that form part of the CEPA claim awaiting resolution.

**II. I tried to resolve the RFA dispute before seeking the Court's help**

On August 19 I asked EPAM to identify the requests or subparts it most wanted withdrawn, narrowed, or rephrased. EPAM responded, "We are not going to play your game." (ECF No. 70-8 at 8.)

After that response, I reviewed all 211 requests again. On August 22, I sent EPAM Schedule A, which shows proposed corrections to twenty-five requests side by side, proposes withdrawing two subparts, and offers to withdraw Instruction No. 5 if both parties accept the same definition of reasonable inquiry. I also explained how I would prioritize the requests if the Court required a smaller set. (ECF No. 70-8 at 2–6.) Schedule A was a draft for discussion and did not amend the served requests. EPAM filed my transmitting email but did not provide Schedule A to the Court, so I attach it as Exhibit A.

Mr. Oslick and I conferred by telephone on August 24. We did not discuss the substance of any individual request. He said that I had fed case documents into artificial-intelligence software and asked it to generate the maximum number of requests without regard to relevance or burden. EPAM continued to insist that I withdraw all 211 requests and reissue twenty-five. I memorialized the conference by email that afternoon. That email is Exhibit B.

I understand why 211 requests, counted by EPAM as 471 propositions with the lettered subparts, require scrutiny. Rule 36 contains no numerical cap, but I do not dispute the Court's authority to impose a proportional limit under Rule 26. I ask only that the requests be evaluated by what each one seeks and what answering it requires, not by the count alone.

The requests address fifteen claims and counterclaims, technical records, source-code history, employment events, and documents EPAM placed on the docket. I plan to take only three

depositions: Gregory Klebanov, my former manager and one of EPAM's principal declarants; Ram Varma, a Gilead witness whose testimony relates to my whistleblower claim; and EPAM's Rule 30(b)(6) designee. I have no counsel and have never taken a deposition. I cannot afford depositions of every EPAM employee with relevant knowledge. Requests for admission are the least expensive way to identify undisputed facts and narrow what remains for summary judgment or trial.

EPAM's authorities support examining the requests, not quashing all of them. *Penn Engineering* relieved a party from answering 185 RFAs, but only after the requesting party had already taken substantial discovery — including 89 earlier RFAs — and gave the court no basis to decide which requests should survive. 2021 WL 4037857, at *1, *8–10 & n.9. These are my only RFAs, I plan three depositions, and the Request-by-Request Appendix identifies, for each request as served, the answering source, the legal issue, and the proof an admission would displace. *Fleming*, which *Penn Engineering* cited, found 216 RFAs excessive but still required answers to the 75 that had been served instead of two depositions to save expense. *Fleming v. Escort, Inc.*, No. 09-105, 2011 WL 573599, at *2 (D. Idaho Feb. 13, 2011).

EPAM estimates more than thirty-nine hours at five minutes per proposition. (ECF No. 70 at 2.) I do not dismiss thirty-nine hours of attorney work. But the estimate treats every proposition alike: it does not identify which requests require investigation, which can be answered from a filed document or EPAM's own records, or which present any unusual burden. It also assigns no value to the depositions, authentication disputes, and trial proof that admissions would eliminate. Rule 26 requires that comparison and expressly includes the parties' relative access to information and resources. EPAM controls the relevant corporate records; I can reach them only through discovery. A twenty-five-request cap would push the same evidence into depositions I cannot afford.

The Third Circuit requires a party seeking a protective order to show a particular need supported by specific examples or articulated reasoning. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). EPAM has not made that request-specific showing.

If the Court concludes that some limitation is necessary, I will promptly provide the prioritized designation I offered EPAM, preserving the requests that replace depositions I cannot afford and those that ask EPAM to confirm its own filed documents and records.

**<u>III. I use AI assistance carefully and accept responsibility for my work</u>**

I used artificial-intelligence software to assist with research, organization, source retrieval, and language. I disclose that use directly. The positions, arguments, and requests are mine. I selected the issues and sources, reviewed and substantially revised every request, and checked the underlying authorities and record citations myself. What I submit is not machine output filed without human scrutiny; it reflects weeks of my own review, reasoning, and revision, and I take full ownership of it. I know these systems can make errors, which is why I verify against the primary sources. My *pro se* status does not excuse an inaccurate representation and I am careful about it.

EPAM's sanctions reply says my opposition contains falsehoods "some of which may be AI-generated hallucinations" and cites *Fletcher v. Experian Information Solutions, Inc.*, 168 F.4th 231, 238–40 (5th Cir. 2026). (ECF No. 71 at 13.) *Fletcher* concerned a brief containing fabricated quotations and misstatements that counsel had not verified, followed by a response the court found misleading. *Id.* at 235–40. The Fifth Circuit did not impose sanctions merely because counsel used artificial intelligence. The court recognized that AI can be helpful when used properly and carefully. *Id.* at 235.

AI assistance is what allows an unemployed *pro se* defendant to review this record, meet every deadline, and respond to a represented corporate party. My research notes, source selections, and revisions contain my mental impressions and strategy. Disclosing software assistance does not

waive any privilege or work-product protection otherwise applicable to those materials. The same standards of factual and legal accuracy apply to me, and I accept responsibility for compliance.

## IV. I ask the Court for prompt, proportionate relief

I ask the Court to:

1. deny EPAM's request to extend fact discovery and keep the September 30, 2026 deadline;
2. deny EPAM's requests to quash all of my requests for admission or to impose a twenty-five-request cap;
3. if some limitation is warranted, permit me to submit promptly a prioritized designation based on deposition substitution and confirmation of EPAM's own documents and records;
4. refer further discovery disputes to a United States Magistrate Judge, as I requested in ECF No. 54 at 5; and
5. hold a telephone conference if the Court would find one useful.

I am prepared to comply with the schedule already entered. I respectfully ask the Court to let this case reach the merits before the cost of the process makes it impossible for me to continue.

Dated: August 27, 2026

Respectfully submitted,

/s/ Gowtham A. Rao

Gowtham A. Rao, MD, PhD

Defendant and Counterclaim-Plaintiff, Pro Se

184 Mansgrove Rd, Princeton, NJ 08540

(803) 386-7890 | gowthamrao@gmail.com

cc: All counsel of record (via CM/ECF)

---

**Enclosures**

- **Request-by-Request Appendix** — Source, Legal Theory, and Judicial Utility
- **Exhibit A** — Schedule A (Draft), Proposed Corrections to Requests for Admission, Sets 1–5, provided to EPAM August 22, 2026
- **Exhibit B** — Email from Dr. Rao to Jacob Oslick, August 24, 2026, 3:14 p.m. Eastern, memorializing the meet-and-confer conference
- **Exhibit C** — EPAM's First Set of Requests for Admission, First Set of Interrogatories, and First Requests for Production, served August 10, 2026