**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

EPAM SYSTEMS, INC. v. GOWTHAM RAO
Civil Action No. 2:25-cv-06260-WB

# EXHIBIT A

## Schedule A (Draft): Proposed Corrections to Requests for Admission

*Provided to EPAM on August 22, 2026*

⚠️ **DRAFT FOR DISCUSSION — NOT SERVED** ⚠️

**Provided to Plaintiff's counsel on August 22, 2026 in advance of the August 24, 2026 meet-and-confer conference.**

**1. Not served, and does not operate as service.** Nothing here amends, supersedes, or withdraws any Request for Admission as served. The requests stand as served unless and until Defendant serves a Notice of Correction.

**2. No new response period.** If Defendant serves these corrections, they will be served as corrections to requests already served. They will not re-serve any request and will not restart any thirty-day period under Fed. R. Civ. P. 36(a)(3). Every corrected request will remain due on the date already applicable to the set in which it was served. This Schedule does not alter, extend, or shorten any deadline.

**3. Provided for discussion.** Defendant provides the actual language so Plaintiff can evaluate it before the conference rather than a description of it. Defendant will consider alternative language Plaintiff proposes.

**4. No waiver.** Providing this draft waives no objection, no position, and no right, and is not an admission that any request as served is improper.

**5. Part Three is conditional.** The withdrawal of Instruction No. 5 is offered only against a mutual stipulation binding both parties equally.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EPAM SYSTEMS, INC.,
Plaintiff,
v. Civil Action No. 2:25-cv-06260-WB
GOWTHAM RAO, Hon. Wendy Beetlestone, C.J.
Defendant.

---

## SCHEDULE A — PROPOSED CORRECTIONS TO REQUESTS FOR ADMISSION, SETS 1–5

Defendant proposes the corrections below on his own initiative. Requests not listed are unchanged.

### PART ONE — PROPOSED CORRECTIONS

| RFA | As served | Proposed |
|---|---|---|
| D R A F T F O R D I S C U S S I O N — N O T S E R V E D | | |
| 4 | Admit that Paragraph 24 of EPAM's First Amended Complaint (ECF No. 30 at p. 6) explicitly alleges that the underlying software code to EPAM's tools and products was 'accessible only to EPAM employees who work on the development of these products, are senior executives with broad access needs, or otherwise have business need for access to such information.' | Admit that the underlying software code to EPAM's tools and products was accessible only to EPAM employees who work on the development of these products, are senior executives with broad access needs, or otherwise have business need for access to such information. |

