**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **EPAM Systems, Inc.,**<br>*Plaintiff/Counterclaim-Defendant,*<br><br>**v.**<br><br>**GOWTHAM RAO, MD, PhD,**<br>*Defendant/Counterclaim-Plaintiff.* | **CIVIL ACTION**<br><br><br>**NO. 2:25-cv-06260-WB** |

**DEFENDANT GOWTHAM RAO'S UNCONTESTED MOTION FOR LEAVE TO BRING ELECTRONIC DEVICES INTO THE COURTHOUSE FOR THE SEPTEMBER 16, 2026 EVIDENTIARY HEARING AND ALL PROCEEDINGS IN THIS ACTION (PRO SE)**

Defendant/Counterclaim-Plaintiff Dr. Gowtham Rao, MD, PhD, proceeding *pro se*, respectfully moves for an order permitting him to bring two laptop computers (a presentation laptop and a work-product/defense workstation), one cellular telephone, and necessary peripheral accessories (charging adapters, connection cables, and external storage media) into the James A. Byrne United States Courthouse (601 Market Street, Philadelphia, Pennsylvania), into Courtroom 10-A, and into any other designated courtroom or conference room, for the evidentiary hearing on Plaintiff's spoliation motion scheduled for September 16, 2026 at 2:00 PM (ECF 52), for any rescheduled, continued, or multi-day sessions thereof, for any pre-hearing technology setup or playback test coordinated with the Courtroom Deputy, and for all future in-person hearings, conferences, arguments, and trial proceedings in this action. Plaintiff consents. In support, Defendant states:

**1. A Court order is required for a pro se litigant to bring devices past security.** Under the Court's Standing Order of May 16, 2019 (effective June 3, 2019) regarding cameras and personal electronic devices, all visitors must place laptops, phones, and similar devices in a

locked pouch at the security checkpoint, "[u]nless otherwise ordered by the Chief Judge, or the presiding judge in a specific case." Standing Order ¶¶ 2, 4. Attorneys with bar credentials are exempt (¶ 4(a)); a *pro se* litigant is not. Without an order, Defendant cannot bring a laptop into Courtroom 10-A at all.

**2. The Court has indicated a video would be helpful, and playback requires a laptop.** At the May 20, 2026 status conference, the Court indicated that it would find a short video helpful in following the technical sequence at issue in Plaintiff's motion for sanctions (ECF 58). Defendant intends to present a video of approximately five minutes at the September 16 hearing. Courtroom 10-A is one of the Court's full electronic courtrooms, and its evidence presentation station accepts a laptop connection by HDMI or VGA at the lectern and at counsel table. Playback from Defendant's presentation laptop is the most reliable method, and that laptop also carries the file for delivery to the Court's own system as a backup. On September 2, 2026, Defendant wrote to the Courtroom Deputy, copying Plaintiff's counsel, to request the Court's guidance on the video's format and delivery and to ask whether he may arrive early on September 16 to test playback.

**3. Need for laptops at counsel table alongside paper records.** Defendant represents himself *pro se* in this litigation. The case record Defendant must navigate, display, and cite during hearings and trial is predominantly digital—encompassing tens of thousands of pages of ECF filings, forensic expert reports, database extracts, source code repositories, and electronic communications—supplemented by voluminous paper binders and exhibits. Functional laptop computers at counsel table are indispensable for Defendant to present digital evidence, cross-examine witnesses, review the electronic record, and conduct legal argument on equal footing.

**4. The devices and the necessity of two laptops.** Defendant seeks permission to bring: (a) two laptop computers (one dedicated to courtroom evidence presentation and display, and a second dedicated to private review of work-product outlines, defense notes, and real-time record searching); (b) one cellular telephone; and (c) necessary power adapters, connection cables, and external storage drives containing local copies of the case record. Having two laptops is operationally essential: when one laptop is connected to the courtroom display monitors or evidence presentation system to exhibit public documents to the Court and witnesses, the second laptop allows Defendant at counsel table to privately review trial outlines, work-product annotations, and legal research without risking inadvertent public projection or disclosure to opposing counsel or the gallery. In addition, the second laptop provides immediate hardware redundancy in the event of equipment malfunction or battery depletion.

**5. Internet access, courtroom connectivity, and silent cellular hotspot.** Defendant requires active internet connectivity during proceedings to access the Court's CM/ECF docket in real time, review newly served filings or exhibits, and conduct legal research. Defendant requests authorization to access the courthouse or courtroom wireless network (if made available to litigants) or, in the alternative, permission to operate the cellular telephone in silent mode solely as a wireless hotspot/data tether for the laptop computers. Defendant will ensure that all ringer, notification, vibration, and call functions on the cellular phone remain strictly disabled at all times inside the courtroom.

**6. Standing authorization for all case proceedings.** To avoid administrative inconvenience to the Court, Chambers, and the Clerk of Court resulting from repeated, event-specific motions, Defendant respectfully requests that the authorization apply not only to the September 16, 2026 evidentiary hearing (and any continued or rescheduled sessions thereof), but

as a standing authorization for all future in-person hearings, pretrial conferences, oral arguments, and trial sessions in this action (*Civil Action No. 2:25-cv-06260-WB*), as well as any advance technology walkthroughs or playback tests coordinated with the Courtroom Deputy.

