**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

EPAM SYSTEMS, INC.,

Plaintiff,

- against -

GOWTHAM RAO,

Defendant.

Civil Action No. 2:25-cv-06260-WB

**PLAINTIFF/COUNTERCLAIM-DEFENDANT EPAM SYSTEMS, INC.'S**
**EMERGENCY MOTION TO TOLL REQUESTS FOR ADMISSION DEADLINE**

Plaintiff/Counterclaim-Defendant EPAM Systems, Inc. ("EPAM"), by its attorneys, submits this Emergency Motion, pursuant to Fed. R. Civ. P. 26(c) and/or this Court's Individual Policies and Procedures regarding extensions of time (*see* Civil Cases § II), seeking to toll its deadline to respond to Defendant/Counterclaim-Plaintiff Gowtham Rao's requests for admission ("RFAs"). As grounds for this motion, EPAM states as follows:

1. Between August 15-17, 2026, Rao served EPAM with approximately 471 RFAs (styled as 211 RFAs, but really 471 RFAs including purported subparts, each of which Rao acknowledged seek admission of a "separate, discrete factual proposition"). (*See* ECF #70 at 1.)

2. EPAM's deadlines to serve responses and objections to the RFAs fall on September 14-16, 2026. Those deadlines are next week, on the two days before and the day of the September 16, 2026 evidentiary hearing on EPAM's sanctions motion.

3. EPAM immediately sought to meet-and-confer with Rao regarding his RFAs. Then, on August 26, 2026, at the earliest practical opportunity after meet-and-confer efforts were exhausted, EPAM requested a discovery conference, pursuant to this Court's Individual Policies and Procedures (*see* Civil Cases § III(c)(2)), in advance of an anticipated motion for a protective

order. (*See* ECF #70.) The relief it sought was quashing the RFAs, and entering a protective order restricting Rao to no more than 25 RFAs (including subparts). (*Id.*) EPAM also sought an extension of the discovery schedule.

4. On September 9, 2026, through correspondence with the Court's deputy, the Court granted EPAM leave to file a motion for a protective order. However, this correspondence did not address whether EPAM's deadline to serve objections and responses to the RFAs was tolled, pending its forthcoming motion.

5. If EPAM's deadline to serve objections and responses to the RFAs is not tolled pending a Court decision on a protective order, any motion for protective order would essentially be moot. Even if EPAM filed its motion for a protective order tomorrow, the motion would not be decided before the Monday deadline for EPAM to begin serving responses and objections. And, EPAM would need time before the deadline to prepare those responses and objections. Once EPAM expends the enormous amount of time needed to prepare objections and responses to the RFAs, the question of whether the RFAs should be quashed to save EPAM that burden is moot. Instead, any future discovery motion practice would focus on different questions entirely, such as the merits of any objections that EPAM asserted.

6. Further, RFAs work differently than other discovery devices. Under Fed. R. Civ. P. 36(a)(3), a "matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter." Thus, if the Court does not toll EPAM's response deadline, and EPAM does not manage to serve responses and objections to all 471 RFAs, EPAM could be deemed to admit the RFAs – irrespective of whether the RFAs are even proper.

7. The timing further warrants granting EPAM's requested tolling. The evidentiary hearing is scheduled for September 16. EPAM needs time to prepare for that hearing. As EPAM previously noted, even if it spent just five minutes responding to each RFA (and certain RFAs would assuredly take much longer), that would be over 39 hours of attorney time. The Court should not permit Rao to "deluge EPAM with discovery in the critical preparation time for the evidentiary hearing." (*See* ECF #70 at 3.)

8. Further, this Saturday and Sunday is Rosh HaShanah (the first of the Jewish High Holidays). EPAM's lead counsel will be out-of-pocket attending to religious obligations the entire weekend, and will be unable to work on RFA responses (or evidentiary hearing preparation) during that time.

9. Rao refuses to consent to tolling, claiming that he needs EPAM's RFA responses to "use them for the hearing." (*See* Ex. 1.) But, by even Rao's telling, only "RFAs 137, 138, and 139" relate to either "spoliation, preservation, or hearing-related purposes." (*Id.*) And, of those, only RFAs 137(a) and 137(b) appear to even remotely relate to Rao's spoliation of evidence, the subject of the September 16 hearing. (*See* ECF #70-3, PDF pages 10-11.)

10. Aside from Rao's claims regarding RFAs 137-139, he supplies no reason for why he supposedly needs responses to 471 RFAs before the evidentiary hearing.

11. Before the Court even decides the merits of EPAM's motion for a protective order, the Court should not permit this forthcoming motion to become moot, or force EPAM to incur the injury that its motion seeks to avoid, particularly in the days before the evidentiary hearing and with the Jewish High Holidays looming.

12. Accordingly, EPAM respectfully requests that the Court toll EPAM's deadline to respond to the RFAs, pending further order of the Court.

13. EPAM intends to file its motion for a protective order on or before September 18, 2026 (*i.e.*, two days after the evidentiary hearing), or at some other time ordered by the Court.

14. THEREFORE, EPAM respectfully requests that the Court toll its obligation to respond to Rao's RFAs, pending further order of the Court.

Dated: September 9, 2026

EPAM SYSTEMS, INC.,

By its attorneys,

By: */s/ Jacob Oslick*

Jacob Oslick (Pa. Bar No. 311028)
joslick@seyfarth.com
James S. Yu (*pro hac vice* admitted)
jyu@seyfarth.com
Brooke Gary (admitted *pro hac vice*)
brgary@seyfarth.com
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2026, I electronically filed the foregoing Plaintiff/Counterclaim-Defendant EPAM Systems, Inc.'s Emergency Motion To Toll Requests For Admission Deadline with the Clerk of the District Court using the CM/ECF system, and that a copy of the foregoing was served to Defendant/Counterclaim-Plaintiff Gowtham Rao via electronic mail to the following:

GOWTHAM ADAMANE RAO
184 Mansgrove Rd.
Princeton, NJ 08540
gowthamrao.litigation@gmail.com
gowthamrao@gmail.com

*/s/ Jacob Oslick*
Jacob Oslick