# EXHIBIT 1

**From:** Gowtham Rao <gowthamrao@gmail.com>
**Sent:** Wednesday, September 9, 2026 12:30 PM
**To:** Oslick, Jacob
**Cc:** Mike Beck; Gowtham Rao
**Subject:** Re: EPAM v. Rao, 25-cv-6260: Follow-Up on ECF #70

**External Email – Do Not Click Links or Attachments Unless You Know They Are Safe**

Mr. Beck,

Please forward this brief clarification to Judge Beetlestone.

I am representing myself and have put substantial work into preparing my RFAs and explaining the purpose of each request in ECF No. 72-1.

These requests are important to how I plan to establish the facts supporting my defenses and counterclaims. I ask that their purposes be considered together and in the context of my overall discovery plan.

ECF No. 72-1 at page 29 already explains the spoliation, preservation and hearing-related purposes of RFAs 137, 138, and 139. I have now written to Mr. Oslick separately to bringing those entries to EPAM's attention.

I apologize for the additional correspondence and appreciate the Court's time. My opposition to tolling remains unchanged, and I will address the RFA issues further in the briefing the Court has requested.

Respectfully,
Dr. Gowtham A. Rao
Defendant and Counterclaim-Plaintiff, Pro Se

On Wed, Sep 9, 2026 at 11:56 AM Oslick, Jacob <JOslick@seyfarth.com> wrote:

Mr. Beck,

Please forward this response to Dr. Rao's email below to Judge Beetlestone.

In brief, Dr. Rao's response exemplifies why tolling of EPAM's response deadline is required.

Dr. Rao claims that he needs EPAM's responses to "identify its positions and narrow factual disputes" in order to "use them for the hearing." But the hearing concerns his spoliation of evidence. Dr. Rao does not identify which (if any) of the 471 RFAs supposedly require responses that relate to the limited issues at stake next week. He simply wants EPAM to respond to all of them by Sep. 14-16 (Mon-Wed of next week), frustrating its ability to prepare for the September 16 hearing, and effectively denying the Court even the ability to address the merits of a protective order motion that will almost assuredly not be fully-briefed much less decided by Monday.

Respectfully submitted,

Jacob Oslick

**Jacob Oslick** | Counsel | Seyfarth Shaw LLP
620 Eighth Avenue | New York, New York 10018-1405 [google.com]
Direct: +1-212-218-6480 | Mobile: +1-917-613-2523
N.Y. Bar No. 4275699; Pa. Bar No. 311028
JOslick@seyfarth.com | www.seyfarth.com

Seyfarth

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---

**From:** Gowtham Rao <gowthamrao.litigation@gmail.com>
**Sent:** Wednesday, September 9, 2026 11:00 AM
**To:** Oslick, Jacob <JOslick@seyfarth.com>
**Cc:** Mike Beck <Mike_Beck@paed.uscourts.gov>; Gowtham Rao <gowthamrao@gmail.com>
**Subject:** Re: EPAM v. Rao, 25-cv-6260: Follow-Up on ECF #70

Mr. Beck,

Would you please forward this brief response to Judge Beetlestone for consideration with EPAM's 10:50 a.m. email.

I oppose EPAM's request to toll its September 14–16 RFA response deadlines pending a decision on its forthcoming motion. In my September 8 email, I asked the Court to maintain the existing discovery response deadlines and September 30 fact-discovery cutoff, consistent with my opposition at ECF No. 72. My position remains unchanged.

I have planned and conducted my discovery work under the Court's existing schedule. As summarized in yesterday's email, between August 28 and September 7, I served my RFA responses, interrogatory answers, document responses, productions, and supplements. I am now preparing subpoenas and arranging depositions within the September 30 discovery period while also preparing for the September 16 hearing.

Tolling would postpone EPAM's obligation to provide responses that I need to identify its positions and narrow factual disputes. If those responses are delayed, I will lose the opportunity to use them for the hearing, while my responses and productions are already available to EPAM. Yesterday's email explained that prejudice and the additional hardship that delay would cause.

I respectfully ask the Court to maintain the existing deadlines while briefing proceeds and to consider this prejudice before granting any interim suspension. I will address the merits of EPAM's motion in the briefing the Court directs.

Respectfully,
Dr. Gowtham A. Rao
Defendant and Counterclaim-Plaintiff, Pro Se

On Wed, Sep 9, 2026 at 10:50 AM Oslick, Jacob <JOslick@seyfarth.com> wrote:

> Mr. Beck,
>
> Can EPAM consider its obligation to respond to the RFAs tolled, pending a decision on the motion for a protective order? Otherwise, EPAM's motion would effectively be mooted by the pending September 14-16 RFA deadlines to respond to the RFAs. If so, is there a time by which EPAM should file its motion?
>
> Relatedly, can EPAM's forthcoming motion for a protective order also address its pending request for a discovery extension (addressed already in ECF #70)? The parties have had a large amount of back-and-forth relating to the current September 30 deadline, and I believe having this issue addressed now may help to

avoid the need for EPAM (or Defendant) to seek urgent relief from the Court regarding other discovery matters.

