**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**EPAM SYSTEMS, INC.,**
Plaintiff/Counterclaim-Defendant,

v.

**Civil Action No.**
**2:25-cv-06260-WB**

**GOWTHAM RAO,**
Defendant/Counterclaim-Plaintiff.

## EXHIBIT 1 — SEPTEMBER 8, 2026 EMAIL TEXT

**Date:** September 8, 2026, 11:45:44 a.m. Eastern Daylight Time
**From:** Gowtham Rao <gowthamrao@gmail.com>
**Subject:** Re: EPAM v. Rao, 25-cv-6260: Follow-Up on ECF #70
**Identifier in the source export:** 1a081b2a143aca04

**Reproduction note.** This exhibit reproduces Rao's message text from a retained email export, reformatted for ease of reference. The reproduced wording and punctuation are unchanged. Paragraph numbers are editorial; line wrapping, spacing, and the sequence table are reformatted. Quoted earlier messages are omitted. The source email export is retained for comparison.

Mr. Beck,

**Email ¶ 1**
Would you please forward this response to Judge Beetlestone for consideration with EPAM's September 8 follow-up regarding ECF No. 70.

**Email ¶ 2**
I respectfully ask the Court to deny EPAM's requested deadline extensions and maintain the existing discovery response deadlines and September 30 fact-discovery cutoff. Consistent with Rule 1's direction to secure a just, speedy, and inexpensive determination, I ask the Court to consider the prejudice and additional hardship those extensions would cause me.

**Email ¶ 3**
I have served my responses to EPAM's requests for admission, interrogatories, and requests for production, and made my productions available to EPAM. EPAM's need to prepare for the September 16 hearing should not, by itself, justify postponing responses I need for my own preparation. Extending EPAM's September 14–16 RFA response deadlines beyond the hearing would impair my ability to use those responses to identify EPAM's positions, narrow factual disputes, and prepare for the hearing, while EPAM already has my discovery responses.

**Email ¶ 4**
Further delay would also prolong the financial and health burdens described in ECF No. 72 at pages 1–2.

**Email ¶ 5**
The relevant sequence is:

| Date | Event |
|---|---|
| August 4 | The Court denied my requested extension and maintained the spoliation-response deadline. (ECF No. 59.) |
| August 10 | EPAM initiated written discovery while I was preparing my spoliation response, due August 19. (ECF No. 70 at 3; ECF No. 52.) |
| August 15–19 | I served my RFAs on August 15–17 and filed my spoliation opposition on August 19. (ECF No. 72 at 2; ECF No. 62.) |
| August 28–September 7 | I served RFA responses, then interrogatory answers, then document responses and productions, with supplements. (My August 28 and September 1, 5, and 7 service emails.) |
| September 14–16 | EPAM's RFA responses are due September 14–16; the hearing is September 16. (ECF No. 70 at 1; ECF No. 52.) |

**Email ¶ 6**
I worked within the Court's existing schedule while responding to the discovery EPAM initiated. I respectfully ask the Court to consider the parties' relative resources and the prejudice to my hearing preparation alongside EPAM's asserted burden.

**Email ¶ 7**
I also served requests for production on August 25 and interrogatories on August 27. (My service emails on those dates.) I request that the existing response deadlines for those requests also remain in place, together with the September 30 fact-discovery cutoff established in ECF No. 27.

**Email ¶ 8**
My opposition at ECF No. 72, including its request-by-request appendix, remains unchanged. I will participate in any discovery conference the Court schedules and can attend in person.

**Email ¶ 9**
If the Court prefers or requires a docketed submission, I am prepared to submit this correspondence on the public docket, subject to applicable redaction requirements and Court orders.

Respectfully,
Gowtham Rao MD, PhD
Defendant and Counterclaim-Plaintiff, pro se