**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**EPAM SYSTEMS, INC.,**
Plaintiff/Counterclaim-Defendant,

v.

**Civil Action No.**
**2:25-cv-06260-WB**

**GOWTHAM RAO,**
Defendant/Counterclaim-Plaintiff.

## EXHIBIT 2

### Jacob Oslick's July 31, 2026 scheduling email

**Reproduction note.** This exhibit reproduces the body of Jacob Oslick's message from the retained July 31 forwarded-email export, reformatted for ease of reference. The reproduced wording, punctuation, and party labels are unchanged. Paragraph numbers are editorial; line wrapping, spacing, and email-formatting marks are normalized. Earlier quoted correspondence, the contact-signature block, and the confidentiality footer are omitted. The source email export is retained for comparison.

**From:** Oslick, Jacob <JOslick@seyfarth.com>
**Date shown:** July 31, 2026, 10:14 a.m.
**To:** Gowtham Rao <gowthamrao@gmail.com>; Mike Beck <Mike_Beck@paed.uscourts.gov>
**Cc:** Yu, James <JYu@seyfarth.com>; Christoff, Matthew <MChristoff@seyfarth.com>
**Subject:** RE: EPAM Systems, Inc. v. Rao, No. 2:25-cv-06260-WB – Request to Establish Briefing Schedule (ECF No. 58)

Mr. Beck,

**Email ¶ 1**
We represent Plaintiff/Counter-Defendant EPAM Systems, Inc. in this matter. For purposes of clarity, Mr. Rao contacted us at 3:52 p.m. yesterday regarding his extension request, and demanded a response by 11:00 a.m. this morning (see the attached). While there was no reason for such a rush, we fully intended to respond by that time. But Mr. Rao then jumped the gun by writing you this morning, before his own self-imposed deadline. Thus, while Mr. Rao writes that we had “not indicated a position” (which could be interpreted as us neither consenting nor opposing), it is more accurate to state that we had not yet responded at all. Pursuant to Judge Beetlestone’s Policies and Procedures, Mr. Rao should have contacted us, provided us with sufficient time to indicate whether we consented to his request, and then filed his application as a motion, or, if the parties reached an agreement of some kind, as a letter or a stipulation. (See Policies and Procedures, Civil Cases, Sec. II.)

**Email ¶ 2**
In terms of his request, Mr. Rao is mistaken when he contends that the Court's prior order did not set an opposition deadline or a page limit. In fact, the Court's order stated that Mr. Rao's opposition was due August 19, and that he would have the same 30 pages for his opposition that we had for our opening brief. (ECF #52). Plaintiff appears to have known this, as he asked us yesterday for a two-week extension – a request that does not make sense if Mr. Rao did not know his opposition deadline.

**Email ¶ 3**
All that said, we do not oppose a reasonable extension, so long as we are not prejudiced. But Mr. Rao's proposal would prejudice us. If EPAM received the same one-week to reply as the current schedule, that would make its reply due September 8. This would place much of our reply time over Labor Day Weekend. I am EPAM's primary attorney on this matter, and already have plans to take my son camping on a Cub Scouts trip that weekend. As a result, I will be unavailable from Friday, September 4 through Monday, September 7. Further, the hearing on EPAM's motion is currently set for September 16. Because this hearing will require extension preparation, presumably by all parties, pushing back our reply date further is not much of an option so long as the current hearing date sticks.

**Email ¶ 4**
In order to accommodate Plaintiff's requested date, we suggest that the Court adjourn the September 16 hearing date, with the Court providing a list of alternative dates in late-September or early-October, and the parties' reporting back on a date after confirming the availability of their witnesses. The Court could then set Mr. Rao's opposition deadline for September 1, and give us until September 15 to reply.

**Email ¶ 5**
Alternatively, if the Court prefers to stick with the current September 16 hearing date, then we ask that Plaintiff's request be granted only in part, with his opposition due August 26 (a one-week extension). Under this approach, EPAM would still have only one week to reply, making its reply due September 2. That would give the parties two weeks after the motion is fully briefed to prepare for the September 16 hearing.

Respectfully submitted,
Jacob Oslick