**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**EPAM SYSTEMS, INC.,**
Plaintiff/Counterclaim-Defendant,

v.

**Civil Action No.**
**2:25-cv-06260-WB**

**GOWTHAM RAO,**
Defendant/Counterclaim-Plaintiff.

# EXHIBIT 4

## Discovery responses, production, and iDS correspondence

**Reproduction note.** These excerpts are reformatted for ease of reference from retained email exports and the served RFP-response PDF. The reproduced wording and punctuation are unchanged. Section labels are editorial; line wrapping, spacing, and typeface are normalized. Email times are Eastern Daylight Time. Unrelated passages, signatures, and quoted earlier chains are omitted except where identified below. The source email exports and served PDF are retained for comparison.

### § I. Rao's service emails

#### A. August 28, 2026, 5:30:29 p.m. — Rao; RFA responses

Attached please find Defendant and Counterclaim-Plaintiff Gowtham Rao's Responses and Objections to Plaintiff's First Set of Requests for Admission (Nos. 1–18), served today, August 28, 2026, by electronic mail pursuant to Rule 5(b)(2)(E) and the parties' consent to electronic service.

#### B. September 1, 2026, 1:20:25 p.m. — Rao; interrogatory answers

Attached please find Defendant and Counterclaim-Plaintiff Gowtham Rao’s Answers and Objections to Plaintiff’s First Set of Interrogatories and the accompanying privilege log, served today, September 1, 2026, by electronic mail pursuant to Federal Rule of Civil Procedure 5(b)(2)(E) and the parties’ written consent to electronic service.

#### C. September 5, 2026, 5:01:30 p.m. — Rao; RFP responses and production

Attached please find Defendant and Counterclaim-Plaintiff Gowtham Rao’s Responses and Objections to Plaintiff EPAM Systems, Inc.’s First Request for the Production of Documents (Nos. 1–70), together with the redaction log those Responses describe, served today, September 5, 2026, by electronic mail pursuant to Federal Rule of Civil Procedure 5(b)(2)(E) and the parties’ written consent to electronic service.

At 5:03:45 p.m., Rao sent the follow-up attaching the response and redaction-log PDFs:

These PDFs are uploaded to Kiteworks. I'm attaching them here for your additional convenience.

## § II. Correspondence about the iDS collection and production format

### A. August 20, 2026, 4:18:18 p.m. — Counsel for EPAM; iDS-production proposal

Regarding the documents housed in the iDS space, we currently have limited control over those documents. If you give consent for iDS to prepare a production of all documents within the database in native format, along with all extracted text and available metadata fields, to Seyfarth, we will consider your production obligations satisfied for the documents that are presently available to Seyfarth within the database. Similarly, we will consider your production obligations satisfied for any additional documents processed into that database by iDS (such as the 79,000 documents that you have represented you have released, and that we ask iDS to make available to us if, in fact, those documents are made available), as long as those documents are also produced to Seyfarth in the same manner. Obviously, there are a significant number of other sources that may contain responsive documents and information that are not within the iDS database available to Seyfarth, including documents collected by iDS in December 2025 that were not identified for processing at the time, any documents or information that were created, modified, or sent after the iDS collections in December 2025, or documents and information from sources that were not previously identified or collected (such as Generative AI platforms).

### B. September 2, 2026, 11:22:04 a.m. — Rao; format and iDS proposals

Format. I cannot afford the vendors you named. I have prepared the production in the form you asked for — searchable Bates-stamped PDFs, natives for spreadsheets and media, extracted text, and DAT/CSV load files with your Instruction 7 fields plus SHA-256 — using my own software (prefix GRAO, to avoid confusion with iDS's RAO numbers). If you find a discrepancy once you have it, tell me and I will adjust it; I ask for reasonable accommodation as a pro se party producing without a vendor.

iDS. I do not consent to iDS delivering "all documents within the database." That population is overwhelmingly false-positive and nonresponsive, and EPAM already has in Relativity everything it chose to promote. What I will consent to is targeted extraction from the forensic images under criteria I define, which my responses will describe; I will share the criteria with you before iDS runs them, and iDS's fees are EPAM's under Protocol § V(a). If EPAM prefers not to use that route for any category, tell me and I will confer.

**C. September 4, 2026, 10:10:48 a.m. — Counsel for EPAM; inline replies**

Reply to the format paragraph:

This should be fine, but if we have difficulty reading the materials you sent us, or certain data is not accessible, we may need to reassess. We won't know this until we get your production.

Both reply paragraphs concerning iDS:

Please send us your responses and objections. If materials are responsive, they must be produced to EPAM in a manner which enables us to have full access to all documents subject to discovery, not the partial access that we currently have to certain documents. Further, the subset of documents that we originally sought to promote is not coextensive with what is discoverable. We further note that, although you represented to the Court, under penalty of perjury, that you released 84,000 documents to us, those representations were false – you have refused to release anything beyond the initial set we sought to promote.

We proposed a production from iDS as a cost-effective way to produce documents that are already in the database, but are open to other ways. What we oppose is you, unilaterally, imposing "criteria" which will decide what documents we will obtain and under what format we receive them. If material is discoverable, we are entitled to it – it cannot be unilaterally withheld. But, without seeing your criteria, we cannot say more right now.

**§ III. Production method and EPAM's acknowledgment**

**A. September 5, 2026 served RFP responses, Production Method and the December 12 Image, pages 7–9 (selected passages)**

Volume and form. With these responses I am producing volume GRAO_PROD_000, Bates-numbered GRAO000001 through GRAO007203 (7,203 pages; 1,956 documents), as text-searchable Bates-stamped PDFs, with natives for spreadsheets, messages, audio, git bundles, and media, document-level extracted text, DAT/CSV load files carrying the fields in Instruction No. 7 and SHA-256 values, and a request-to-Bates map (REQUEST_PRODUCTION_MAP.csv) that identifies the Request or Requests to which each document responds (Instruction No. 4; Rule 34(b)(2)(E)(i)).

What I produce. For these Requests the iDS collection is not the source of production. I respond to these Requests from what I hold. For each Request I have identified responsive documents from my recollection and a reasonable search of the sources I now have, whatever their date, and I produce them under GRAO numbers in the form stated in paragraph 1.

Which copy controls. A document produced from my sources today is the copy as I now keep it; the copy that existed on December 12, 2025 is in the December 12 image, and where the two differ the copy in the December 12 image controls.

**B. September 8, 2026, 10:16:31 p.m. — Counsel for EPAM; second body paragraph of the hearing-exhibit email**

That said, you produced over 7500 pages of documents, including several hours of alleged recordings, over the weekend. We did not know about these documents when we exchanged emails on Friday, and we have not fully gone through them. We are reviewing them, and reserve the right to add additional exhibits to the extent they are germane to the question of spoliation and/or to use these documents for impeachment purposes.