**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **EPAM SYSTEMS, INC.,**<br>**Plaintiff/Counterclaim-Defendant,**<br><br>**v.**<br><br>**GOWTHAM RAO,**<br>**Defendant/Counterclaim-Plaintiff.** | **CIVIL ACTION**<br><br>**NO. 25-6260** |

**O R D E R**

**AND NOW**, this 10th day of September, 2026, upon consideration of Defendant's Unopposed Motion for Leave to File Exhibit I to the Declaration of Gowtham Rao Under Seal (ECF Nos. 63, 65), **IT IS HEREBY ORDERED** that Defendant's Motion is **DENIED**.[1]

**BY THE COURT:**

**S/ WENDY BEETLESTONE**

**WENDY BEETLESTONE, C.J.**

---

[1] Attached to his Response in Opposition to Plaintiff's Motion for Sanctions, Defendant Gowtham Rao ("Rao") filed a Declaration, setting forth his account of the facts surrounding his former employment with EPAM and the present litigation. The Declaration includes a placeholder for what Rao dubs "Exhibit I"—a document containing his clinical medical records, which he seeks to file under seal.

*In re Avandia*, explains that once a document "has been filed with the court. . . or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings," 924 F.3d 662, 672 (3d Cir. 2019) (quoting *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001)), it becomes a judicial record and " a presumption of access attaches." *Id.* This presumption can, however, be rebutted, if a movant shows that: (1) "the material is the kind of information that courts will protect[;]" and, (2) "disclosure will work a clearly defined and serious injury to the party seeking [secrecy]." *Id.*

There is a "long recognized the right to privacy in one's medical information," *Doe v. Delie*, 257 F.3d 309, 315 (3d Cir. 2001). Courts, therefore, will often protect such information, and give particular weight to the privacy interests of third parties. *See Funkhouser v. Delaware Cnty.*, 2026 WL 1971265 at *4-5 (E.D. Pa. July 8, 2026); *c.f. McCowan v. City of Philadelphia*, 2021 WL 3737204 at *5 ("The justification for sealing . . . identifying information of nonlitigants . . . cannot apply with equal force to a document discussing the parties and the substantive issues in the action before us."). But, where a party affirmatively places his own medical information at issue to establish or defeat an element of a claim, that privacy interest is diminished. *See, e.g.*, *Funkhouser*, 2026 WL 1971265 at *4-5.

---

Here, Rao appears to place the contents of these records directly at issue in his defense to the spoliation motion, maintaining that they provide evidence of his "state of mind during the exact period at issue" and "corroborate[] the early-morning timing of the events at issue." Insofar as Roa wishes to rely on these documents in the upcoming hearing, and he determines that they are both relevant to his defense and necessary to be presented for the Court's consideration, sealing is not warranted.