# EXHIBIT 2

**From:** Gowtham Rao <gowthamrao.litigation@gmail.com>
**Sent:** Friday, August 14, 2026 2:19 PM
**To:** Oslick, Jacob
**Cc:** Gowtham Rao; Sarah Lugar; Christoff, Matthew; Etwaru, Simone
**Subject:** Re: EPAM v. Rao: Proposed Second Amended Complaint

**This Message Is From an External Sender**
This message came from outside your organization.

Jacob,

I do not consent to the filing of the proposed Second Amended Complaint. EPAM must seek leave from the Court.

Unlike your implications, consent in this case has costs. I decline for four reasons.

**1. Consent is procedurally ineffective.** The central purpose of the SAC is to add CoReason, Inc. as a defendant. Rule 15(a)(2) consent runs only between existing parties. Joining a new party requires an order under Rule 21. I appear in this action *pro se* in my individual capacity. I am not counsel. In this Circuit, a corporation may appear in federal court only through licensed counsel. *Simbraw, Inc. v. United States*, 367 F.2d 373 (3d Cir. 1966). I have no authority to take a litigation position for CoReason. CoReason has not been served. EPAM must move regardless of my answer.

**2. The Court has already sequenced this case.** The Court entered the May 21 order (ECF 49) on consent. That order dismissed both motions to dismiss (ECF 43, 46) without prejudice. It permits refiling thirty days after a decision on the spoliation motion. A new thirteen-count pleading unwinds that structure. It restarts pleading practice before the September 16 hearing has even occurred.

**3. The schedule prejudices a new defendant.** Fact discovery closes September 30, 2026 (ECF 27). The evidentiary hearing is September 16. The Court denied my request for additional time to respond to EPAM's sanctions motion (ECF 59). Adding a new corporate defendant six weeks before the discovery cutoff prejudices a party that has never appeared. It requires extending the schedule.

**4. The new counts are futile.** I will not brief the merits by email. But I will resolve these defects once on your motion, rather than after a second round of Rule 12 practice.

- **Tenth (Lanham Act).** EPAM pleads that CoReason's software was independently coded (¶¶ 214, 221). EPAM complains only that CoReason failed to credit EPAM. *Dastar* forecloses the use of § 43(a) to police the authorship of ideas or code. The count alleges an omission. The Lanham Act creates no duty to disclose intellectual ancestry.
- **Ninth, Eleventh, Thirteenth (Conversion, Unfair Competition, Unjust Enrichment).** These counts rest on the same factual nucleus as the trade secret counts. They are displaced by 12 Pa. C.S.A. § 5308(a).
- **Seventh (Tortious Interference).** EPAM imputes my knowledge to CoReason (¶ 187). EPAM then alleges CoReason induced me to breach my contract (¶ 188). A corporation cannot be a third party that induces its only relevant mind to breach his own contract.
- **Twelfth (Declaratory Judgment).** EPAM demands a declaration that it owns all of CoReason's intellectual property (¶ 251). This demand is untethered to any assignment or patent identified in the pleading.

I reserve all arguments and defenses. Nothing here waives them.

I will revisit consent to an amendment directed at me alone once the Court rules on the spoliation motion. This is consistent with the sequencing in ECF 49.

Gowtham Rao Defendant Pro Se

On Fri, Aug 14, 2026 at 12:11 PM Oslick, Jacob <JOslick@seyfarth.com> wrote:

> Gowtham,
>
> I'm writing to follow-up on the below. Please give us your position by the end of the day today. To be clear, we are not asking you to waive any substantive rights. Even if you consent to the filing of the Second Amended Complaint, you would retain the right to move to dismiss it, and/or to raise whatever arguments you like regarding it.
>
> Jacob
>
> **Jacob Oslick** | Counsel | Seyfarth Shaw LLP
> 620 Eighth Avenue | New York, New York 10018-1405
> Direct: +1-212-218-6480 | Mobile: +1-917-613-2523
> N.Y. Bar No. 4275699; Pa. Bar No. 311028
> JOslick@seyfarth.com | www.seyfarth.com
>
> Seyfarth
>
> CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.
>
> ---
>
> **From:** Oslick, Jacob
> **Sent:** Monday, August 10, 2026 9:14 PM
> **To:** Gowtham Rao <gowthamrao@gmail.com>; Gowtham Rao <gowthamrao.litigation@gmail.com>
> **Cc:** Sarah Lugar <sarah_lugar@epam.com>; Christoff, Matthew <MChristoff@seyfarth.com>; Etwaru, Simone <setwaru@seyfarth.com>
> **Subject:** EPAM v. Rao: Proposed Second Amended Complaint
>
> Gowtham,
>
> We intend to seek leave to file a Second Amended Complaint ("SAC"). Our proposed SAC is attached, along with a redline comparison between our proposed SAC and the Amended Complaint. As you see,

the proposed SAC asserts new factual allegations (a number of which are similar to the facts set forth in our spoliation motion), new claims, and seeks to add CoReason as an additional defendant.

Please let us know if you consent to the filing of the SAC, or if we will need to seek leave of court.

Jacob