**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EPAM SYSTEMS, INC.,<br>Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>GOWTHAM RAO, MD, PhD,<br>Defendant/Counterclaim-Plaintiff. | Civil Action No. 2:25-cv-06260-WB |

**DEFENDANT'S MOTION FOR LEAVE TO SUPPLEMENT THE RECORD ON PLAINTIFF'S MOTION FOR SANCTIONS (ECF NO. 58) CONCERNING THE AUGUST 10, 2025 DOCUMENT (OSLICK EXHIBIT 9), WITH DISCOVERY SERVED AFTER BRIEFING CLOSED**

I, Gowtham Rao, MD, PhD, the Defendant and Counterclaim-Plaintiff, appearing pro se, move under section IV.A of the Court's Policies and Procedures (at 7) for leave to file a short supplement to the record on EPAM's motion for sanctions: the submission attached as Exhibit 1; my supplemental declaration, attached as Exhibit 2, which identifies the underlying records by Bates number; the declaration of Dr. Sudeep Ghate, attached as Exhibit 3; the one-page Google Drive activity record attached as Exhibit 4; excerpts of my served discovery responses, attached as Exhibit 5; and the Google announcement attached as Exhibit 6. I also ask leave to present them at the September 16, 2026 evidentiary hearing. Because the grounds are short, this motion states them and is submitted as the motion and the supporting brief together under Local Civil Rule 7.1(c). In support, I state as follows.

**Background**

1. EPAM moved for sanctions on July 29, 2026 (ECF No. 58). I opposed on August 19, 2026 (ECF No. 62), and EPAM replied on August 26, 2026 (ECF No. 71). The evidentiary hearing is set for September 16, 2026 at 10:00 AM.

2. EPAM's motion relies on a document dated August 10, 2025, filed as Exhibit 9 to the Oslick Declaration (ECF No. 58-12), and on the declaration of Dmitrii Ilin (ECF No. 58-

25 ¶¶ 8-15). From those two sources EPAM argues that the document is a "step-by-step plan" for rebuilding Synapse that "was very likely generated by providing a generative AI program with highly confidential and proprietary information about Synapse," and that I "had no legitimate business reason for creating such a document." (ECF No. 58-2 at 13-14.)

3. EPAM's reply brief, filed August 26, 2026 in reply to my opposition (ECF No. 62), then states that "nowhere in Rao's brief, or his 30 page declaration, or his 11 page 'Scope Appendix' does Rao supply such a reason." (ECF No. 71 at 10.) That reply was the last brief on the motion. Under section IV.A of the Policies I could not answer it without leave, and I have not answered it.

4. Mr. Ilin, a Lead Software Engineer at Odysseus Data Services, describes Synapse as software he has coded for about the past year (ECF No. 58-25 ¶¶ 1, 6). My served position is that the deliverable Mr. Ilin describes was built for Takeda under a Master Services Agreement that EPAM's legal team read in September 2025 to mean "everything we build belongs to Takeda" (ECF No. 62-30 ¶ 17; ECF No. 33 ¶¶ 215-220), and that the proposed EPAM Synapse concept described in Oslick Exhibit 9 (ECF No. 58-12) was, as far as I know and remember, never built.

5. After EPAM filed its reply, I served four sets of discovery responses. They state the reason the document was created, and they identify the records that show how it was created: my Responses to EPAM's First Set of Requests for Admission (August 28, 2026), my Responses to EPAM's First Request for Production (September 5, 2026), my First Supplemental Responses to that Request (September 7, 2026), and my Second Supplemental Answers to EPAM's First Set of Interrogatories (September 7, 2026),

together with production volumes GRAO_PROD_000 and GRAO_PROD_001. Those records include the Google Drive activity record and version history of the August 10, 2025 document; the research document generated earlier that day, which was among its inputs; the three GitHub repositories and the coding-agent session generated from it that evening; and the record of the document's sharing with an EPAM employee the same evening. They also include the six archives bearing the Takeda-Synapse project's name that I found in my OneDrive, which hold GitLab template README files and deployment configuration and no application code (GRAO001507–GRAO001512).

6. The EPAM Systems India employee with whom I shared the document, Dr. Sudeep Ghate, has now declared that I gave him editor access to the "Research - Agents" document on Sunday, August 10, 2025, India time, editor access to the "Synapse architecture" document on Monday, August 11, 2025, India time, and a link to the GitHub repository for the work (Exhibit 3 ¶¶ 4-6).

**Good Cause**

7. Good cause exists. EPAM's opening brief argued that I had no legitimate business reason for creating the document, and its reply argued that my opposition supplied none. The responses that state the reason and identify the records were served on August 28, September 5, and September 7, 2026, after briefing closed, so they were not before the Court with my opposition, and the Policies did not allow me to answer the reply without leave. They were made under Rule 26(g) and, as to Request for Admission No. 9, under Rule 36.

