**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **EPAM SYSTEMS, INC.,**<br>**Plaintiff/Counterclaim-Defendant,**<br><br>**v.**<br><br>**GOWTHAM RAO,**<br>**Defendant/Counterclaim-Plaintiff.** | **CIVIL ACTION**<br><br><br>**NO. 25-6260** |

**O R D E R**

**AND NOW**, this 15th day of September, 2026, upon consideration of Plaintiff's Motion to Seal (ECF Nos. 60, 73), and Defendant's Response in Opposition thereto (ECF No. 66), **IT IS HEREBY ORDERED** as follows:[1]

1. Plaintiff's Motion is **GRANTED** with respect to the sealing of Exhibits 9, 10, and 13;
2. Plaintiff's Motion is **DENIED** with respect to Exhibits 6, 7, and 8; and,
3. Plaintiff's Motion is **DENIED** with respect to closing the courtroom during portions of the September 16, 2026 Hearing.

**BY THE COURT:**

**S/ WENDY BEETLESTONE**

**WENDY BEETLESTONE, C.J.**

---

[1] Plaintiff EPAM Systems, Inc. ("EPAM") has filed a Motion to Seal, seeking permission to introduce a number of unredacted versions of exhibits under seal at the September 16, 2026, Spoliation Hearing and requesting courtroom closure for testimony regarding any information that it proposes to seal.

The documents EPAM seeks to seal are "judicial materials" to which there is a common law right to public access. *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). Although there is a presumption against sealing such documents, it can be overcome if a movant shows "that the interest in secrecy outweighs the presumption." *Id.* (quoting *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986)). Specifically, the movant must show that: (1) "the material is the kind of information that courts will protect[;]" and, (2) "disclosure will work a clearly defined and serious injury to the party seeking [secrecy]." *Id.* at 673 (quoting *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)).

To evaluate whether a document ought to be sealed, courts must engage in "[c]areful factfinding" and "balanc[e] . . . competing interests" on a "document-by-document" basis. *Id.* at 677 (citing *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 167 (3d Cir. 1993)). In the present case, EPAM wishes to seal three documents—Exhibits 9, 10, and 13—in their entirety, categorizing the information within them as either trade secret or confidential business and marketing information. The disclosure of this information, it argues, would provide EPAM's competitors with a roadmap to EPAM's proprietary technology or its sales and marketing strategy, competitive positioning, product differentiation, and commercialization efforts. EPAM also seeks to redact the names of certain executives from Exhibits 6, 7, and 8, arguing that disclosure might cause "substantial embarrassment and reputational injury" to these nonparty individuals.

With respect to the first category, the "protection of a party's interest in confidential commercial information, such as a trade secret," is one such widely recognized exception to the right of public access. *In re Gabapentin Patent Litig.*, 312 F. Supp.2d 653, 664 (D.N.J. 2004) (citation omitted); *see also In re Avandia*, 924 F.3d at 679 n.14 (noting that the protection of trade secrets is an exception to the presumption of public access); *Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059, 1073 (3d Cir. 1984) ("[A]n interest in safeguarding a trade secret may overcome a presumption of openness."). Such information encompasses "sources of business information that might harm a litigant's competitive standing," *In re Avandia*, 924 F.3d at 679, including, *inter alia*, "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Feenix Payment Sys., LLC v. Steel Cap. Mgmt., LLC*, 2021 WL 2587844, at *4 (D. Del. June 24, 2021) (quoting *Ruckelshaus v. Monsanto Co.,* 467 U.S. 986, 1001 (1984)). Exhibits 9 and 10 meet this standard. These documents contain descriptions of and references to the technical specifications of two EPAM technology products. The documents detail the backend architectural design of these products, the specifics of the technology stack, the internal processes that render the products unique, and the tools, processes, and AI prompts through which the products could be replicated.

So too is the second category of information—the confidential business and marketing materials reflected in Exhibit 13—the "kind of information that courts will protect." *In re Avandia*, 924 F.3d at 673; *see, e.g., Joint Stock Soc. v. UDV North America, Inc.*, 104 F. Supp.2d 390, 396 (D. Del. 2000) (explaining that strategic plans, potential advertising and marketing campaigns or financial information is the "type of sensitive commercial information . . . entitled to confidential protection"); *Invention Submission Corp. v. Taylor Mack Enters.*, 2021 WL 914290, at *3 (W.D. Pa. Mar. 10, 2021). In that Exhibit 13, EPAM's "Sales Battle Card," contains information about internal confidential marketing strategy, sales strategy, and EPAM differentiators vis-à-vis its competitors, the public disclosure of this information would be detrimental to EPAM's competitive positioning.

However, the final category of information that EPAM seeks to seal—the identities of certain third-party executives set forth in Exhibits 6, 7, and 8—is not the sort of information that courts will protect. Mere embarrassment, especially in the context of business communications, is insufficient to overcome the presumption of public access. *In re Avandia*, 924 F.3d at 679; *see also Publicker Indus.*, 733 F.2d at 1074 (explaining that courts generally should not seal evidence of "bad business practices").

In addition to the common law right of access which attaches to judicial records, the public also has a First Amendment right of access in court proceedings. *In re Avandia*, 924 F.3d at 673. The First Amendment right of access presents an even higher burden than the common law right of access, requiring the party to demonstrate "an overriding interest in excluding the public based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* EPAM has not made that showing.