**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

-------------------------------------------------------------------x

| | | |
|---|---|---|
| EPAM SYSTEMS, INC.,<br>Plaintiff, Counter Claim Defendant | : | Civ. A. No. 2:25-cv-06260-WB |
| - against - | : | |
| GOWTHAM RAO (pro-se), | : | |
| Defendant, Counter Claim Plaintiff | : | |

-------------------------------------------------------------------x

**DEFENDANT GOWTHAM RAO'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

I, Gowtham Rao, appearing *pro se*, respectfully move under Federal Rule of Civil Procedure 12(b)(6) to dismiss all seven counts of Plaintiff EPAM Systems, Inc.'s First Amended Complaint (FAC), ECF 37. The accompanying Memorandum of Law states the grounds, and the Proposed Order states the requested relief.

The Court's May 21, 2026 Order dismissed the parties' earlier motions without prejudice and permitted refiling within thirty days of the spoliation decision. ECF 49 ¶ 3, at 1. On September 16, 2026, following an evidentiary hearing, the Court denied EPAM's motion for terminating and spoliation sanctions with prejudice. ECF 86 at 1. This motion is timely submitted within that period.

Plaintiff EPAM Systems, Inc.'s First Amended Complaint fails as a matter of law across all seven counts:

**1. Counts I and II (DTSA and PUTSA).** EPAM groups approximately 44,960 files under a collective term without distinguishing the claimed trade secrets from other confidential information. ECF 37 ¶¶ 1, 33, 74. Even if the named tools' code or a defined compilation is adequately identified, the additional information claimed in Counts I and II requires discernible boundaries. ECF 37 ¶¶ 21–24, 34–35, 76, 94, 107; *Oakwood Labs. LLC v. Thanoo*, 999 F.3d 892, 905–06 (3d Cir. 2021); *IQVIA Inc. v. Breskin*, 2023 WL 2588450, at *4 (E.D. Pa. Mar. 20, 2023). For client-owned information, Count I also requires EPAM's legal or equitable title or license. 18 U.S.C. § 1839(4). Separately, I challenge whether the FAC adequately pleads improper acquisition outside authorized duties and the policy's conditions, or plausibly connects the identified information to use, disclosure, or threatened misuse. ECF 37 ¶¶ 24, 36, 45, 74–80, 94–99, 107–112; ECF 37-3 §§ 3.14, 3.21, at 16–17, 26–27. These are separate statutory routes; lack of actual use does not by itself defeat an adequately pleaded improper-acquisition claim.

**2. Counts IV–VII (Common-Law Torts).** Section 5308 displaces these claims to the extent based on trade-secret misappropriation. The memorandum separately addresses unjust enrichment, including compensation for alleged disloyalty, and the causal injury required for Count IV. ECF 37 ¶¶ 83, 129–131, 147–149. For Counts V and VI, *TCS Black Label Realty, LLC v. Serhant Pennsylvania, LLC*, 352 A.3d 528, 545–46 & n.14 (Pa. Super. Ct. 2026), supports dismissal of claims for the alleged digital property under Pennsylvania law. ECF 37 ¶¶ 72, 133–145. The Pennsylvania arguments apply to claims governed by Pennsylvania law, subject to any applicable choice-of-law determination.

**3. Count III (Breach of Contract).** The ECA excludes specified public and community information and limits copying to authorized duties or consent. ECF 37-1 §§ 1(b), 1(d), at 2–3. The FAC must identify covered information, adequately plead conduct outside the agreement's

permissions or a breach of the return obligation, and connect the breach to resultant injury. ECF 37 ¶¶ 118–125; *VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003). I challenge the sufficiency of those allegations; conditional permission does not establish that every download complied, and loss of a client or profit is not the only possible injury.

**4. Requested Disposition and Amendment.** I request dismissal of Counts I and II with prejudice under Rule 15(a), based on the continuing identification problem and prejudice from expanding an undefined claim as discovery closes. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). EPAM has described a download listing and a neutral forensic process that provided opportunities to define its claim. ECF 3-4 ¶ 10; ECF 25 at 7. If the Court finds a defect curable, I request the limited leave stated below, with any request to change the schedule decided separately. ECF 27 ¶ 1.

WHEREFORE, I respectfully request that the Court enter an order: 1. Dismissing Counts I and II with prejudice; 2. In the alternative, dismissing Counts I and II to the extent they rest on information the FAC fails to identify adequately as a trade secret, with any curative leave subject to paragraph 5; 3. Dismissing Count III for failure to plead an actionable breach or resultant damages; 4. Dismissing Counts IV, V, VI, and VII to the extent displaced by § 5308 and on the separate grounds in the memorandum, including the Pennsylvania property rule for Counts V and VI; and 5. If amendment is permitted, allowing fourteen (14) days to cure the deficiencies identified by the Court. For Counts I and II, EPAM should identify its claimed information by filename, repository path, document identifier, or a comparably specific description of a defined compilation; distinguish it from information protected only by contract; and plead facts supporting secrecy, economic value, and a statutory route of misappropriation. For client-owned information under Count I, it should identify its title or license. The existing schedule should

remain in effect unless separately modified; requests to add parties or claims, including ECF 80, should be decided separately.

A proposed Order is submitted with this motion.

**Dated:** September 22, 2026

**Respectfully submitted,**

/s/ Gowtham A Rao, MD, PhD

**Gowtham A Rao, MD, PhD** *Pro Se*
184 Mansgrove Rd, Princeton, New Jersey 08540
803-386-7890 · gowthamrao@gmail.com