**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EPAM SYSTEMS, INC.,<br>Plaintiff, Counterclaim-Defendant | : | Civ. A. No. 2:25-cv-06260-WB |
| - against - | : | |
| GOWTHAM RAO and COREASON, INC.,<br>Defendants. | : | |
| GOWTHAM RAO,<br>Counterclaim-Plaintiff, | : | |
| - against - | : | |
| EPAM SYSTEMS, INC.,<br>Counterclaim-Defendant. | : | |

**DEFENDANT GOWTHAM RAO'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

**ORAL ARGUMENT REQUESTED PURSUANT TO POLICIES § IV.C**

I respectfully move on my own behalf under Federal Rule of Civil Procedure 12(b)(6) to dismiss certain of the claims asserted against me in EPAM's Second Amended Complaint (SAC), ECF No. 93. I appear *pro se* and seek no relief on behalf of corporate co-defendant CoReason, Inc., including on Count VII, which is asserted against CoReason alone. ECF No. 93 ¶¶ 188–195, at 40–41. This motion tests the legal sufficiency of the SAC and the express terms of the agreements attached to it; it does not ask the Court to resolve disputed facts about how any software was developed.

**Procedural Posture**

On September 24, 2026, the Court granted EPAM leave to amend (ECF No. 91). EPAM filed its Second Amended Complaint on September 28 (ECF No. 93), and the Court denied my motion directed to the First Amended Complaint as moot (ECF No. 95). I now move to dismiss the SAC.

**Scope of Motion**

This motion does not seek dismissal of Counts Three, Four, Five, Six, or Thirteen. I do not concede liability on those counts, and reserve all defenses for responsive pleadings, summary judgment, and trial.

**Grounds for Dismissal**

The accompanying memorandum explains the grounds for this motion:

1. **Counts One and Two (DTSA and PUTSA — Trade Secret Scope and Statutory Ownership, ECF No. 93 ¶¶ 121–153, at 28–34):** EPAM identifies the ETL Conversion Kit, AI Cohort Generator, and AI Accelerator, including MedRag and Synapse, along with compilation categories and six SharePoint recipes (ECF No. 93 ¶¶ 24–28, at 7–8; ¶¶ 37–38, at 9–10; ¶¶ 63–68, at 16–17; ¶ 95, at 23; ¶¶ 112–114, at 27). Under *Alpha Card Services LLC v. Toombs*, No. 25-cv-04907, 2026 WL 1161448, at *9–10 (E.D. Pa. Apr. 29, 2026), that identification prevents whole-count dismissal on specificity grounds. EPAM cannot expand its trade-secret claims simply by pointing to the number of downloaded files or describing them under broad omnibus labels (*IQVIA, Inc. v. Breskin*, No. 22-1088, 2023 WL 2588450, at *4 (E.D. Pa. Mar. 20, 2023)). I ask the Court to limit Counts One and Two to the alleged trade secrets EPAM describes in the SAC. EPAM should not be allowed to expand those claims to files or categories of information it has

not described (*Section IV.A of the accompanying memorandum*).

Separately, to the extent Count One asserts client-owned trade secrets for which the SAC does not plausibly allege that EPAM holds rightful legal or equitable title or a license under 18 U.S.C. § 1839(4) (ECF No. 93 ¶ 4, at 2; ¶ 39, at 10; ¶ 95, at 23; ¶ 97, at 23; Prayer ¶ 3, at 52), it fails to state a federal claim, warranting dismissal without prejudice with fourteen days' leave to plead title or license (*Section IV.B of the accompanying memorandum*).

2. **Counts Eight, Nine, and Eleven (Common-Law Property Torts, ECF No. 93 ¶¶ 196–211, 229–247, at 41–43, 46–49):** Under Pennsylvania law as pleaded by EPAM, 12 Pa. C.S. § 5308(a) displaces common-law tort and restitution remedies predicated on trade-secret misappropriation (*Section IV.D.1 of the accompanying memorandum*). Independently, under *TCS Black Label Realty, LLC v. Serhant Pa., LLC*, 352 A.3d 528, 545–46 (Pa. Super. Ct. 2026), replevin (Count Eight, ECF No. 93 ¶¶ 196–202, at 41–42) and conversion (Count Nine, id. ¶¶ 203–211, at 42–43) are strictly confined to tangible property or intangible rights merged into a physical document. Because EPAM seeks the return of electronic files and digital data stored on personal devices and accounts (id. ¶¶ 198, 204–205, at 41–42), and concedes that it received its company computer on October 31, 2025 (id. ¶ 91, at 22) with no other physical chattel identified, Counts Eight and Nine fail as a matter of law and should be dismissed with prejudice (*Section IV.D.2 of the accompanying memorandum*).

