**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EPAM SYSTEMS, INC.,<br>Plaintiff, Counterclaim-Defendant<br><br>- against -<br><br>GOWTHAM RAO and COREASON, INC.,<br>Defendants. | Civ. A. No. 2:25-cv-06260-WB |
| GOWTHAM RAO,<br>Counterclaim-Plaintiff,<br><br>- against -<br><br>EPAM SYSTEMS, INC.,<br>Counterclaim-Defendant. | |

**[PROPOSED] ORDER**

**AND NOW**, this ____ day of _____________, 2026, upon consideration of Defendant Gowtham Rao's Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), the accompanying Memorandum of Law, Plaintiff's response, any reply, and any oral argument held thereon, it is hereby **ORDERED** that the Motion is **GRANTED IN PART** as follows:

1. **Counts I and II (Trade Secret Scope & Statutory Ownership):**
   - Counts I and II (ECF No. 93 ¶¶ 121–153, at 28–34) are **DISMISSED** to the extent they assert trade-secret subject matter not identified in ¶¶ 25–28, 37–38, 63–68, 95, and 113 of the Second Amended Complaint (at 7–8, 9–10, 16–17, 23, 27), and otherwise proceed.
   - Count I (DTSA) is **DISMISSED WITHOUT PREJUDICE** to the extent it asserts client-owned trade secrets for which the Second Amended Complaint does not plausibly allege that EPAM holds rightful legal or equitable title or a license under 18 U.S.C. § 1839(4) (¶ 4, at 2; ¶ 39, at 10; ¶ 95, at 23; ¶ 97, at 23; Prayer ¶ 3, at 52). Plaintiff is granted fourteen (14) days from the date of this Order to

amend Count I solely to plead facts demonstrating EPAM's title or license under 18 U.S.C. §§ 1836(b)(1) and 1839(4).

2. **Counts VIII and IX (Common-Law Replevin and Conversion):**
   - Counts VIII and IX (ECF No. 93 ¶¶ 196–211, at 41–43) are **DISMISSED WITH PREJUDICE** as to all electronic copies of information, digital files, and intangible computer data.
3. **Count X (Lanham Act False Advertising):**
   - Count X (ECF No. 93 ¶¶ 212–228, at 43–46) is **DISMISSED WITH PREJUDICE** to the extent it alleges false advertising based on failure to identify EPAM as the author, creator, or source of ideas, concepts, or software;
   - Plaintiff is granted fourteen (14) days from the date of this Order to amend Count X solely to plead an identified, actionable false or misleading representation concerning the nature, characteristics, or qualities of commercial goods or services under 15 U.S.C. § 1125(a)(1)(B); and any distinct commercial-rights, licensing, or title claims alleged in Paragraphs 222–226 remain unadjudicated by this Order.
4. **Count XI (Common-Law Unfair Competition):**
   - Count XI (ECF No. 93 ¶¶ 229–247, at 46–49) is **DISMISSED WITH PREJUDICE** under 12 Pa. C.S. § 5308(a) to the extent it provides a common-law tort remedy predicated on trade-secret misappropriation (Paragraphs 230–242, 244, at 46–49).
   - The unfair competition claims predicated on the alleged third-party injunction risks (Paragraph 243, at 49) and alleged misuse of commercial materials (Paragraph 245, at 49) remain pending.
5. **Count XII (Declaratory Judgment):**
   - Count XII (ECF No. 93 ¶¶ 248–256, at 50) is **DISMISSED WITHOUT PREJUDICE** as to Defendant Rao insofar as Paragraphs 253 and 255 (at 50) seek a declaration that title to CoReason's technology passed to Plaintiff solely by reason of trade-secret misappropriation.
   - Paragraph 254 (at 50) is **DISMISSED** as to Defendant Rao as duplicative of Count IV (¶ 171, at 37).
6. **Scope of Order and Counterclaims Preserved:**
   - This Order adjudicates only the claims asserted against Defendant Gowtham Rao and does not adjudicate any claim against Defendant CoReason, Inc. (including the joint counts and Count VII, ECF No. 93 ¶¶ 188–195, at 40–41).
   - Defendant Gowtham Rao's Counterclaims (ECF No. 33) remain pending.

**BY THE COURT:**

---

**WENDY BEETLESTONE, C.J.**