**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EPAM SYSTEMS, INC.,<br>*Plaintiff/Counterclaim-Defendant*,<br><br>v.<br><br>GOWTHAM RAO, MD, PhD,<br>*Defendant/Counterclaim-Plaintiff*,<br>and<br>COREASON, INC.,<br>*Defendant*. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br>NO. 2:25-cv-06260-WB<br><br>**The Honorable Wendy Beetlestone, C.J.** |

**DEFENDANT DR. GOWTHAM RAO'S PRE-MOTION DISCOVERY DISPUTE SUBMISSION AND REQUEST FOR CONFERENCE PURSUANT TO LOCAL CIVIL RULE 26.1(f) AND CHAMBERS POLICIES § III.C**

October 10, 2026
**VIA ECF AND EMAIL TO CHAMBERS**
The Honorable Wendy Beetlestone, Chief Judge
United States District Court for the Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse, 601 Market Street, Courtroom 10-A, Philadelphia, PA 19106

**Re: *EPAM Systems, Inc. v. Rao*, Civil Action No. 2:25-cv-06260-WB — Request for Discovery Conference Concerning Confidentiality Framework and Production of Withheld Documents**

Dear Chief Judge Beetlestone:

Under Section III.C of Your Honor's Chambers Policies and Procedures (Civil Cases) and Local Civil Rule 26.1(f), I respectfully write to request an informal conference, by telephone or in person as the Court prefers, regarding discovery matters that remain unresolved following the September 30, 2026 close of fact discovery (ECF No. 27), and following EPAM Systems, Inc.'s ("EPAM") advice that it intends to move for a confidentiality protective order.

## I. Local Rule 26.1(f) Certification of Good Faith Conferral & Impasse

Pursuant to Eastern District of Pennsylvania Local Civil Rule 26.1(f) and Section III.C of Your Honor's Chambers Policies and Procedures, I hereby certify as of October 10, 2026, that the parties have conferred extensively in good faith to resolve the discovery issues described herein

without court action, but have reached an impasse. I am acutely mindful of Your Honor's instruction at the September 16, 2026 hearing that the parties should work out discovery matters between themselves rather than burdening the Court's docket (Sept. 16, 2026 Hr'g Tr. 9:9–10:11, 79:11–14). That is why the parties conferred extensively in person at the courthouse over three consecutive days (September 16, 17, and 18). Following EPAM's delivery of its third production volume (EPAM003) on September 23 containing placeholder slips, the parties conferred by telephone on September 25, October 2, and October 9, 2026, regarding the discovery issues detailed in my written correspondence of September 23, 26, and 30. Despite courteous discussions, we reached an impasse regarding the appropriate confidentiality framework and the production of responsive documents currently marked as withheld pending an agreement or order. True and correct copies of our correspondence are in my records and available whenever the Court wishes.

Following our October 2 conference, the parties jointly moved for a 60-day stay for settlement discussions (ECF No. 97), which the Court denied on October 7 (ECF No. 98). On October 8, EPAM suggested continuing discussions the following week, but on October 9 counsel advised that EPAM intends to seek a court-ordered protective order. Because fact discovery closed on September 30, 2026 (ECF No. 27) and case deadlines remain active, we respectfully seek the Court's guidance to resolve these remaining issues.

## II. The Core Discovery Matters for the Conference

### 1. Responsive Documents Withheld Pending Entry of a Protective Order

In its third production volume (EPAM003), delivered September 23, 2026, EPAM produced 29 placeholder slips within Bates range EPAM000225–284 marked "Withheld Pending Protective Order / Confidentiality Agreement". In its written RFP responses, EPAM similarly stated across 36 requests that it would produce responsive documents only "subject to an appropriate protective order or confidentiality agreement," withholding production in the interim.

To be clear, I do not seek raw custodian inboxes or unreviewed ESI; I seek the responsive business and personnel records that EPAM withheld behind these 29 placeholder slips, as well as the agreed categories EPAM offered to produce subject to confidentiality across its 36 conditional RFP responses.

