**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

EPAM SYSTEMS, INC.,
Plaintiff/Counterclaim-Defendant,

**CIVIL ACTION**
**NO. 2:25-cv-06260-WB**

v.

GOWTHAM RAO, MD, PhD,
Defendant/Counterclaim-Plaintiff.

# DEFENDANT'S EXHIBIT PX-31

***Dr. Rao Pre-Hire Proposed Restrictive Covenant Amendments (Community Engagement Exemption)***

Source / Locator: Bates GRAO000095 (3 pp.)
Date / Timestamp: 2024-11-08
Target Claims: Factual Background, Affirmative Defense, Bad Faith Fee-Shifting

Evidentiary Summary & Purpose:
Pre-hire written negotiation proposing Section 3 Community Engagement Exemption: scientific and open-source forums (OHDSI, AMIA, HIMS, ACP) exempt from covenants; software treated as public knowledge, not proprietary to EPAM.

*Authentication & Admissibility:*
*Authenticated pursuant to Fed. R. Evid. 901 and 28 U.S.C. § 1746 in Part IX (¶ 51) of the Declaration of Dr. Gowtham Rao, MD, PhD in Support of Motion for Leave to File First Amended Counterclaims.*

## Proposed Amendments to Restrictive Covenants

1. **Scope Limitation on Client Employment Post-Termination**
   **Amendment Request**:
   Add an exception allowing post-employment roles with non-competitive clients. Specifically: upon termination of employment, the Employee may engage as an employee, contractor, fiduciary, or owner with EPAM Group clients whose primary business does not align directly with digital transformation services. The restrictive covenant shall not apply to engagement with clients whose core business functions, do not constitute direct competition with EPAM Group's digital transformation services, such as Johnson & Johnson, Pfizer, BlueCross BlueShield, CVS Health and Health System.

   **Justification**:
   This modification acknowledges that certain industries—specifically healthcare, pharmaceutical, and insurance—engage in digital transformation as a supporting function rather than a core competitive business focus, minimizing potential conflict with EPAM's core market.

2. **Medical Practice Exception**
   **Amendment Request**:
   Add a provision excluding clinical medical practice from restrictive covenants. Specifically: activities related to the practice of medicine, including medical leadership roles or services, shall be exempt from restrictive covenants, both during and after employment.
   **Justification**:
   The Employee's role at EPAM does not require a medical license or involve clinical decision-making. As a licensed physician, maintaining active clinical practice is essential for professional credentials, including license renewal, which falls outside EPAM's business scope.

3. **Community Engagement Exemption**
   **Amendment Request**:
   Include an exemption for scientific or professional community engagement. Engagements within open, collaborative community forums, such as those in health informatics and data science (e.g., OHDSI, AMIA, HIMS, American College of Physicians), will be outside the bounds of restrictive covenants. Any information (including software) shared or obtained in these forums will be treated as public knowledge, not proprietary to EPAM.

   **Justification**:
   Participation in open knowledge-sharing forums is crucial for professional development and industry contribution. Given the public nature of these communities, any proprietary considerations should not apply, ensuring alignment with industry standards and fostering ongoing professional engagement.

4. **Narrowing Definition of Client and Prospective Client**
   **Amendment Request**:
   Limit the application of restrictive covenants to EPAM Odysseus clients ~~where the Employee held primary EPAM Odysseus profit and loss responsibility~~ within the 12 months preceding employment termination.
   **Justification**:
   Defining client relationships based on direct engagement over the prior year provides a reasonable and clear basis for applying post-employment restrictions, focused on the clients where the Employee had substantial impact and responsibility.

## Involuntary Termination Clause

1. **Non-Applicability of Restrictive Covenants for Involuntary Termination**
   **Amendment Request**:
   Specify that in cases of involuntary termination, the restrictive covenants, including non-compete provisions, will not apply except for direct competition of EPAM Odysseus explicitly IQVIA, Deloitte, <add as needed>..
   **Justification**:
   Being explicit for involuntary termination respects the employee's need for flexibility in finding alternative employment under unexpected conditions.

## Duration Modifications

1. **Reduction of Restrictive Period from 12 to 6 Months**
   **Amendment Request**:
   Reduce the restrictive period post-termination to 6 months instead of 12.
   **Justification**:
   Given the typical duration of client engagements in digital transformation projects, a 6-month period (double the average engagement duration) provides ample protection without imposing undue constraints on the Employee.

2. **Removal of Tolling Provision**
   **Amendment Request**:
   Eliminate the tolling provision, which extends restrictions if any violation occurs.
   **Justification**:
   This provision is overly broad and can lead to ambiguous interpretations. Removing it aligns the restrictive covenants with enforceable, time-bound limitations that remain clear and transparent.

3. **Reduction in Prospective Client Look-Back Period**
   **Amendment Request:**
   **Limit the restrictive covenant's application to prospective clients with whom EPAM had active engagement only within the 6 months prior to the Employee's**

**termination.**

**Justification:**

**The high turnover of prospective clients within the life sciences and healthcare sectors makes a 6-month look-back period more practical and relevant than a longer duration.**