**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EPAM SYSTEMS, INC.,<br>Plaintiff/Counterclaim-Defendant, | **CIVIL ACTION**<br>**NO. 2:25-cv-06260-WB** |
| v. | |
| GOWTHAM RAO, MD, PhD,<br>Defendant/Counterclaim-Plaintiff. | |

# DEFENDANT'S EXHIBIT PX-39

***Composite Exhibit: Compilation of EPAM / Seyfarth Discovery Transmittals & 29 Withheld Slipsheets (Tabs A-E)***

Source / Locator: Transmittals & Bates EPAM000225-0284 (Tabs A-E)
Date / Timestamp: Aug. 31 - Oct. 1, 2026 & Bates EPAM000225-0284
Target Claims: Count II (DJ), Prayer Item D (Bad Faith Fees & Sanctions)

Evidentiary Summary & Purpose:
Tabs A-D: Compilation of EPAM / Seyfarth Discovery Transmittals and Position Statements. Tab E: 29 'Withheld Pending Protective Order' slipsheets (EPAM000225-0284) unilaterally withheld without privilege log.

*Authentication & Admissibility:*
*Authenticated pursuant to Fed. R. Evid. 901 and 28 U.S.C. § 1746 in Part IX (¶ 51) of the Declaration of Dr. Gowtham Rao, MD, PhD in Support of Motion for Leave to File First Amended Counterclaims.*

# COMPOSITE EXHIBIT: COMPILATION OF EPAM / SEYFARTH DISCOVERY TRANSMITTALS & 29 WITHHELD SLIPSHEETS (TABS A–E)

| | |
|---|---|
| **Exhibit Type:** | **Composite Discovery Correspondence (Tabs A through D)** |
| **Counsel Involved:** | Jacob Oslick & Matthew Christoff (Seyfarth Shaw LLP) to Dr. Gowtham Rao |
| **Date Range:** | August 31, 2026 through October 1, 2026 |
| **Evidentiary Purpose:** | Concession of Production Without Protective Order; Admission of Embarrassment Motivation; Waiver of Confidentiality |

## TAB A: Matthew Christoff Email (September 29, 2026) — Production Notice Conceding Production Without Protective Order

---
Gmail-ID: "1a0ebaaf5626c7bb"
Message-ID: "
<SABPR22MB996881C7B7BCE961212CA0C3C6A68C2@SABPR22MB996881.namprd22.prod.outlook.com>"
Date: "Tue, 29 Sep 2026 05:37:04 +0000"
From: "\"Christoff, Matthew\" <MChristoff@seyfarth.com>"
To: "Gowtham Rao <gowthamrao@gmail.com>, Gowtham Rao <gowthamrao.litigation@gmail.com>"
Cc: "\"Oslick, Jacob\" <JOslick@seyfarth.com>, \"Comer, Madeline\" <mcomer@seyfarth.com>, \"Glidden, Lorelei\" <lglidden@seyfarth.com>, \"Christoff, Matthew\" <MChristoff@seyfarth.com>, \"Etwaru, Simone\" <setwaru@seyfarth.com>, \"Gary, Brooke\" <brgary@seyfarth.com>"
Bcc: ""
Reply-To: ""
Subject: "EPAM v. Rao - Production Sets"
In-Reply-To: ""
---

Readable derivative of [2026-09-29_EPAM v. Rao - Production Sets_1a0ebaaf5626c7bb.eml](2026-09-29_EPAM%20v.%20Rao%20-%20Production%20Sets_1a0ebaaf5626c7bb.eml). The EML is the original source.

Hi Gowtham,
You should have recently received an invitation to Seyfarth's Kiteworks platform that will allow you to download a supplemental production spanning EPAM002181 - EPAM002814. Additionally, this link will allow you to download a supplemental production of documents collected by iDS from your devices and accounts spanning RAODEVICES-ACCOUNTS000001 - RAODEVICES-ACCOUNTS024519. These documents are being produced without an existing protective order or confidentiality agreement in place due to the fact that these documents are already in your possession, custody, or control - either maintained on your devices and/or accounts or available directly within iDS' Relativity database. For your convenience, the filenames of each document correspond to the "Control Number" field within iDS' Relativity database in native format and you should refer to the corresponding metadata located in that database associated with iDS' collection and processing.
If this is the first time you are accessing Kiteworks, your username will be your email address and you will be prompted to set your own password.
I would appreciate if you could confirm you have received access, as I did receive a notification that the gowthamrao@gmail.com<mailto:gowthamrao@gmail.com> account may not have been granted access, but it does appear

the gowthamrao.litigation@gmail.com<mailto:gowthamrao.litigation@gmail.com> account did receive access.
The following is a direct link to the download folder:
https://kiteworks.seyfarth.com/w/f-75ea42ac-eba0-43a8-942d-d22057bf405c
Please note that the production has been placed into a password-protected ZIP file that uses strong encryption. You may receive an error message indicating the files are corrupt if you attempt to use Microsoft Windows to decrypt the password-protected ZIP file. This is due to the fact that Microsoft Windows cannot properly decrypt ZIP files that use strong encryption. There are a number of standard (and free) utilities that can handle strong encryption, including 7-Zip, PeaZIP, and WinRAR.
The passwords for today's productions are as follows:

1. EPAM002181 - EPAM002814: PsmIBfGuzer4ovY8
2. RAODEVICES-ACCOUNTS000001 - RAODEVICES-ACCOUNTS024519: P3~xJ9@fL6!wS8

Please let me know if you have any issues accessing Kiteworks.
Thanks,
Matt

Matthew Christoff | Partner | Seyfarth Shaw LLP
eDiscovery and Information Governance, EnCE
233 S. Wacker Drive | Suite 8000 | Chicago, Illinois 60606-6448
Direct: +1-312-460-5315
MChristoff@seyfarth.com | www.seyfarth.com

[https://www.seyfarth.com/dir_docs/publications/Seyfarth_Logo_Signature.png]

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---

## TAB B: Jacob Oslick Email (October 1, 2026) — Admission That Confidentiality Is Sought to Avoid Embarrassment

---
Gmail-ID: "1a0f953cf92c0ea8"
Message-ID: "
<DSVPR22MB466914EB359115AD009B62E026C88A2@DSVPR22MB466914.namprd22.prod.outlook.com>"
Date: "Thu, 01 Oct 2026 21:15:44 +0000"
From: "\"Oslick, Jacob\" <JOslick@seyfarth.com>"
To: "Gowtham Rao <gowthamrao@gmail.com>, Gowtham Rao <gowthamrao.litigation@gmail.com>"
Cc: "Sarah Lugar <Sarah_Lugar@epam.com>, \"Christoff, Matthew\" <MChristoff@seyfarth.com>, \"Comer, Madeline\" <mcomer@seyfarth.com>, \"Gary, Brooke\" <brgary@seyfarth.com>, \"Glidden, Lorelei\" <lglidden@seyfarth.com>"
Bcc: ""
Reply-To: ""
Subject: "RE: EPAM Systems, Inc. v. Rao, No. 2:25-cv-06260-WB — Comprehensive Discovery Deficiency Notice and Meet-and-Confer Demand"
In-Reply-To: "
<AMBPR03MB11846CDAEB46E0C8FE91F1877F78A2@AMBPR03MB11846.eurprd03.prod.outlook.com>"

---

Readable derivative of [2026-10-01_RE EPAM Systems, Inc. v. Rao, No. 225-cv-06260-WB_1a0f953cf92c0ea8.eml](2026-10-01_RE%20EPAM%20Systems%2C%20Inc.%20v.%20Rao%2C%20No.%20225-cv-06260-WB_1a0f953cf92c0ea8.eml). The EML is the original source.

Gowtham,

We are available to meet at 2 p.m. tomorrow. In response to the below, you have provided essentially 15-pages of dense, very difficult to understand single-spaced text. A lot of it, I simply do not understand, although I am doing my best. In the interests of advancing the ball, I am not going to go through and provide a point-by-point refutation of every instance in which you have misrepresented either our prior discussions or the substance of our discovery responses. Instead, I think it is helpful in advance of tomorrow to put forth a few general principles:

1. Confidentiality: As we've repeatedly told you, we need confidentiality protections. It is axiomatic that in a case involving the misappropriation of trade secrets and other confidential information, and while you are running a competitive business, that we cannot produce such documents without confidentiality protections – essentially enabling you to negate the very relief we seek. Your informal assurances that you will only use the documents for litigation purposes, while maintaining that those assurances do not constitute a formal agreement, are insufficient, particularly as you refuse to agree to any limits on who you will share the documents with. Further, we read some of your language below as containing an implicit threat that you might use information that we provide for purposes of "embarrass[ing]" EPAM or its employees. The simplest solution would be for you to agree to reasonable restrictions. Since you refuse, rather than go back-and-forth and waste more time, we suggest sending the communication to Mr. Beck that we proposed yesterday. If the Court approves a protective order, the issue is resolved. Please confirm your agreement to the email I shared. Or, I can represent that you would not entertain agreeing to any message on the topic.