| | | |
|---|---|---|
| **5** | Admit that Paragraph 32 of EPAM's First Amended Complaint (ECF No. 30 at p. 8) explicitly designates Dr. Rao as one of 'EPAM's executives... who interface directly with existing and potential clients.' | Admit that Dr. Rao was one of EPAM's executives who interface directly with existing and potential clients. |
| **6** | Admit that Paragraph 41 of EPAM's First Amended Complaint (ECF No. 30 at p. 10) explicitly alleges that Dr. Rao was 'responsible for heading the data science business unit within EPAM's life sciences group and RWE business unit.' | Admit that Dr. Rao was responsible for heading the data science business unit within EPAM's life sciences group and RWE business unit. |
| **D R A F T F O R D I S C U S S I O N — N O T S E R V E D** | | |
| **7** | Admit that Paragraph 36 of EPAM's First Amended Complaint (ECF No. 30 at p. 9) explicitly alleges that EPAM's 'trusted senior executives have access' to EPAM Confidential Information and IP 'to enable them to cultivate client relationships, engage on projects, develop new solutions, and expand the business on the Company's behalf.' | Admit that EPAM's trusted senior executives have access to EPAM Confidential Information and IP to enable them to cultivate client relationships, engage on projects, develop new solutions, and expand the business on EPAM's behalf. |
| **60** | Admit that EPAM does not own registered copyrights, exclusive commercial licenses, or proprietary intellectual property rights in ANY software repository or codebase hosted under the Observational Health Data Sciences and Informatics ('OHDSI') public GitHub organization (github.com/OHDSI, including but not limited to Atlas, Achilles, WebAPI, CommonDataModel, DatabaseConnector, and the HADES package ecosystem). | Admit that EPAM does not contend that it owns registered copyrights, exclusive commercial licenses, or proprietary intellectual property rights in Atlas, Achilles, WebAPI, CommonDataModel, DatabaseConnector, or the HADES package ecosystem, each hosted under the Observational Health Data Sciences and Informatics ('OHDSI') public GitHub organization at github.com/OHDSI.<br><br>*Effect: the request no longer asks EPAM to search anything. It asks what EPAM contends as to six named repositories. Fed. R. Civ. P. 36(a)(1)(A).* |
| **128(a)** | in Paragraphs 1 and 33 of Plaintiff's First Amended Complaint (ECF No. 30), Plaintiff defined 'EPAM Confidential Information and IP' as an aggregated category encompassing source code, RFP information, bid proposals, pricing information, client contracts, project data, P&L analysis, and employee compensation data; | the category EPAM calls 'EPAM Confidential Information and IP' encompasses source code, RFP information, bid proposals, pricing information, client contracts, project data, P&L analysis, and employee compensation data; |
| **D R A F T F O R D I S C U S S I O N — N O T S E R V E D** | | |
| **128(b)** | in Paragraph 74 of the First Amended Complaint, Plaintiff alleged that Dr. Rao downloaded approximately 44,960 documents and data files and designated the entirety of said files under the collective defined term 'EPAM Confidential Information and IP'; | EPAM treats the entirety of the approximately 44,960 documents and data files at issue as falling within the collective term 'EPAM Confidential Information and IP'; |
| **129(a)** | in Paragraphs 24, 32, and 41 of Plaintiff's First Amended Complaint (ECF No. 30), Plaintiff affirmatively pleaded that by virtue of his employment with EPAM, Dr. Rao was granted authorized access to EPAM's files, software tools, P&L data, and client materials; | by virtue of his employment with EPAM, Dr. Rao was granted authorized access to EPAM's files, software tools, P&L data, and client materials; |