**7. Strict adherence to courtroom decorum and prohibition on recording.** Defendant is fully cognizant of the Court's strict rules regarding courtroom decorum and electronic devices. (Policies and Procedures of Judge Beetlestone, Preliminary General Matters § VIII.F; Local Civil Rule 83.3; Standing Order ¶¶ 1, 5.) Defendant explicitly affirms and commits that: (a) all devices will be used strictly at counsel table and, for presentation of exhibits and the video, at the lectern or evidence presentation station, and only for case-related purposes; (b) no audio recording, video recording, photography, screen capture, live broadcasting, transcription, or social media transmissions of any kind will occur; (c) no telephone calls will be placed or received, and no personal messaging will occur in the courtroom; and (d) all audio output on all devices will remain muted except during Court-permitted playback of the video through the courtroom system. Defendant understands that any violation of these conditions will subject the devices to immediate confiscation and the user to sanctions.

**8. Advance coordination with Courtroom Deputy.** Consistent with Judge Beetlestone's Policies and Procedures (Preliminary General Matters § III.B.3; Trial Procedure § X.E), Defendant has contacted the Courtroom Deputy, as described in Paragraph 2, and will continue to coordinate on courtroom evidence-presentation equipment, display connectivity (HDMI/VGA), delivery of the video file, and setup timing.

**9. Position of Plaintiff.** Defendant conferred with Plaintiff's counsel on August 18, 2026 regarding this administrative and logistical motion. On August 19, 2026, Plaintiff's counsel confirmed that Plaintiff consents to the relief requested with the proviso that Defendant agrees

not to use electronic devices to record or transcribe anything without express Court approval. Defendant has expressly agreed to and incorporated this condition into Paragraph 7 and the accompanying Proposed Order. The relief requested is unchanged from that to which Plaintiff consented; Plaintiff's counsel was copied on Defendant's September 2, 2026 correspondence with the Courtroom Deputy regarding the video.

**WHEREFORE**, Defendant respectfully requests that the Court enter the accompanying proposed order granting Defendant leave to bring the designated electronic devices and accessories into the courthouse for the September 16, 2026 evidentiary hearing, any pre-hearing playback test arranged with the Courtroom Deputy, and all subsequent proceedings in this action.

Respectfully submitted,
/s/ *Gowtham A. Rao*
**Gowtham A. Rao, MD, PhD**
Defendant and Counterclaim-Plaintiff, *pro se*
184 Mansgrove Rd., Princeton, NJ 08540
gowthamrao@gmail.com
September 2, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2026, a true and correct copy of the foregoing Defendant's Uncontested Motion for Leave to Bring Electronic Devices into the Courthouse for the September 16, 2026 Evidentiary Hearing and All Proceedings in this Action and [Proposed] Order was served via electronic mail upon Plaintiff's counsel of record pursuant to Fed. R. Civ. P. 5(b)(2)(E) and the parties' established course of electronic service:

- Jacob Oslick, Esq. (joslick@seyfarth.com)
- James S. Yu, Esq. (jyu@seyfarth.com)
- Matthew Christoff, Esq. (MChristoff@seyfarth.com)
- Brooke Gary, Esq. (brgary@seyfarth.com)

/s/ Dr. Gowtham A. Rao
**Dr. Gowtham A. Rao, MD, PhD (Defendant Pro Se)**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **EPAM Systems, Inc.,**<br>*Plaintiff/Counterclaim-Defendant,*<br><br>**v.**<br><br>**GOWTHAM RAO, MD, PhD,**<br>*Defendant/Counterclaim-Plaintiff.* | **CIVIL ACTION**<br><br><br>**NO. 2:25-cv-06260-WB** |

**[PROPOSED] ORDER GRANTING DEFENDANT LEAVE TO BRING ELECTRONIC DEVICES INTO THE COURTHOUSE**

**AND NOW**, this ____ day of ____________, 2026, upon consideration of the Uncontested Motion of Defendant Gowtham Rao, MD, PhD (*pro se*), for Leave to Bring Electronic Devices into the Courthouse for the September 16, 2026 Evidentiary Hearing and All Proceedings in this Action, and Plaintiff having consented, it is hereby **ORDERED** that the Motion is **GRANTED**, as follows:

1. Notwithstanding the Standing Order of May 16, 2019 regarding cameras and personal electronic devices, Defendant Gowtham Rao may bring up to two laptop computers (one presentation laptop and one work-product/defense workstation), one cellular telephone, and associated charging cords, connection cables, and external storage media into the James A. Byrne United States Courthouse (601 Market Street, Philadelphia, Pennsylvania), into Courtroom 10-A, and into any other courtroom or conference room designated for proceedings in this action, for the evidentiary hearing scheduled for September 16, 2026 at 2:00 PM, for any continued or rescheduled session thereof, for any pre-hearing technology setup or playback test arranged with the Courtroom Deputy, and for all future in-person hearings, conferences, oral arguments, and trial proceedings in Civil Action No. 2:25-cv-06260-WB;

2. The United States Marshals Service and Court Security Officers shall permit Defendant to pass through courthouse security screening with these authorized devices and accessories upon presentation of a copy of this Order and government-issued photo identification;

3. Defendant is authorized to access available courthouse or courtroom wireless internet connectivity or, if unavailable, operate the cellular telephone in silent mode solely as a wireless hotspot/data tether for the laptop computers;

4. The devices shall be used exclusively for case-related purposes at counsel table and, for the presentation of exhibits and any video or demonstrative the Court permits, at the lectern or evidence presentation station. All device audio must remain muted except during Court-permitted playback through the courtroom system. No audio recording, video recording, transcription, photography, or broadcasting of any kind may be made inside the courthouse or courtroom; and

5. The Court may modify or revoke this Order at any time in the interest of justice, and any violation of the foregoing terms may result in immediate confiscation of the devices and further sanctions.

**BY THE COURT:**

______________________________

**WENDY BEETLESTONE, C.J.**