I apologize for the flurry of questions, but I want to make sure that we provide Judge Beetlestone what she is requesting, and further ensure that we not exceed the scope of the leave that she has granted for us to file the motion.

Respectfully submitted,

Jacob Oslick

**Jacob Oslick** | Counsel | Seyfarth Shaw LLP
620 Eighth Avenue | New York, New York 10018-1405 [google.com]
Direct: +1-212-218-6480 | Mobile: +1-917-613-2523
N.Y. Bar No. 4275699; Pa. Bar No. 311028
JOslick@seyfarth.com | www.seyfarth.com

Seyfarth

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---

**From:** Mike Beck <Mike_Beck@paed.uscourts.gov>
**Sent:** Wednesday, September 9, 2026 9:31 AM
**To:** Oslick, Jacob <JOslick@seyfarth.com>
**Cc:** Gowtham Rao <gowthamrao@gmail.com>; Gowtham Rao <gowthamrao.litigation@gmail.com>
**Subject:** RE: EPAM v. Rao, 25-cv-6260: Follow-Up on ECF #70

Yes. As Judge lays out in the Rule 16 conference and as reflected in her policies and procedures, filing a letter on the docket is the best way to bring a discovery issue to her attention. If she believes she can resolve it with a call, she will schedule that conversation. If, however, it is a legal issue where she needs briefing, she will ask for a motion, as she has done here.  Specifically she wants briefing on the RFA issue.

**From:** Oslick, Jacob <JOslick@seyfarth.com>
**Sent:** Wednesday, September 9, 2026 9:16 AM
**To:** Mike Beck <Mike_Beck@paed.uscourts.gov>
**Cc:** Gowtham Rao <gowthamrao@gmail.com>; Gowtham Rao <gowthamrao.litigation@gmail.com>
**Subject:** RE: EPAM v. Rao, 25-cv-6260: Follow-Up on ECF #70

**CAUTION - EXTERNAL:**

Mr. Beck,

My apologies, but I'm not sure exactly what Judge Beetlestone is requesting. EPAM already filed a discovery letter request on the docket, pursuant to Judge Beetlestone's polices (*see* ECF #70). Is she now requesting briefing on a formal motion for a protective order? Or is she asking that the below correspondence be filed on the docket?

Respectfully submitted,

Jacob Oslick

**Jacob Oslick** | Counsel | Seyfarth Shaw LLP
620 Eighth Avenue | New York, New York 10018-1405 [google.com]
Direct: +1-212-218-6480 | Mobile: +1-917-613-2523
N.Y. Bar No. 4275699; Pa. Bar No. 311028
JOslick@seyfarth.com | www.seyfarth.com

Seyfarth

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** Mike Beck <Mike_Beck@paed.uscourts.gov>
**Sent:** Wednesday, September 9, 2026 9:10 AM
**To:** Oslick, Jacob <JOslick@seyfarth.com>
**Cc:** Gowtham Rao <gowthamrao@gmail.com>; Gowtham Rao <gowthamrao.litigation@gmail.com>
**Subject:** RE: EPAM v. Rao, 25-cv-6260: Follow-Up on ECF #70

Judge Beetlestone said she wants briefing on the RFA issues filed on the docket as well

**From:** Oslick, Jacob <JOslick@seyfarth.com>
**Sent:** Tuesday, September 8, 2026 10:17 AM
**To:** Mike Beck <Mike_Beck@paed.uscourts.gov>
**Cc:** Gowtham Rao <gowthamrao@gmail.com>; Gowtham Rao <gowthamrao.litigation@gmail.com>
**Subject:** EPAM v. Rao, 25-cv-6260: Follow-Up on ECF #70

**CAUTION - EXTERNAL:**

Mr. Beck,

We represent Plaintiff/Counter-Defendant EPAM in this matter. We write to follow-up regarding EPAM's August 26, 2026 letter (ECF #70), requesting a discovery conference in connection with: (a) an intended motion for a protective order in connection with Defendant/Counter-Plaintiff Gowtham Rao's service of 471 requests for admission (styled as 211 requests for admission, but really 471 separate requests including subparts); and (b) an extension of the discovery deadline.

EPAM's responses to the requests for admission are due September 14-16. That is not only next week, but also falls on the days before and on the September 16 hearing on EPAM's motion concerning spoliation of evidence, when EPAM should be preparing for and attending the hearing. If the Court does not act on EPAM's letter promptly, its request for relief as to the 471 requests for admission will

effectively be mooted by the pending deadlines. EPAM can be broadly available this week for a discovery conference, with the exception of between 2-3 p.m. today.

Respectfully submitted,

Jacob Oslick

**Jacob Oslick** | Counsel | Seyfarth Shaw LLP
620 Eighth Avenue | New York, New York 10018-1405 [google.com]
Direct: +1-212-218-6480 | Mobile: +1-917-613-2523
N.Y. Bar No. 4275699; Pa. Bar No. 311028
JOslick@seyfarth.com | www.seyfarth.com

Seyfarth

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.