8. I also ask the Court to excuse the timing of this motion. I located and analyzed the records while responding to EPAM's First Request for Production, served August 10,

2026, which required me to search my personal Google account, my GitHub account, and my OneDrive folder, and to compare what I found against EPAM's exhibits. I served the analysis and the records on September 5 and 7, 2026, in the same period in which I was answering EPAM's requests for admission and interrogatories, and I assembled this submission afterward. Obtaining Dr. Ghate's declaration also took time: he is a nonparty who lives in India, and his signed declaration reached me on September 14, 2026. I am self-represented and have brought this motion as soon as I could.

9. The records bear on the questions the Court must decide under Rule 37(e). On the threshold question and on prejudice under Rule 37(e)(1), they show that for the August 10, 2025 work, the origin, the inputs identified in my responses, the tools, the times, the output, and the disclosure are in the record and can be tested against EPAM's Synapse without any activity artifact from the desktop. On intent under Rule 37(e)(2), they bear on the motive EPAM attributes to me from this document. My discovery requests to EPAM on the same points are pending, with responses due September 15 through 28, 2026 (Requests for Admission Nos. 88, 110-118, 127, 159-162, 174-175, and 177; Requests for Production Nos. 1-7, 37-38, 42, 46-47, and 52-53; Interrogatories Nos. 1-5 and 11-12).

10. The records also bear on EPAM's motion to seal and to close the courtroom (ECF No. 60), which I opposed (ECF No. 66) and to which EPAM has replied (ECF No. 73). EPAM's motion and reply rest the sealing of Oslick Exhibit 9 (ECF No. 58-12) on Mr. Ilin's description of it as a "comprehensive, step-by-step plan" for recreating Synapse (ECF No. 60 at 2; ECF No. 73 at 6-7). The records show the document's inputs, its output in public repositories under an Apache-2.0 license, and its disclosure to an EPAM

employee the same evening. They support my position that EPAM has not shown reasonable measures to preserve secrecy (ECF No. 66 at 2-3), and I ask that the Court consider the supplement on that motion as well.

11. EPAM is not prejudiced by the supplement. It has held the responses since August 28, September 5, and September 7, 2026, and the produced records since September 5 and 7, 2026. Exhibit 1 draws on those responses and productions, on Dr. Ghate's declaration (Exhibit 3), which is served with this motion, and on a public Google announcement (Exhibit 6). EPAM may respond at the hearing or on any schedule the Court sets. Exhibit 1 is five pages, double-spaced in 12-point type, except that its record table is set single-spaced in 10-point type. I ask the Court to accept it within the five-page limit for a sur-reply brief under section IV.A of the Policies or, if the Court prefers the table in 12-point type, to allow the one additional page that change adds. The served responses it cites are reproduced in Exhibit 5 with their caption and signature pages, and the public announcement it cites is Exhibit 6, printed with its address together with an Internet Archive capture. In the public copy of Exhibit 5, the names of two individuals who are not parties to this action are covered where they appear in the text of Requests for Admission Nos. 1 and 8, because EPAM's motion to seal asks the Court to protect the identities of nonparties it refers to as Executives #1 through #3 and I proposed continuing that convention in any exhibit displayed publicly (ECF No. 66 at 1). The copies served on EPAM are unredacted, and I will provide an unredacted copy to the Court on request.

12. Because EPAM's motion to seal contends that Oslick Exhibit 9 (ECF No. 58-12) and related material contain trade secrets, I do not place the underlying records on the public docket with this motion, with one exception. Exhibit 4 is the one-page Google Drive

activity record for the August 10, 2025 document (GRAO007391). It shows the document's title, its creation and sharing on August 10, 2025, an edit on August 13, 2025, and the access restriction of November 2, 2025, and nothing of the document's contents. Every other record is identified by Bates number, and the repositories are identified by their public addresses.

13. I maintain my opposition to EPAM's motion to seal (ECF No. 66) and object, on the same grounds, to sealing the records identified in Exhibits 1 and 2. I withhold them from the public docket now only because that motion is pending. Under the Court's Policies and Procedures, "The Court will only approve confidentiality or sealing orders for good cause shown." (Policies at 6.) The records are records from my personal accounts, code that was public under an Apache-2.0 license, and six archives that hold GitLab template text and deployment configuration. I would prefer to file them on the public docket, and I ask leave to do so if the Court permits or EPAM does not object. Otherwise I will provide copies to the Court in camera or under seal, as the Court directs.