3. **Count Ten (Lanham Act False Advertising, 15 U.S.C. § 1125(a)(1)(B); ECF No. 93 ¶¶ 212–228, at 43–46):** Under *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 34–38 (2003), and *Parks, LLC v. Tyson Foods, Inc.*, 863 F.3d 220, 226–27, 229

(3d Cir. 2017), Section 43(a)(1)(B) does not create an attribution requirement for software concepts, ideas, or code origin. Because EPAM pleads no false statement regarding the nature, characteristics, or qualities of commercial goods, its attribution and origin theory (ECF No. 93 ¶¶ 213–227, at 43–46) fails as a matter of law, warranting dismissal with prejudice, with leave to amend confined to an identified product-characteristic representation (*Section IV.E of the accompanying memorandum*).

4. **Count Twelve (Declaratory Judgment, 28 U.S.C. § 2201; ECF No. 93 ¶¶ 248–256, at 50):** The Court should decline discretionary declaratory relief under *State Auto Insurance Cos. v. Summy*, 234 F.3d 131, 133–34 (3d Cir. 2000). I ask the Court to dismiss Paragraphs 253 and 255 without prejudice as to me to the extent they seek a transfer of title based solely on statutory trade-secret misappropriation. ECF No. 93 ¶¶ 253, 255, at 50. In addition, Paragraph 254 (id. ¶ 254, at 50) duplicates the declaratory relief already sought in Count Four (id. ¶ 171, at 37) as to me (*Section IV.F of the accompanying memorandum*).

WHEREFORE, I respectfully request that the Court enter an order:

1. **Counts One and Two (Trade Secrets):** Dismissing Counts One and Two (ECF No. 93 ¶¶ 121–153, at 28–34) to the extent they assert trade-secret subject matter not identified in ¶¶ 25–28, 37–38, 63–68, 95, and 113 of the Second Amended Complaint (at 7–8, 9–10, 16–17, 23, 27); and dismissing Count One without prejudice to the extent it asserts client-owned trade secrets for which the SAC does not plausibly allege that EPAM holds rightful legal or equitable title or a license under 18 U.S.C. § 1839(4) (¶ 4, at 2; ¶ 39, at 10; ¶ 95, at 23; ¶ 97, at 23; Prayer ¶ 3, at 52) with fourteen (14) days' leave to plead title or license;

2. **Counts Eight and Nine (Replevin and Conversion):** Dismissing Counts Eight and Nine (ECF No. 93 ¶¶ 196–211, at 41–43) with prejudice as to all electronic copies of information, digital files, and intangible computer data;

3. **Count Ten (Lanham Act False Advertising):** Dismissing Count Ten (ECF No. 93 ¶¶ 212–228, at 43–46) with prejudice to the extent based on failure to identify EPAM as the author or source of ideas, concepts, or software (Paragraphs 213–227, at 43–46); granting fourteen (14) days' leave to amend limited to an identified product-characteristic representation under 15 U.S.C. § 1125(a)(1)(B); and leaving any distinct commercial-rights, licensing, or title allegations in Paragraphs 222–226 pending;

4. **Count Eleven (Common-Law Unfair Competition):** Dismissing Count Eleven (ECF No. 93 ¶¶ 229–247, at 46–49) with prejudice under 12 Pa. C.S. § 5308(a) to the extent predicated on trade-secret misappropriation (Paragraphs 230–242, 244); and leaving Paragraphs 243 and 245 (at 49) pending;

5. **Count Twelve (Declaratory Judgment):** Dismissing Paragraphs 253 and 255 (ECF No. 93 ¶¶ 253, 255, at 50) without prejudice as to me to the extent grounded solely on statutory trade-secret misappropriation; and dismissing Paragraph 254 (id. ¶ 254, at 50) as duplicative of the declaratory relief sought in Count Four (id. ¶ 171, at 37) as to me; and

6. **Scope of Adjudication:** Confirming that this Order adjudicates only the claims asserted against Defendant Gowtham Rao and does not adjudicate any claim against Defendant CoReason, Inc. (including the joint counts and Count VII, ECF No. 93 ¶¶ 188–195, at 40–41); and confirming that my Counterclaims (ECF No. 33) remain pending.

A proposed Order is submitted with this motion. Pursuant to Section IV.C of the Court's Individual Policies and Procedures, I respectfully request that the Court schedule oral argument on this Motion to address the dispositive legal questions governing the statutory scope of trade secrets, the tangible property bar to conversion, and the Lanham Act attribution limits.

**Dated:** October 1, 2026

**Respectfully submitted,**

/s/ Gowtham A Rao, MD, PhD

**Gowtham A Rao, MD, PhD** *Pro Se*
184 Mansgrove Rd, Princeton, NJ 08540
803-386-7890 · gowthamrao@gmail.com