I recognize that EPAM seeks confidentiality protections for certain business records. Under Eastern District of Pennsylvania practice, however, a party wishing to postpone producing responsive documents while seeking a protective order "must apply to the Court for a protective order." *Babyage.com, Inc. v. Toys "R" Us, Inc.*, 458 F. Supp. 2d 263, 264 (E.D. Pa. 2006) (Brody, J.); *see id.* at 266. On September 24, EPAM offered interim production of these documents subject to four email conditions, including limited recipients, closed-AI restrictions, and five business days' advance notice before filing any of those documents on the court docket, to permit a sealing application. I explained that I do not have the capacity to manage collateral private contracts that create procedural risks or traps for contempt for an unrepresented litigant, and that responsive discovery should proceed under the Federal Rules and entered court orders. I offered practical alternatives—such as virtual screenshare inspection and targeted redactions—but we have not reached agreement. Because fact discovery has closed and our meet-and-confer discussions have reached an impasse, I respectfully turn to the Court for guidance so that these responsive records can be produced promptly and safely.

**2. The Parties' September 18, 2026 Rolling Production Framework and Klebanov Deposition**

Following our September 16 court appearance, the parties met in person over three consecutive days at the courthouse (September 16, 17, and 18). On September 18, meeting in a conference room outside the courtroom with no court officer present, EPAM's Senior Director & Deputy General Counsel Sarah Lugar drafted the discovery framework in my presence and in

direct collaboration with me, and emailed it to me. In collaboration with counsel, I then immediately transmitted that agreed text to Courtroom Deputy Mike Beck as our joint statement:

> "Dear Mr. Beck,
> This email confirms that the parties have concluded our appearances as instructed by this Court.
> The parties have reached a stipulation on certain terms. Except as stated below there is no agreement on discovery extension and this topic is at impasse as Dr. Rao will not consider an extension under any terms. The parties stand by their previously stated positions and defer to this Court in case of any further instruction on that topic.
> • EPAM to produce documents through Dec. 31. Written RFP moved from 9/24 to 9/28.
> • EPAM agrees that document production will be done on a rolling basis, with no hold-backs (meaning no purposefully delayed production), in good faith. Parties agree to meet and confer regarding questions or disputes over the rolling production.
> • Dr. Rao will not take depositions of EPAM witnesses except for Greg Klebanov (who will be deposed Sept. 29) and Larry McKlaine (who will be deposed on a mutually agreeable date in Oct.) ...
> • Dr. Rao may rely on any subpoena response from already served requests prior to close of discovery to Gilead and Takeda, that are [received] by Dec. 31.
> • Both parties reserve all rights.
> There are no other discovery disputes that are ripe at this time."

On September 24, 2026, Mr. Beck relayed the Court's instruction to file the September 18 stipulation on the docket. The day before, however, EPAM had delivered volume EPAM003 containing 29 placeholder slips marked "Withheld Pending Protective Order." Because the September 18 text concluded with the sentence "There are no other discovery disputes that are ripe at this time," I was concerned that filing that text without explanation immediately after receiving 29 placeholder slips might unintentionally mislead the Court. I suggested filing the stipulation alongside a short status update, but counsel preferred filing only the original text as drafted. Rather than file separate or conflicting statements, we conferred further and jointly sought a 60-day stay (ECF No. 97), which the Court denied on October 7 (ECF No. 98).

In reliance on our framework, I proceeded on September 29, 2026, to depose my former supervisor, Gregory Klebanov—the only deposition I conducted in this matter (having

subsequently dropped the McKlaine deposition due to personal and financial constraints). Because responsive supervisory records had been withheld behind placeholder slips, I conducted the examination under express protest on the record and reserved my right to seek leave for a brief, targeted follow-up examination once those records are produced.

Additionally, EPAM's Interrogatory responses were signed solely by counsel without verification under oath by an officer or agent as required by Rule 33(b)(1)(B), (3), and (5). Counsel courteously agreed in writing on September 30 to supplement certain RFA responses by October 5 and separately confirmed that EPAM would secure an interrogatory verification; while counsel stated during our October 9 conference that both items would be provided by Monday, October 12, they remain outstanding as of this submission, and I ask that they be included in any court-directed schedule.

**3. Mutual Discovery Considerations Under Rule 26(b)(1)**

Discovery under the Federal Rules is mutual. *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958). In standard discovery, I produced extensive records without seeking a protective order, responding to broad inquiries into my startup, CoReason, Inc. For example, RFP 16 sought all documents concerning AI technology and software, including source code and development files, while RFP 26 requested all records concerning corporate formation and development. EPAM's Interrogatories were similarly sweeping: Interrogatory No. 2 asked to identify all individuals (other than attorneys) with whom I discussed any claim or defense, while Interrogatory No. 7 sought all communications with non-parties regarding CoReason's development, funding, and recruiting. In response, I served extensive verified sworn answers under penalty of perjury (Rule 33(b)), and produced business emails from my CoReason mailbox (gowtham.rao@coreason.ai), source code repositories, and operating files without seeking a protective order. Under principles of mutual discovery, ordinary employment and supervisory

records regarding my former position should likewise be produced under the Federal Rules without conditioning production on separate private contracts.