1. Interrogatories: Our objections are well-founded, and not a surprise. As we repeatedly told you during oral meet-and-confers (including between Sep 16-18 at the courthouse), you did not serve 19 interrogatories. You served 19 general topics, with scores of discrete, independent questions underneath. You wildly exceeded the 25 interrogatory limit. Notwithstanding that, if you can identify a reasonable number of discrete questions that you want answered, then – solely to put this issue to bed – we will consider your proposal. A discrete question is exactly that. It is not 15-20 lines of difficult to decipher text, filled with numerous subparts asking different questions.

For example, as a sign of good faith, below you ask us to supplement the damages interrogatory with greater specificity about which damages are sought in connection with which claims. As part of a package deal that resolves all disputes and avoids motion practice, that is something we will consider (irrespective of whether we believe supplementation is required). But a compromise proposal must be "reasonab

---

## TAB C: Jacob Oslick Email (September 28, 2026) — Withholding Discovery Pending Confidentiality Agreement

---
Gmail-ID: "1a0e846f8ac06295"
Message-ID: "
<DSVPR22MB466914D3AE23C6542BD78A1716C88D2@DSVPR22MB466914.namprd22.prod.outlook.com>"
Date: "Mon, 28 Sep 2026 13:48:38 +0000"
From: "\"Oslick, Jacob\" <JOslick@seyfarth.com>"
To: "Gowtham Rao <gowthamrao@gmail.com>, Gowtham Rao <gowthamrao.litigation@gmail.com>"
Cc: "\"Christoff, Matthew\" <MChristoff@seyfarth.com>, \"Yu, James\" <JYu@seyfarth.com>, \"Glidden, Lorelei\" <lglidden@seyfarth.com>, \"Comer, Madeline\" <mcomer@seyfarth.com>, \"Etwaru, Simone\" <setwaru@seyfarth.com>, \"Gary, Brooke\" <brgary@seyfarth.com>, Sarah Lugar <Sarah_Lugar@epam.com>"
Bcc: ""
Reply-To: ""
Subject: "RE: EPAM v. Rao — proposed notice concerning the September 18 stipulation and discovery status"
In-Reply-To: "
<AMBPR03MB11846CF429C4A931CFF3F1185F78E2@AMBPR03MB11846.eurprd03.prod.outlook.com>"
---

Readable derivative of [2026-09-28_RE EPAM v. Rao - proposed notice concerning the Se_1a0e846f8ac06295.eml](2026-09-28_RE%20EPAM%20v.%20Rao%20-%20proposed%20notice%20concerning%20the%20Se_1a0e846f8ac06295.eml). The EML is the original source.

Gowtham,

EPAM did not condition your request to postpone Mr. Klebanov's deposition on a 3 month discovery extension. During our multi-day meet-and-confer at the Courthouse, EPAM requested a mutual extension of discovery in the case. We first requested 6 months. We then requested 3 months. We even discussed 1 month. You declined and said you would absolutely not agree to any extension. You said you would not negotiate on this. EPAM then requested movement of just depositions, including your deposition and Mr. Klebanov's, to just October, to allow for time for both parties to prepare. EPAM expressly pointed out that written discovery was ongoing and that keeping Mr. Klebanov noticed for Sept. 29 would mean you would not have all relevant documents produced yet given the amount of ESI needing to be reviewed and produced. You said you did not need it and would not change your deposition date or Mr. Klebanov's dates, even just to delay them to October.

The stipulation reached at the meet-and-cover allows EPAM to engage in rolling document production through Dec. 31. This was required because the amount of ESI needing to be reviewed and prodcued could not be complete by Sept. 30. You conditioned your agreement on the extension of just production of documents in the case to EPAM not objecting to your further third party subpoena requests beyond the end of the discovery period and to Seyfarth faciliating some initial deposition arrangement discussions with Vertitext on your behalf, which was done.

You have now requested to move Mr. Klebanov's deposition date to October. Your rationale is that you'd like to continue to receive documents from EPAM's ESI production before that deposition. This rationale was expressly raised by EPAM as a reason to permit both parties to adjourn depositions to October. You refused. Notwithstanding, EPAM offered to consent to

adjourn Mr. Klebanov's deposition conditioned on your agreement not to object to EPAM's taking discovery of CoReason and non-parties through end of December. To be clear, CoReason is now a party to this case, which will almost certainly require an extension of discovery as to CoReason and non-parties. So EPAM asked for very little – merely your agreement to not oppose discovery that EPAM is almost certainly entitled to, in an effort to avoid future motion practice. EPAM was clear this would not involve new discovery requests to you in your personal capacity. Just as you have extended time to procure third party discovery, EPAM would have that same ability. You refused and said your request for allowance to take Mr. Klebanov's deposition in October is a unilateral demand. You said this was one-way and you would not agree to anything else. EPAM therefore did not consent to the adjournment of the deposition.