| | | |
|---|---|---|
| **130(a)** | in Paragraphs 21, 22, and 23 of Plaintiff's First Amended Complaint (ECF No. 30), Plaintiff describes the 'ETL Conversion Kit,' 'AI Cohort Generator,' and 'AI Accelerator' by their general operational functions; | EPAM identifies the 'ETL Conversion Kit,' the 'AI Cohort Generator,' and the 'AI Accelerator' by their general operational functions; |
| D R A F T F O R D I S C U S S I O N — N O T S E R V E D | | |
| **133(a)** | in Paragraphs 2, 4, 35, 76, and 77 of Plaintiff's First Amended Complaint (ECF No. 30), Plaintiff affirmatively pleaded that software code, clinical project data, and deliverables at issue were developed for commercial clients; | software code, clinical project data, and deliverables at issue in this action were developed for commercial clients; |
| **173(b)** | on November 4, 2025, EPAM filed its Complaint and an application for emergency injunctive relief in this Court; | **WITHDRAWN.** The subpart asks Plaintiff to confirm an entry on this Court's docket. The docket proves it without an admission. Defendant will rely on ECF No. 1. |
| **173(c)** | by Order dated November 7, 2025 (ECF No. 10), the Court denied EPAM's Motion for a Temporary Restraining Order and Expedited Discovery and scheduled a preliminary-injunction hearing; | **WITHDRAWN.** Same reason. Defendant will rely on ECF No. 10. |
| **128(c)** | the First Amended Complaint contains no itemized schedule, file manifest, or paragraph specifying which individual files among the 44,960 downloaded files constitute statutory trade secrets under 18 U.S.C. § 1839(3) as distinguished from non-trade-secret confidential information | EPAM has not identified which individual files among the approximately 44,960 files at issue it contends are statutory trade secrets under 18 U.S.C. § 1839(3), as distinguished from confidential information that is not a trade secret |
| **130(b)** | the First Amended Complaint contains no factual allegation identifying any specific proprietary algorithm, mathematical formula, source code architecture, or data structure claimed as a trade secret within said tools | EPAM has not identified any specific proprietary algorithm, mathematical formula, source code architecture, or data structure within the 'ETL Conversion Kit,' the 'AI Cohort Generator,' or the 'AI Accelerator' that it contends is a statutory trade secret |
| **130(c)** | Counts I and II of the First Amended Complaint assert trade secret misappropriation over the collective defined term 'EPAM Confidential Information and IP' without identifying any individual algorithm, formula, code module, or data structure as a distinct statutory trade secret | EPAM asserts its trade secret claims in Counts I and II over the collective category it calls 'EPAM Confidential Information and IP,' and has not identified any individual algorithm, formula, code module, or data structure as a distinct statutory trade secret |
| D R A F T F O R D I S C U S S I O N — N O T S E R V E D | | |
| **132(a)** | the First Amended Complaint (ECF No. 30) alleges no specific instance where Dr. Rao disclosed any EPAM document or data file to any third party following his October 15, 2025 termination | EPAM does not contend that Dr. Rao disclosed any EPAM document or data file to any third party after his October 15, 2025 termination |
| **132(b)** | the First Amended Complaint alleges no specific instance where Dr. Rao incorporated, deployed, or commercialized any EPAM trade secret into any product, service, or commercial deliverable | EPAM does not contend that Dr. Rao incorporated, deployed, or commercialized any EPAM trade secret at issue in this action into any product, service, or commercial deliverable |

| | | |
|---|---|---|
| **133(b)** | the First Amended Complaint does not differentiate between property allegedly owned by EPAM and property owned by said commercial clients within its trade secret claims in Counts I and II | EPAM has not identified which of the materials at issue in Counts I and II are owned by EPAM and which are owned by its commercial clients |
| D R A F T F O R D I S C U S S I O N — N O T S E R V E D | | |
| **133(c)** | the First Amended Complaint does not plead the terms of any client agreement assigning title, granting an exclusive license, or conferring legal authority to EPAM to assert statutory trade secret claims over client-owned property | EPAM holds no client agreement that assigns title to EPAM, grants EPAM an exclusive license, or otherwise confers on EPAM the legal authority to assert statutory trade secret claims over the client-owned software code, clinical project data, or deliverables at issue in Counts I and II |
| **133(d)** | the First Amended Complaint alleges zero facts regarding reasonable measures taken by EPAM's commercial clients to maintain the secrecy of client-owned materials | EPAM does not contend that its commercial clients took reasonable measures to maintain the secrecy of the client-owned materials at issue in Counts I and II |
| **134(a)** | in Paragraphs 126, 132, 139, and 146 of the First Amended Complaint (ECF No. 30), Plaintiff realleged and incorporated by reference the identical factual allegations that support its trade secret claims in Counts I and II | the factual allegations on which EPAM relies for Counts IV, V, VI, and VII are the same allegations on which it relies for Counts I and II |
| D R A F T F O R D I S C U S S I O N — N O T S E R V E D | | |
| **134(b)** | in each of Counts IV (Breach of Fiduciary Duty), Count V (Replevin), Count VI (Conversion), and Count VII (Unjust Enrichment), Plaintiff identified the property allegedly taken, retained, or converted as 'EPAM Confidential Information and IP' | the property EPAM alleges was taken, retained, or converted in Counts IV, V, VI, and VII is the same category it calls 'EPAM Confidential Information and IP' in Counts I and II |
| **134(c)** | the First Amended Complaint alleges no taking, detention, or conversion of any physical property or non-confidential asset separate from the digital files and data encompassed within the defined term 'EPAM Confidential Information and IP' | EPAM does not contend that Dr. Rao took, detained, or converted any physical property or non-confidential asset separate from the digital files and data within the category it calls 'EPAM Confidential Information and IP' |
| **135(a)** | in Count III (Breach of Contract, Paragraphs 118–125) of the First Amended Complaint (ECF No. 30), Plaintiff does not identify by name any commercial client that terminated, reduced, or failed to renew a contract with EPAM as a result of Dr. Rao's alleged conduct | no commercial client terminated, reduced, or failed to renew a contract with EPAM as a result of Dr. Rao's alleged conduct |
| D R A F T F O R D I S C U S S I O N — N O T S E R V E D | | |
| **135(b)** | in Count III, Plaintiff does not set forth any specific dollar amount of lost profits or historical revenue incurred by EPAM prior to the filing of the complaint | as of November 4, 2025, EPAM had not calculated any specific dollar amount of lost profits or lost revenue attributable to Dr. Rao's alleged conduct |
| D R A F T F O R D I S C U S S I O N — N O T S E R V E D | | |