**Relief Requested**

14. I ask the Court to enter the proposed Order submitted with this motion, granting leave to file Exhibits 1 through 6 as a supplement to the record on ECF No. 58, permitting me to present them and the records they identify at the September 16, 2026 hearing, permitting me to file those records on the public docket unless EPAM objects and, if it objects, to provide them in camera or under seal, and permitting me to rely on the supplement in opposition to ECF No. 60. In the alternative, I ask to be permitted to offer the records at the hearing through my testimony.

Dated: September 14, 2026

Respectfully submitted,

/s/ Gowtham A. Rao
Gowtham A. Rao, MD, PhD
Defendant and Counterclaim-Plaintiff, pro se
184 Mansgrove Rd., Princeton, NJ 08540
Telephone: (803) 386-7890
gowthamrao.litigation@gmail.com

**Exhibits**

**Exhibit 1:** The August 10, 2025 document (Oslick Exhibit 9, ECF No. 58-12): my served explanation and the records that accompany it.

**Exhibit 2:** Supplemental Declaration of Gowtham Rao, MD, PhD, Identifying the Produced Records Concerning the August 10, 2025 Document (Oslick Exhibit 9), my declaration identifying the records by Bates number.

**Exhibit 3:** Declaration of Dr. Sudeep Ghate, executed at Mangaluru, India on September 14, 2026 under 28 U.S.C. § 1746(1) and served on EPAM with this motion. Dr. Ghate, the EPAM Systems India employee with whom the document was shared on August 10, 2025, is identified in my interrogatory answers of September 1 and 7, 2026. He cannot travel to the hearing and is willing to answer questions by video if the Court permits.

**Exhibit 4:** Google Drive activity record for the August 10, 2025 document, as produced to EPAM on September 7, 2026 (GRAO007391; one page). Its footer carries the "CONFIDENTIAL" legend that my production applied to every page of that volume. As the producing party, I withdraw that designation for this exhibit.

**Exhibit 5:** Excerpts of my served discovery responses concerning the August 10, 2025 document, cited in Exhibit 1: my Responses to EPAM's First Set of Requests for Admission (August 28, 2026), my Responses to EPAM's First Request for Production (September 5, 2026), my First Supplemental Responses to that Request (September 7,

2026), and my Second Supplemental Answers to EPAM's First Set of Interrogatories (September 7, 2026), each with its caption page and signature page. In this public copy the names of two individuals who are not parties to this action, which appear in the text of Requests for Admission Nos. 1 and 8 on pages 1 and 4 of Part A, are covered, as paragraph 11 explains. Nothing else is altered.

**Exhibit 6:** Google, "Jules, our asynchronous coding agent, is now available for everyone" (August 6, 2025), as printed from blog.google on September 14, 2026, with the Internet Archive capture of September 6, 2025.

**Records identified and not filed, all produced to EPAM:**

- the version-history and share-settings captures for the August 10, 2025 document (GRAO000448–GRAO000451, September 5, 2026);
- the "Research - Agents" document, its version-history captures, and its Google Docs captures (GRAO007214–GRAO007386; GRAO007392–GRAO007393; GRAO007387–GRAO007390 and GRAO007394–GRAO007399, September 7, 2026);
- the captures of the Jules session, the GitHub repository list, pull request 2, the branch list, and the Apache License 2.0 file (GRAO007208–GRAO007213, September 7, 2026);
- the complete git bundles and the Jules session archive (GRAO007204–GRAO007207, September 7, 2026); and
- the six Takeda-Synapse archives from my OneDrive (GRAO001507–GRAO001512, September 5, 2026), which my response to Request No. 1 designates Contested Materials under the Protocol.

The repositories are https://github.com/gowthamrao/synapse-core, https://github.com/gowthamrao/synapse-mcp-client, and https://github.com/gowthamrao/synapse-retrievers, in my personal GitHub account.

**Certificate of Service**

I certify that on September 14, 2026, I filed the foregoing Defendant's Motion for Leave to Supplement the Record on Plaintiff's Motion for Sanctions (ECF No. 58) Concerning the August 10, 2025 Document (Oslick Exhibit 9), With Discovery Served After Briefing Closed, with Exhibits 1 through 6 and the proposed Order, with the Clerk of Court using the CM/ECF system, that the document is available for viewing and downloading from that system, and that the CM/ECF system will serve notice of the filing electronically on all counsel of record, including counsel for Plaintiff:

Jacob Oslick, Esq. (joslick@seyfarth.com)
James S. Yu, Esq. (jyu@seyfarth.com)
Matthew Christoff, Esq. (mchristoff@seyfarth.com)
Brooke K. Gary, Esq. (brgary@seyfarth.com)
SEYFARTH SHAW LLP

/s/ Gowtham A. Rao
Gowtham A. Rao, MD, PhD
Defendant and Counterclaim-Plaintiff, pro se