**4. Professional Courtesy, Trade Secret Considerations, and Practical Accommodations**

I emphasize that EPAM's counsel, Jacob Oslick, Esq. and Sarah Lugar, Esq., have treated me with genuine professional courtesy. Counsel explained that document volume and review costs make individualized review challenging, and that EPAM prefers a blanket protective order. However, responsive discovery under the Federal Rules should proceed without requiring a pro se party to enter into collateral private agreements.

To be completely clear: I do not want EPAM's trade secrets and have zero desire to use discovery for commercial benefit. I recognize it is entirely reasonable for EPAM to protect genuine trade secrets. But during his deposition on September 29, 2026, EPAM Vice President Gregory Klebanov testified that he did not know EPAM's specific definition of a trade secret (Tr. 295:5–11), while testifying regarding EPAM's codebase that "by definition any information should be treated as confidential" (Tr. 175:17–18). In practice, EPAM has applied that broad confidentiality presumption to ordinary personnel and employment records responsive to my requests, withholding them pending an umbrella confidentiality order without demonstrating that these specific employment files contain trade secrets or confidential commercial information under Rule 26(c)(1)(G).

I seek objective facts about my employment, not proprietary algorithms or code. I have repeatedly confirmed in writing and during conferences that I will use all discovery solely for this litigation, with zero intent to publicize, contact media, or compete. To address counsel's concerns constructively, I offered practical accommodations:

a. Virtual screenshare review with EPAM's counsel to inspect responsive facts without taking custody of files;

b. Document-by-document review with targeted redactions of non-party personal identifying information or sensitive material; and

c. In camera inspection by the Court if any specific document presents a sensitive concern.

Managing collateral private agreements presents substantial procedural risks for an unrepresented litigant. I simply seek to proceed under the standard framework of the Federal Rules and the Court's entered orders, consistent with Rule 1.

**III. Requested Relief**

I respectfully ask that the Court:

1. Schedule an informal discovery conference (by telephone or in person, as the Court prefers) pursuant to Chambers Policies (Civil Cases) § III.C.3 at the Court's earliest convenience;

2. Assist the parties in establishing a workable schedule and method for producing the responsive records represented by the 29 placeholder slips (EPAM000225–284) and the 36 requests conditioned on confidentiality—incorporating my litigation-only commitment and practical screenshare accommodations—and directing EPAM to provide an executed verification under oath by an officer or agent for its Interrogatory answers (Rule 33(b)(1)(B), (3), (5)) and its promised supplemental RFA responses; and

3. If these matters cannot be resolved during the informal conference, grant leave to file formal discovery motions pursuant to Chambers Policies § III.C.4.

Dated: October 10, 2026

Respectfully submitted,

*/s/ Gowtham Rao, MD, PhD*

Dr. Gowtham Rao, MD, PhD
*Defendant Pro Se*
184 Mansgrove Rd
Princeton, NJ 08540
Telephone: (803) 386-7890
Email: gowthamrao@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2026, a true and correct copy of the foregoing Discovery Dispute Submission was filed electronically via the Court's CM/ECF system, which generates a Notice of Electronic Filing to all counsel of record, and served via electronic mail upon counsel of record for Plaintiff EPAM Systems, Inc.:

Jacob Oslick, Esq. (JOslick@seyfarth.com)
James Yu, Esq. (JYu@seyfarth.com)
Matthew Christoff, Esq. (MChristoff@seyfarth.com)
Seyfarth Shaw LLP, 620 Eighth Avenue, New York, NY 10018-1405
*Counsel for Plaintiff EPAM Systems, Inc.*

Dated: October 10, 2026

*/s/ Gowtham Rao, MD, PhD*

Dr. Gowtham Rao, MD, PhD
*Defendant Pro Se*
184 Mansgrove Rd
Princeton, NJ 08540
Telephone: (803) 386-7890
Email: gowthamrao@gmail.com