Our offer to adjourn Mr. Klebanov's deposition past September 29 in exchange for you not

---

## TAB D: Jacob Oslick Emails (August 31 & September 2, 2026) — Asserting Absence of Protective Order to Share Forensic Images

---
date: 2026-08-31T13:02:47Z
from: JOslick@seyfarth.com
to: gowthamrao.litigation@gmail.com, gowthamrao@gmail.com
cc: Sarah_Lugar@epam.com, MChristoff@seyfarth.com, lglidden@seyfarth.com, mcomer@seyfarth.com
subject: RE: EPAM Systems, Inc. v. Rao, No. 2:25-cv-06260-WB (E.D. Pa.) — Meet and Confer: Handling of Protocol-Derived Materials
gmail_message_id: 1a057ea950a703e6
gmail_thread_id: 1a0004219a07e1c4
attachments: (none listed)
privilege_flag: NONE (correspondence with opposing counsel)
preservation_note: Retrieved read-only from the litigation mailbox gowthamrao.litigation@gmail.com through the Gmail API on 2026-09-04 (plain-text body; quoted earlier messages retained as sent); NOT native MIME.
---

Gowtham,

As you note below, the Stipulated Forensic Inspection Protocol specifically permits use of the documents for “purposes of this Litigation.” Further, as you correctly note, “[n]o protective order has been entered in this case, and no attorneys'-eyes-only designation governs these materials.” Despite the above, we spent an exceedingly long amount of time meeting-and-conferring with you, in an attempt to resolve your frivolous (abandoned in the below) contentions that: (1) the documents were made available to Seyfarth on an attorneys’ eyes basis; and (2) Seyfarth could not show them to any witnesses, such as EPAM employees, without your blessing. Because you still maintained those contentions, the parties took the dispute to the Court. As you know, the Court then refused to decide it – concluding that it did not have jurisdiction to interpret or enforce the Stipulated Forensic Inspection Protocol. Accordingly, EPAM has followed (and intends to continue to follow) the plain text of the Protocol, which permits usage of the documents for “purposes of this Litigation.” EPAM has not, and will not, use the documents for non-litigation purposes.

We will confirm that no documents will be used, except for “purposes of this Litigation.” Further, consistent with the Pennsylvania Rules of Professional Conduct, all case documents and communications about same are being preserved.

Otherwise, we will not answer your assorted questions below, nor agree to "confirm" anything. Each of your inquiries seek information protected by the attorney-client privilege and the work product doctrine. Put bluntly, you are not entitled to any information about what documents we've chosen to show to potential witnesses, which witnesses we've chosen to show documents to, when those witnesses were shown documents, how these documents were provided – or anything else. Nor are you entitled to purport to restrict us from showing documents to witnesses for litigation purposes. As we have previously communicated, we will not litigate this matter with one hand tied behind our back. And nothing in the Protocol requires that.

You are welcome to seek whatever relief from the Court you feel is appropriate. However, because the Court has already refused to decide this issue, concluding that it lacked jurisdiction, any attempt to seek court relief would be frivolous. Accordingly, we intend to seek fees if you go that route.

Finally, both Exhibits 9 and 10 were clearly generated using EPAM trade secrets and/or confidential information. And Exhibit 13 consists of a MedRag + Synapse "Sales Battle Card," prepared for "Internal Use Only." Claims of "ownership" of information that you pilfered from EPAM, either directly or in derivative form, are egregiously bad faith.

Jacob

Jacob Oslick | Counsel | Seyfarth Shaw LLP
620 Eighth Avenue | New York, New York 10018-1405
Direct: +1-212-218-6480 | Mobile: +1-917-613-2523
N.Y. Bar No. 4275699; Pa. Bar No. 311028
JOslick@seyfarth.com | www.seyfarth.com

[https://www.seyfarth.com/dir_docs/publications/Seyfarth_Logo_Signature.png]

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication

# Withheld Pending Protective Order / Confidentiality Agreement

# Withheld Pending Protective Order / Confidentiality Agreement

# Withheld Pending Protective Order / Confidentiality Agreement

# Withheld Pending Protective Order / Confidentiality Agreement

# Withheld Pending Protective Order / Confidentiality Agreement

# Withheld Pending Protective Order / Confidentiality Agreement

# Withheld Pending Protective Order / Confidentiality Agreement