Subparts (a) and (d) of Request No. 173 are unchanged.

**PART TWO — SUBPARTS THAT ARE NOT CHANGED, AND WHY**

Defendant states these on the record so Plaintiff need not infer his position.

| RFA | Subject | Why it stands as served |
|---|---|---|
| **129(b)** | Section 1(d) of the Employment Covenants Agreement (ECF No. 30-1, Ex. A at p. 3), permitting access, use, and copying of confidential information 'as required in the performance of your authorized employment duties.' | This asks what a contract EPAM executed and filed actually says, not what EPAM alleged. A statement of a document's text is a question of fact, and Fed. R. Civ. P. 36(a)(1)(A) reaches facts. |
| **135(c)** | Whether, before filing on November 4, 2025 and including in the October 31, 2025 cease-and-desist letter (ECF No. 3-13), EPAM sent Dr. Rao any written communication identifying specific documents or data files by name or file path and demanding their return. | This already asks about EPAM's own conduct rather than about the pleading. No correction is needed. |
| **D R A F T F O R D I S C U S S I O N — N O T S E R V E D** | | |

## PART THREE — INSTRUCTION NO. 5, OFFERED CONDITIONALLY

Defendant will withdraw Instruction No. 5 from all five sets **on one condition**: that the parties stipulate to a single definition of "reasonable inquiry" under Fed. R. Civ. P. 36(a)(4) binding both parties equally in this action.

The proposed definition includes a definition of **control**. A responding party controls information it has the practical ability or the legal right to obtain on request. Control is not limited to physical possession, and for both parties it includes information held by:

- any business unit, division, subsidiary, parent, or affiliate under common ownership or common management with the responding party;
- any vendor, consultant, contractor, or forensic examiner the responding party retained or engaged in connection with this action, or whose work product the responding party has filed or relied on in this action;
- the responding party's counsel of record; and
- any person whose employment or engagement the responding party directs, funds, or supervises.

Neither party need canvass a genuinely independent third party over which it has no practical ability or legal right to obtain information. **A party invoking that carve-out shall identify the entity by name and state the basis for the assertion.** Silence is not an invocation.

**Absent that stipulation, Instruction No. 5 stands as served and Defendant will address it on the merits.**

---

Dated: August 24, 2026

/s/ Dr. Gowtham A. Rao
Dr. Gowtham A. Rao, MD, PhD
Defendant and Counterclaim-Plaintiff, Pro Se
184 Mansgrove Rd, Princeton, NJ 08540
Phone: (803) 386-7890
Email: gowthamrao.litigation@gmail.com

## ⚠️ END OF DRAFT FOR DISCUSSION ⚠️

**Not served. Not filed.** The requests stand as served unless and until Defendant serves a Notice of Correction. Nothing above restarts any response period, and providing this draft waives no objection or position. The signature block above is unexecuted.